IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR SEMINOLE COUNTY,
FLORIDA

CASE NO.: 01-CA-2432-16-W

H.T.E., INC.,

    Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.,

    Defendant.
_____/

### DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS AND TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND VENUE

Defendant, TYLER TECHNOLOGIES, INC., a Delaware Corporation, ("Tyler") pursuant to the provisions of Fla. R. Civ. P. 1.140 (b) respectfully moves the Court to enter an order quashing the purported service of process on it in this action pursuant to a Florida long-arm statute and dismissing the Complaint and the action on the grounds of (1) lack of personal jurisdiction over Tyler, and (2) improper venue, and on the following more particular grounds:

1.    Tyler is a Delaware corporation with its sole office and place of business located in Dallas, Texas. Affidavit of H. Lynn Moore, Jr. (the "Moore Affidavit").



2. Florida's long-arm statutes are to be strictly construed. *Pluess-Staufer Industries, Inc v. Rollason Engineering and Manufacturing, Inc.*, 635 So.2d 1070 (Fla. 5th DCA 1994).

3. In order to plead long-arm jurisdiction over Tyler the Plaintiff, H.T.E., Inc. ("H.T.E."), must allege either the language of the Florida long-arm statute under which it seeks to invoke jurisdiction or the specific facts that convey long-arm jurisdiction over Tyler. *Fasco Controls Corporation v. Goble*, 688 So.2d 1029 (Fla. 5th DCA 1997). If the jurisdictional allegations are insufficient the Court lacks personal jurisdiction over Tyler. *Suroor v. First Investment Corporation*, 700 So.2d 139 (Fla. 5th DCA 1997).

4. It is alleged in paragraph 3 of the Complaint that Tyler is "...operating and doing business in the State of Florida through substantial and not isolated activity." This language tracks only a portion of §48.181 (3), Fla. Stat. (2000). This conclusory allegation is refuted by the Moore Affidavit in which it is affirmed that Tyler (1) does no business in Florida; (2) does not conduct any activities in Florida; and (3) does not have an office, employees, agents or representatives in Florida.

5. Also, it is alleged in paragraph 3 of the Complaint that "... TYLER, by virtue of asserted ownership of the common stock of H.T.E., is subject to jurisdiction in the State of Florida."

6. Tyler's ownership of stock in H.T.E., a Florida corporation, is not sufficient to confer personal jurisdiction over Tyler. *W.R. Edwards, Jr. v Geosource, Inc.*, 473 So.2d 36 (Fla. 1st DCA 1985).

7. While Tyler does own stock in subsidiaries that do business in Florida, Plaintiff has not alleged this as a basis for personal jurisdiction. Furthermore, those subsidiaries have had nothing to do with the subject matter of this action, and Tyler does not exercise the requisite significant or high degree of control over them in order for this to provide a sufficient basis for subjecting Tyler to the long-arm jurisdiction of the Court. *Qualley v. International Air Service Company, Ltd.*, 595 So.2d 194 (Fla. 3rd DCA 1992).

8. Venue for an action brought in Florida against Tyler, a foreign corporation, would only be proper in a county where Tyler has an agent or other representative, where the cause of action accrued, or where the property in litigation is located. Sec. 47.051 Fla. Stat. (2000).

9. Tyler does not have an agent or representative in Florida, and there is no "property" in this litigation that is located in Florida. *See* Moore Affidavit.

10. This is a declaratory judgment action. In a declaratory judgment action there is no "cause of action" for venue purposes, and the court must look to the underlying relief sought. *Jacobs & Goodman, P.A. v. McLin, Burnsed, Morrison, Johnson & Robuck, P.A.*, 582 So.2d 98 (Fla. 5th DCA 1991).

11. In this action the underlying relief sought by Plaintiff is an order enforcing the redemption of the stock owned by Tyler in H.T.E. in exchange for a payment of money to Tyler. Tyler holds this stock in Dallas, Texas, and payment by HTE for the stock would be made to Tyler in Dallas, Texas. Accordingly, venue would be proper in Dallas, Texas. *Rea v. Compactor-Baler Services, Inc.*, 627 So.2d

3

488 (Fla. 2nd DCA 1993) and *Carter Realty Co. v. Roper Bros. Land Co., Inc.*, 461 So.2d 1029 (Fla. 5th DCA 1985). There is no county in Florida where venue would be proper.

_____
William B. Wilson, Esquire
Florida Bar No. 153167
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Suite 2600
Post Office Box 1526
Orlando, FL 32802-1526
Phone: (407)425-8500
Fax: (407)244-5288
Attorneys for Defendant,
Tyler Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail this 20th day of November, 2001, to Tucker H. Byrd, Esquire, Greenberg Traurig, P.A., 450 S. Orange Avenue, Suite 650, Orlando, FL 32801.

_____
William B. Wilson, Esquire

ORL1 #689463 v1