UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:01-cv-1366-Orl-31DAB

H.T.E., INC.,

    Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.,

    Defendant.
_____/

**DEFENDANT, TYLER TECHNOLOGIES, INC.'S, MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO QUASH SERVICE
OF PROCESS AND TO DISMISS COMPLAINT FOR
LACK OF PERSONAL JURISDICTION AND VENUE**

Defendant, TYLER TECHNOLOGIES, INC., a Delaware Corporation ("Tyler"), pursuant to the provisions of Local Rule 4.02(c), files this memorandum of law in support of its Motion to Quash Service of Process and to Dismiss Complaint For Lack of Personal Jurisdiction and Venue.

I.    **Statement of the Case:**

This is a declaratory judgment action brought by the Plaintiff, H.T.E., INC., a Florida corporation ("H.T.E."), seeking a declaration that its purported redemption pursuant to §607.0902(10), *Fla. Stat.* (2001), of 5,618,932 shares of common stock in H.T.E. owned by Tyler is valid, and seeking supplemental relief to enforce that redemption. The action was commenced by H.T.E. in the Circuit Court of the

Eighteenth Judicial Circuit, in and for Seminole County, Florida, and was removed by Tyler to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332 and §1441(a).

H.T.E.سsought to subject Tyler to the jurisdiction of the Florida court pursuant to a Florida long-arm statute (presumably §48.193(2)). Pending at the time of the removal of the action was Defendant's Motion to Quash Service of Process and to Dismiss Complaint for Lack of Personal Jurisdiction and Venue (Doc. No. 4), and a Supporting Affidavit of H. Lynn Moore (the "Moore Affidavit") (Doc. No. 5). Tyler seeks an order quashing the purported service of process on it and dismissing the complaint and the action on the grounds that there is a lack of personal jurisdiction over Tyler.[1]

II. **Statement of the Relevant Facts:**

Tyler is a Delaware corporation with its sole office and place of business located in Dallas, Texas. It does not have any offices, employees, agents or representatives located in the State of Florida. Tyler does not offer for sale or engage in the solicitation for sale of any products in the State of Florida and, in fact, does not do any business or conduct or engage in any activities in the State of Florida.[2] *See* Moore Affidavit, paragraphs 2 through 5. In 1999, Tyler acquired

---

[1] In accordance with the recent decision of the Eleventh Circuit Court of Appeals in *Hollis v. Florida State University*, 259 F.3d 1295, 1300 (July 30, 2001), once removed, pursuant to 28 U.S.C. §1441(a), the federal venue of this action was in the district where the state action was pending, and the portions of Tyler's motion attacking state court venue became moot. The Court, however, is free to transfer this action pursuant to 28 U.S.C. §1406(a) to the U. S. District Court of the Northern District of Texas, where both venue and personal jurisdiction would be proper. *Id.* at 1300.

[2] Tyler owns the stock of some separate corporations that do business in Florida (the "Subsidiaries"), but none of the Subsidiaries own any of the H.T.E. stock that is the subject matter of this action, and none of the Subsidiaries has any involvement with any H.T.E. stock or the subject matter of this action. The relationship between Tyler and the Subsidiaries is such that (a) their officers and

2

ownership of 5,618,932 shares of H.T.E. common stock. *See* Complaint, paragraph 5. (Doc. No. 1). In October, 2001, H.T.E.'s Board of Directors attempted to redeem Tyler's common stock purportedly pursuant to §607.0902, *Fla. Stat.*, at a price of $1.30 per share. Tyler rejected the purported redemption on the grounds, *inter alia*, that (1) any rights of H.T.E. for redemption of the stock had expired; (2) any rights of redemption would have pertained only to the shares of stock owned by Tyler in excess of 20% of H.T.E.'s issued and outstanding shares of common stock; and (3) the $1.30 per share price was significantly below the "fair value" of the stock. *See* Complaint, paragraph 14 and Exhibit D. (Doc. No. 1). The common stock that H.T.E. seeks to redeem is held by Tyler in Dallas, Texas. Any payments to Tyler in connection with the redemption of this common stock would have to be made to Tyler at its only office, which is located in Dallas, Texas. *See* Moore Affidavit, Paragraphs 10 through 11. (Doc. No. 5).

H.T.E.'s only allegations concerning personal jurisdiction over Tyler are found in paragraph 3 of the Complaint where it is stated, "TYLER is a Delaware corporation operating and doing business in the State of Florida through substantial and not isolated activity. Moreover, TYLER, by virtue of asserted ownership of the common stock of H.T.E., is subject to jurisdiction in the State of Florida." These conclusory allegations are refuted by the Moore Affidavit or are contrary to Florida law.

---

directors are not identical; (b) their employees are entirely separate and independent; (c) their accounting systems are maintained separately and independently; (d) their books and records are maintained separately and independently; (e) their budgets and business plans are separate and independent; and (f) the officers, directors and management of Tyler do not meet with officers, directors and management of the Subsidiaries in Florida. Furthermore, Tyler does not maintain

III. **Argument:**

A. Procedure for Determining Whether Personal Jurisdiction Exists..

In a diversity case, a federal court can only exercise personal jurisdiction over a foreign corporation, like Tyler, to the extent permitted by Florida's long-arm statute and consistent with the requirements of the Due Process Clause of the Fourteenth Amendment. *See Vermeulen v. Renalt, U.S.A., Inc.*, 985 F. 2d 1534, 1552 (11th Cir. 1993). The determination of whether or not the court has personal jurisdiction over a defendant involves a two step analysis. The court must first determine whether Florida's long-arm statute provides a basis for personal jurisdiction, and, if so, whether there are sufficient minimum contacts with Florida to meet the due process requirements of the Fourteenth Amendment. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F. 3d 623, 626 (11th Cir. 1996). Satisfaction of the requirements of Florida's long-arm statute must be determined first, but the analysis of each step is discrete and both steps must be satisfied before personal jurisdiction can be found to be present. *See Structural Panels, Inc. v. Texas Aluminum Industries, Inc.*, 814 F. Supp. 1058, 1066 n.5 (M.D. Fla. 1993).

The operation of Florida's long-arm statutes is a question of state law. *See Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 890 (11th Cir. 1983). The statutes are to be strictly construed, and the burden is on the plaintiff to prove satisfaction of the statutory criteria. *Id.* at 891; *See also Pluess-Staufer Industries, Inc. v. Rollason Engineering & Manufacturing, Inc.*, 635 So. 2d 1070, 1072 (Fla. 5th DCA 1994). While a plaintiff may initially invoke

---

control over the decisions or operations of the Subsidiaries, and the activities of the Subsidiaries in

4

personal jurisdiction by alleging the actual language of the statute or sufficient facts to support long-arm jurisdiction, once challenged, the plaintiff must prove by affidavits or testimony the facts supporting its jurisdictional allegations. *See Polskie Linie Oceaniczne v. Seasafe Transport*, 795 F. 2d. 968, 972 (11th Cir. 1986); *Gill v. Three Dimension Systems, Inc.*, 87 F. Supp. 2d 1278, 1284 (M.D. Fla. 2000); *Prentice v. Prentice Colour, Inc.*, 779 F. Supp 578, 586 (M.D. Fla. 1991); *Structural Panels, Inc.*, 814 F. Supp. at 1064. Florida courts require substantial proof before extending *in personam* jurisdiction over non-resident defendants. *See Lauzon v. Ribkoff, Inc.*, 77 F. Supp. 2d 1250, 1255 (S.D. Fla. 1999).

B.   No Personal Jurisdiction over Tyler under Florida's Long-Arm Statute.

H.T.E.'s jurisdictional allegation that Tyler operates and does business in Florida through substantial and not isolated activity tracks portions of §48.181(3)[3] and §48.193(2), *Fla. Stat.* (2001). Assuming that this conclusory allegation is sufficient for initial pleading purposes, it is refuted by the Moore Affidavit in which it is affirmed that Tyler does no business in Florida and does not engage in any activities in Florida, let alone "substantial and not isolated" activity. See Moore Affidavit, paragraphs 4 and 5. (Doc. No. 5).

In addition to the foregoing, H.T.E. alleges Tyler is subject to personal jurisdiction ". . . by virtue of asserted ownership of common stock in H.T.E." *See* Complaint, paragraph 3. (Doc. No. 3). H.T.E. cites no authority for this proposition.

---

Florida are not the activities of Tyler. *See* Moore Affidavit, paragraphs 6 through 8.

[3] While H.T.E. does not identify the section of the long-arm statute under which it is proceeding, it would not appear to be §48.181(3) since that provision requires sales, consignment or leasing of personal property through brokers, jobbers, wholesalers or distributors and no such facts are alleged here.

5

In fact, this allegation is contrary to Florida law. Tyler's ownership of stock in H.T.E., a Florida corporation, is <u>not</u> a sufficient basis to confer personal jurisdiction over Tyler. *See W. R. Edwards, Jr. v. Geosource, Inc.*, 473 So. 2d 36, 36-37 (Fla. 1st DCA 1985). Furthermore, the stock at issue is held by Tyler in Dallas, Texas. H.T.E. seeks supplemental relief enforcing its redemption of that stock, including the payment of money to Tyler, which payment would have to be made in Dallas, Texas. *See* Moore Affidavit, paragraphs 10 and 11. (Doc. No. 5).

The contacts with the forum required under Florida's long-arm statutes are greater and more stringent than those necessitated by the Due Process Clause.[4] *See Pollard v. Stell Systems Construction Co., Inc.*, 581 F. Supp. 1551, 1552 (S.D. Fla. 1984). To establish personal jurisdiction, H.T.E. would have to show that Tyler has engaged in a general course of business in Florida for pecuniary benefit. *Meterlogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1353 (S.D. Fla. 2000). Here there is no evidence that Tyler has engaged in such a general course of business in Florida. In fact, the Moore Affidavit indicates the contrary. As an example of the quantum of contacts required to invoke Florida's long-arm statutes, it has been held that multi-day negotiations in Florida resulting in the execution of a contract in Florida that is the subject matter of the action is not sufficient to confer jurisdiction over a non-resident. *See Pluess-Stauffer Industries, Inc.*, 635 So. 2d at 1072.

---

[4] This does not mean that the requisite minimum contacts are automatically built into the statute since satisfaction of those requirements are case specific. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989).

6

Tyler's ownership of the stock of subsidiary corporations as described in Note 2 is not sufficient to confer personal jurisdiction. *See Qualley v. International Air Service Co., Ltd.*, 595 So. 2d 194, 196 (Fla. 3rd DCA 1992); *MacMillan-Bloedel, Ltd. v. Canada*, 391 So. 2d 749, 751 (Fla. 5th DCA 1980); *Hermatic Seal Corp. v. Savoy Electronics, Inc.*, 290 F. Supp. 240, 243 (S.D. Fla. 1967). In order for a parent corporation to be subject to long-arm jurisdiction by virtue of its subsidiary's business activities in the state, the parent must exercise a significant and high degree of control over the subsidiary. *See State of Florida v. American Tobacco Co.*, 707 So. 2d 851, 854-855 (Fla 4th DCA 1998); *Hrtica v. Armstrong World Industries*, 607 F. Supp. 16, 18 (S.D. Fla. 1984). As is made clear in the Moore Affidavit, Tyler exercises no control over the activities of its subsidiaries, let alone exercising a high degree of control. *See* Moore Affidavit, paragraphs 7 and 8. (Doc. No. 5).

Tyler submits that H.T.E. has failed to meet its burden of proving that Florida's long-arm statutes provide a basis for personal jurisdiction, and Tyler submits that the contacts necessary to satisfy the requirements of those statutes are lacking.

C.  <u>Minimum Contacts for Due Process Requirements Have Not Been Shown.</u>

Even if the Court found it could exercise personal jurisdiction under a Florida long-arm statute, there are insufficient contacts between Tyler and Florida to satisfy the due process requirements of the United States Constitution.[5]

---

[5] The minimum contacts necessary to satisfy the due process requirements must: (1) be related to the plaintiff's cause of action or have given rise to it; (2) involve some purposeful availment of the privilege of conducting activities within the forum to invoke the benefits and prosecution of its laws;

7

In order to satisfy the minimum contacts requirement of the Due Process Clause of the Fourteenth Amendment, H.T.E. would have to prove that Tyler has purposefully and deliberately engaged in significant activities directed to the State of Florida, and that those activities are such that Tyler should reasonably anticipate being haled into court here.[6] *See Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 472 (1985). Unilateral contact is insufficient, and H.T.E. would have to show that Tyler "purposefully availed [itself] of the privilege of conducting activities with the foreign state, thus invoking the benefits and protections of its law." *See Hanson v. Dencka,* 357 U.S. 235, 253 (1958). As is shown by the Moore Affidavit, Tyler has not engaged in any such activities. Even where a non-resident company made some sales of its product in Florida and had representatives in attendance at meetings in Florida, the requisite contacts for satisfaction of due process requirements have been found to be missing. *See Insight Instruments, Inc. v. A.V.I. - Advanced Visual Instruments, Inc.,* 44 F. Supp. 2d 1269, 1271-1272 (M.D. Fla. 1999).

Tyler does not have any offices, employees, agents or representatives in Florida. It does not offer for sale or engage in the solicitation for sale of any products in Florida. In short, it does not do any business in Florida and does not engage in any activities in Florida. Tyler's only office is in Dallas, Texas. That is

---

and (3) be such that the defendant should reasonably anticipate being haled into court there. *See Sculptchair, Inc.,* 94 F. 3d at 631.

[6] Assuming H.T.E. met this burden, for due process purposes, it would still have to establish connexity (i.e., that the action arose out of Tyler's activities in Florida). *See Sculptchair, Inc.,* 94 F. 3d at 636.

where the stock at issue in this action is held, and that is where any payment in redemption of that stock would have to be made.

Tyler does not have the requisite minimum contacts with Florida in order to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment.

IV. **Conclusion:**

Tyler submits that H.T.E. has failed to meet its burden of proving that Tyler is subject to the long-arm jurisdiction in the State of Florida. Based upon the Moore Affidavit, Tyler lacks the requisite minimum contacts with the State of Florida necessary to satisfy either Florida's long-arm statute or the due process requirements of the United States Constitution. Accordingly, Tyler respectfully submits that the purported service of process on it should be quashed, and that the Complaint and this action should be dismissed for lack of personal jurisdiction.

William B. Wilson, Esquire
Florida Bar No. 153167
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Suite 2600
Post Office Box 1526
Orlando, FL 32802-1526
Phone: (407)425-8500
Fax: (407)244-5288
Attorneys for Defendant,
Tyler Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail this 30th day of November, 2001, to Tucker H. Byrd, Esquire, Greenberg Traurig, P.A., 450 S. Orange Avenue, Suite 650, Orlando, FL 32801.

William B. Wilson, Esquire

ORL1 #690433 v1