UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:01-CV-1366-ORL-31DAB

H.T.E., Inc., a Florida corporation,

Plaintiff,

v.

TYLER TECHNOLOGIES, INC., a
Delaware corporation,

Defendant



## FIRST AMENDED COMPLAINT FOR DECLARATORY AND SUPPLEMENTAL RELIEF, AND FOR DAMAGES

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff, H.T.E., Inc. (hereinafter "HTE"), amends it complaint against and sues Defendant, Tyler Technologies, Inc. (hereinafter "Tyler"), and alleges:

### Nature of Action

1. This is an action against Tyler for declaratory and supplemental relief to declare valid and enforceable HTE's statutory redemption of Tyler's holdings of HTE common stock in accordance with Section 607.0902(10), Florida Statutes (Florida Control-Share Acquisition Act),[1] and an action for damages in excess of $75,000 exclusive of interest and costs.

2. This action was removed to this Court by Tyler on November 20, 2001, on the basis that this Court would have original jurisdiction under 28 USC § 1332(a) (diversity of citizenship where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs).

---

[1] This Act is often referred to as "Florida's Takeover Act."

*Exhibits filed separately*

15

## Parties, Jurisdiction, and Venue

3. HTE is a Florida corporation which provides computer software and related services in the public sector marketplace throughout the nation, including Florida. Its principal office is located in Lake Mary, Seminole County, Florida. HTE is a publicly-held corporation whose shares are traded on the NASDAQ National Market.

4. Tyler is a Delaware corporation and is a competitor of HTE. More specifically, like HTE, Tyler provides computer software and related services in the public sector marketplace throughout the United States, including Florida.

5. Tyler is subject to the specific jurisdiction of this Court in Florida pursuant to Florida's long-arm statute, § 48.193(1)(a), Florida Statutes, because it operated, conducted, engaged in or carried on a business or business venture in this state. More specifically, this action concerns Tyler's control share acquisition in Florida of HTE common stock and HTE's redemption thereof, pursuant to Florida law. Tyler's control share acquisition was made for the specific purpose of effecting a "takeover" of HTE. Tyler's control share acquisition was made under a contract which was negotiated, drafted, signed and closed by Tyler here in Florida. In its endeavor to take over HTE, Tyler directed and submitted substantial correspondence, notices (including its Acquiring Person Statement which was expressly issued by Tyler pursuant to Florida law), and communications to HTE's officers and directors in Florida; and Tyler directed shareholder proposals into Florida in an attempt to restructure HTE's board of directors by removing HTE's then-current directors and nominating as replacement directors several persons associated with Tyler. Additionally, Tyler attended HTE's annual shareholders meeting in Florida and, in express reliance upon Florida law, Tyler has disputed HTE's right of redemption and has asserted that it somehow continues to own HTE common stock despite the statutory

redemption which was effected by HTE. The funds constituting the redemption price owing to Tyler are escrowed in Florida. Furthermore, in the agreement pursuant to which Tyler made its control share acquisition of HTE common stock, Tyler expressly stated, in pertinent part:

> Section 6.8 <u>Jurisdiction: Venue</u>. Any judicial proceeding brought by or against any of the parties to this Agreement on any dispute arising out of this Agreement or any matter related hereto shall be brought exclusively in any Federal or State court sitting in either Orange County, Florida, or Dallas County, Texas, and by execution and delivery of this Agreement, each of the parties to this Agreement accepts for itself the exclusive jurisdiction and venue of the aforesaid courts as trial courts, and irrevocably agree to be bound by any final non-appealable judgment rendered in connection with this Agreement.

6. Tyler is also subject to the general jurisdiction of this Court pursuant to Florida's long-arm statute, Florida Statute § 48.193(2), because it is a Delaware corporation operating and doing business in the State of Florida through substantial and not isolated activity. Tyler is a competitor to HTE notwithstanding its holdings of HTE common stock and specifically competes with HTE in Florida by itself and through its various affiliates, subsidiaries and divisions over which Tyler has substantial control. Tyler holds itself out to the public at large as doing business in the State of Florida.

7. Moreover, Tyler is subject to the jurisdiction of this Court pursuant to Florida Statute § 48.181(3). Tyler sells, cosigns or leases tangible or intangible personal property through brokers, jobbers or wholesalers, or distributors to persons, firms or corporations in Florida. Tyler by and through its divisions, affiliates, subsidiaries and other agents, sells products and services to customers in Florida. Therefore, Tyler is engaged in substantial and not isolated activities within Florida and is operating, conducting, engaging in, or carrying on a business or business venture in Florida.

8. Furthermore, Tyler is subject to the jurisdiction of this Court pursuant to Florida Statute § 48.193(1)(b), in that Tyler committed a tortious act within the state.

9. The parties have diverse citizenships and the amount in controversy exceeds $75,000.00.

10. Under 28 USC § 1391(a) and § 1441(a), venue is this action is proper within the Middle District of Florida, because (i) a substantial part of the events or omissions giving rise to the instant claim occurred within the Middle District of Florida, (ii) a substantial part of the property that is the subject of this action is situated within the Middle District of Florida, and (iii) Tyler's removal of this action fixes the federal venue in this judicial district.

## Background and General Allegations

11. On August 3, 1999, HTE entered into a severance agreement (the "Severance Agreement") with Dennis and Jack Harward (the "Harwards"), pursuant to which the Harwards resigned as officers and employees of HTE. A true and accurate copy of the Severance Agreement is attached hereto as **Exhibit "A"** and incorporated herein by reference.

12. Although they resigned as officers and employees, the Harwards remained Directors and major shareholders of HTE.

13. The Severance Agreement included a non-competition covenant which *inter alia* precluded the Harwards from becoming members of a group exercising direct or indirect control of more than five percent (5%) of any class of capital stock of any competitive corporation.

14. On or about August 13, 1999, Tyler formulated a plan to take over HTE by first making a control share acquisition of the Harwards' HTE stock.

15. In furtherance of this plan, on August 17, 1999 (two weeks after the Harwards had executed their Severance Agreement), Tyler and the Harwards entered into a stock purchase

4

agreement (the "Stock Purchase Agreement"), in Orlando, Florida, pursuant to which Tyler made a control share acquisition of 32% of HTE 's common stock from two Florida residents, the Harwards, and the Harwards collectively received from Tyler more than 5% of Tyler's stock. A true and accurate copy of the Stock Purchase Agreement is attached hereto as **Exhibit "B"** and incorporate herein by reference.

16. After executing the Stock Purchase Agreement, Tyler engaged in conduct and took acts to further its plan or scheme to effect a takeover of HTE.

17. As a result of Tyler's amassing this large block of HTE's common stock, Tyler's entire concentration of HTE common stock constituted "control shares," as that term is defined under Section 607.0902(1), Florida Statutes,[2] subjecting those shares to statutory limitations on their voting and ownership. Section 607.0902, Florida Statutes, (Control-Share Acquisitions) is set forth in its entirety in **Exhibit "C"**, attached hereto.

18. The purpose of Florida's control-share acquisition statute is to protect shareholders of public corporations by balancing their rights with those of a potential acquirer of corporate stock by allowing shareholders the opportunity to decide whether a change in corporate control is desirable.

19. HTE's articles of incorporation and bylaws do not exempt "control shares" from the limits on voting rights set forth in Section 607.0902(5), Florida Statutes, that states:

---

[2] 607.0902 Control-share acquisitions. (1) "CONTROL SHARES."—As used in this section, "control shares" means shares that, except for this section would have voting power with respect to shares of an issuing public corporation that, when added to all other shares of the issuing public corporation owned by a person or in respect to which that person may exercise or direct the exercise of voting power, would entitle that person, immediately after acquisition of the shares, directly or indirectly, alone or as a part of a group, to exercise or direct the exercise of the voting power of the issuing public corporation in the election of directors within any of the following ranges of voting power:
    (a) One-fifth or more but less than one-third of all voting power.

\* \* \*

5

> (5) LAW APPLICABLE TO CONTROL-SHARE VOTING RIGHTS.—Unless the corporation's articles of incorporation or bylaws provide that this section does not apply to control-share acquisitions of shares of the corporation before the control-share acquisition, control shares of an issuing public corporation acquired in a control-share acquisition have only such voting rights as are conferred by subsection (9).

20. Section 607.0902(9), <u>Florida Statutes</u>, establishes that "control shares" have the same voting rights as accorded shares **only** to the extent granted by a resolution approved by the shareholders of the issuing public corporation.

21. At the annual shareholders' meeting on November 16, 2000, the shareholders of HTE voted not to confer voting rights on the shares of Tyler's HTE stock.

22. Section 607.0902(10), <u>Florida Statutes</u>, empowered HTE to redeem Tyler's 5,618,932 "control shares," stating in pertinent part:

(10) REDEMPTION OF CONTROL SHARES

> (a) If authorized in a corporation's articles of incorporation or bylaws before a control-share acquisition has occurred, control shares acquired in a control-share acquisition with respect to which no acquiring person statement has been filed with the issuing public corporation may, at any time during the period ending 60 days after the last acquisition of control shares by the acquiring person, be subject to redemption by the corporation at the fair value thereof pursuant to the procedures adopted by the corporation.
>
> (b) Control shares acquired in a control-share acquisition are not subject to redemption after an acquiring person statement has been filed unless the shares are not accorded full voting rights by the shareholders as provided in subsection (9).

23. On October 12, 2001, HTE's Board of Directors exercised the company's statutory right under Section 607.0902(10), <u>Florida Statutes,</u> to redeem Tyler's 5,618,932 "control shares" of common stock by passing resolutions, a true and correct copy of which is attached hereto as **Exhibit "D,"** approving, authorizing, and ratifying the redemption of Tyler's

6

5,618,932 "control shares" for a fair value of $1.30 per share, determined by the average of the closing price for the company's stock for each of the 10 trading days as reported on the NASDAQ National Market for the period October 15, 2001 through October 26, 2001, less a fair discount percentage of 17.5% as determined by the Board of Directors after recommendations from Raymond James & Associates, Inc.

24. HTE notified Tyler on Monday, October 29, 2001 about having exercised the company's statutory right to redeem the "control shares," through a letter, a true and correct copy of which is attached hereto as **Exhibit "E"**. Thereafter, HTE tendered and made available to Tyler the aggregate purchase price of $7,304,637.60 for the "control shares," deposited into an irrevocable escrow account with SunTrust Bank, Orlando, Florida

25. On Monday, October 29, 2001, Tyler notified HTE that it objected to HTE's exercising of its right to redeem the "control shares." A true and correct copy of Tyler's letter is attached hereto as attached hereto as **Exhibit "F"**.

### COUNT I (ACTION FOR DECLARATORY JUDGMENT)

26. HTE realleges and incorporates herein by reference the allegations set forth in paragraphs 1-25 above.

27. This is an action in which HTE seeks declaratory judgment under 28 USC § 2201 and Chapter 86, Florida Statutes.

28. Since exercising its statutory right to redeem Tyler's "control shares," a significant number of shares of common stock have been traded in the public market. Tyler publicly asserts the redemption is unlawful, creating doubt in the market about whether Tyler continues to own the "control shares."

29. Because of Tyler's public objections, HTE needs the Court to declare that HTE has the lawful right, power, and privilege to redeem Tyler's "control shares" at the redemption price of $1.30 per share, and to grant such other supplemental relief as is necessary to effect HTE's redemption and cancellation of Tyler's "control shares."

30. HTE is an interested party seeking a declaration as to its rights and other legal relations.

WHEREFORE, Plaintiff, HTE, respectfully demands that this Honorable Court enter a declaratory judgment, declaring, ordering and adjudging the following:

    a. That HTE's redemption of the Tyler's HTE common stock at a redemption price of $1.30 per share was lawful and effective; and

    b. Such other supplemental relief as is necessary or proper to effect the redemption and cancellation of Tyler's HTE common stock.

## COUNT II (ACTION FOR TORTIOUS INTERFERENCE)

31. HTE realleges and incorporates herein by reference the allegations set forth in paragraphs 1-25 above.

32. This is an action for damages in excess of $75,000, exclusive of interest and costs.

33. HTE had a contract with the Harwards.

34. Tyler knew of the existence of said contract.

35. Tyler intentionally, maliciously, without justification, and with improper means, caused the breach of and otherwise interfered with HTE and the Harwards' contract.

36. As a direct and proximate result of Tyler's intentional and malicious interference, HTE has suffered, and will continue to suffer, substantial losses, expenses and other damages.

WHEREFORE, HTE respectfully requests that this Honorable Court enter judgment against Tyler for damages, together with interest, costs and such other relief as may be just and proper.

### DEMAND FOR JURY TRIAL

HTE requests trial by jury regarding all issues so triable.

Dated this 21st day of December, 2001.

Respectfully submitted,

BAKER & HOSTETLER LLP
2300 SunTrust Center
200 South Orange Avenue
Post Office Box 112
Orlando, FL 32802-0112
Attorneys for Plaintiff, H.T.E., Inc.

By: _____
John W. Foster, Sr.
Florida Bar No. 318620
Jerry R. Linscott
Florida Bar No. 148009

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing First Amended Complaint for Declaratory and Supplemental Relief and for Damages has been furnished by hand delivery this 21st day of December, 2001, to William B. Wilson, Esquire, Holland & Knight LLP, 200 S. Orange Avenue, Suite 2600, Orlando, FL 32801.

_____
John W. Foster, Sr.

G:\Jwf0370\25944\00001\Pleadings\FEDERAL\Amd Complaint W-Damages.Doc