FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA          01 DEC 21  PM 3: 46
ORLANDO DIVISION          CLERK. U S. DIST' .'T COURT
                          MIDDLE DISTRICT OF FLORIDA
CASE NO. 6:01-CV-1366-ORL- 31DAB     ORLANDO, FLORIDA

H.T.E., INC., a Florida corporation,

   Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.,
a Delaware corporation,

   Defendant.
_____/

## AFFIDAVIT OF BERNARD B. MARKEY

STATE OF NEW JERSEY   )
                      )ss
COUNTY OF UNION       )

   BEFORE ME, the undersigned authority, personally appeared Bernard B. Markey, who after first being duly sworn, deposes and states:

   1. My name is Bernard B. Markey. I am of adult age and have personal knowledge of the matters hereinafter stated.

   2. Since August of 1999, I have been the Chairman of the Board of Directors of H.T.E., Inc. ("HTE"), which is a publicly owned company. HTE is a Florida corporation which is headquartered in Lake Mary, Seminole County, Florida.

   3. This affidavit is intended to be used by or on behalf of HTE in connection with Tyler Technology, Inc.'s ("Tyler") Motion to Quash Service of Process and to Dismiss Complaint for Lack of Personal Jurisdiction and Venue, which HTE opposes.

27

4. On or about August 17, 1999, I received a telephone call from Mr. Louis Waters. Mr. Waters told me that he was the Chairman of the Board of Directors of Tyler Technologies, Inc. ("Tyler"). Mr. Waters also told me that he and others from Tyler were in Orlando, Florida, with Dennis and Jack Harward, and that Tyler had just-then acquired a substantial block of HTE's common stock from the Harwards. Mr. Waters further stated that Tyler desired to acquire all of HTE's common stock, and that he and other Tyler representatives would follow up with future communications.

5. On or about August 23, 1999, Tyler directed and delivered to me, as Chairman of HTE's Board of Directors, Tyler's "Acquiring Persons Statement", which was expressly provided by Tyler pursuant to Florida law (i.e., § 607.0902(6)), Florida Statutes). A true and accurate copy of Tyler's Acquiring Person Statement is attached hereto as Exhibit "A" and incorporated herein by reference.

6. In or around the month of September or October, 1999, I attended a meeting in New Jersey with certain of Tyler's officers, including Louis Waters, John Yeaman and John Marr.[1] In this meeting, the Tyler representatives gave a presentation, including a power point presentation, about Tyler and promoted Tyler's proposed "takeover" of HTE. In essence, the Tyler representatives indicated that Tyler was a national company, with an overall corporate plan and strategy to increase its national customer base with growth both internally and through the acquisition of various companies, including HTE in Florida. The Tyler representatives indicated that Tyler markets and distributes a broad line of products and services throughout the entire nation, including the state of Florida. In describing Tyler's business and plans, the Tyler representatives emphasized that Tyler is a national company, with a customer base spread

2

throughout the entire United States, including Florida, and that Tyler's operations through its various divisions are managed by Tyler and constitute an integral part of Tyler. In fact, Mr. Waters specifically told me that, toward the end of each quarter, he meets with all of the division managers as a group in order the he can effectively manage and oversee Tyler's various business activities and to otherwise ensure that all of the divisions are operating pursuant to Tyler's overall corporate plan. To promote Tyler's acquisition of HTE, the Tyler representatives unequivocally promoted Tyler as being an aggressive national acquisition and operating company with assertedly strong and centralized managerial capabilities, powers and track-record.

7. The annual meeting of shareholders of HTE occurred on November 16, 2000. Prior thereto, on October 7, 2000, Tyler directed and delivered to HTE its proxy. The fourth item of business for said shareholders' meeting was to consider a proposal to confer voting rights on the shares of HTE's common stock acquired by Tyler from the Harwards in a control share acquisition. The proposal to confer voting rights on the shares of HTE's common stock held by Tyler was not approved by the shareholders. A true and accurate copy of Tyler's proxy and of the minutes of the annual meeting of shareholders of HTE are attached hereto collectively as composite Exhibit "B" and incorporated herein by reference.

8. Significantly, the above-referenced shareholders meeting occurred in Lake Mary, Seminole County, Florida, and officers and employees of Tyler personally attended that meeting in Florida.

---

(continued)
[1] John Marr manages the Munis Division of Tyler. During the meeting, Mr. Marr promoted Tyler, promoted Tyler's acquisition of HTE and otherwise represented the interests of HTE.

3

FURTHER AFFIANT SAYETH NAUGHT.

_____
Bernard B. Markey

COMMONWEALTH OF PENNSYLVANIA    )
                                )ss
COUNTY OF DELAWARE              )

SWORN TO AND SUBSCRIBED before me this 13rd day of December, 2001, by Bernard B. Markey, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

Virginia A. Cutlip
(Notary Name Printed)
NOTARY PUBLIC

Commission No. _____

(NOTARY SEAL)

NOTARIAL SEAL
VIRGINIA A. CUTLIP Notary Public
Radnor Twp., Delaware County
My Commission Expires March 29, 2003

\\ORBDC1\Ordata\Jwf0370\25944\00001\Affidavit Of Markey.Doc

4