UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

*FILED*

CASE NO.: 6:01-cv-1366-Orl-31DAB

02 JAN -3 PM 3: 53

H.T.E., INC.,

Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.,

Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## REQUEST FOR JUDICIAL NOTICE AND REQUEST FOR
## OPPORTUNITY FOR DEFENDANT TO BE HEARD

Defendant, TYLER TECHNOLOGIES, INC. ("Tyler"), pursuant to Rule

201(e) of the Federal Rules of Evidence, responds in opposition to Plaintiff, H.T.E.,

Inc.'s, Request for Judicial Notice (Docket No. 17) in which it requests the Court to

take judicial notice of "The public records filed in that certain case styled Dennis J.

Harward and Jack L. Harward v.  H.T.E., Inc., in the Circuit Court of the

Eighteenth Judicial Circuit, in and for Seminole County, Florida, case No. 99-CA-

1195-CA-15-W [the "Harward Action"], including, without limitations, that certain

"Order Granting Partial Summary Judgment for H.T.E." dated February 8, 2001...".

Tyler opposes this request for reasons, including, but not limited to, the

following:

1.    The broad request to take notice of an entire record in a lawsuit by

definition covers matters other than facts and covers facts other than those not

subject to reasonable dispute in that they are either (1) generally known within the

3\

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, as is required by Fed. R. Evid. 201(b).

2.      The request is so overly broad in scope as to certainly include matters that would not be relevant to any issues involved in this action and which would contain hearsay and statements in pleadings that are not properly subject to judicial notice.

3.      Tyler was not a party to the Harward Action.

4.      The specifically requested "Order" would not properly be subject to judicial notice for reasons including, but not limited to the following:

(a)      It contains legal conclusions as well as facts;

(b)      Such facts as are contained in it are not facts "not subject to reasonable dispute as either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." as is required by Rule 201(b), and Tyler disputes those facts;

(c)      The order is not a final order.  Moreover, according to H.T.E., the civil action was settled on February 15, 2001, only seven days after entry of the order (*see* H.T.E.'s Memorandum in Opposition to Tyler's Motion to Quash (Docket No. 18) at page 3).  Thus, no final order was ever entered in the Harward Action that would be binding.

(d)      The fact that an order was entered in the Harward Action is not relevant to any issue in the instant case;

(e)    The order could not be binding on Tyler in this action under a theory of res judicata for, among other reasons, it is not a final judgment on the merits, and this is not the same cause of action as was involved in the Harward Action. *See Hart v. Yamaha-Parts Distributors, Inc.,* 787 F. 2d 1468, 1470 (11th Cir. 1986);

(f)    The order could not be binding on Tyler under a theory of collateral estoppel for, among other reasons, that Tyler was not a party to the Harward Action and had no opportunity to litigate any issue in it and because that case was settled and dismissed with no stated reasons. *See Hart v. Yamaha-Parts Distributors, Inc.,* 787 F. 2d at 1473;

(g)    The order would not be admissible into evidence under common law (*see U. S. Steel LLC v. Tieco, Inc.,* 261 F. 3rd 1275, 1286-1288 (11th Cir. 2001)) or under Fed. R. Evid. 801(c) and 803.

5.    Pursuant to Fed. R. Evid. 201(e), Tyler respectfully requests an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed with respect to this request.

Respectfully submitted,

William B. Wilson, Esquire
Florida Bar No. 153167
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Suite 2600
Post Office Box 1526
Orlando, FL 32802-1526
Phone: (407)425-8500
Fax: (407)244-5288
Attorneys for Defendant,
Tyler Technologies, Inc.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery this 8th day of January, 2002, to John W. Foster, Sr., Esquire, Baker & Hostetler LLP, 2300 Sun Trust Center, 200 South Orange Avenue, Post Office Box 112, Orlando, FL 32802-0112.

William B. Wilson, Esquire

ORL1 #698171 v1

4