Case 6:01-cv-01366-GAP   Document 33   Filed 01/08/02   Page 1 of 4 PageID 169

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



CASE NO.: 6:01-cv-1366-Orl-31DAB

H.T.E., INC.,

    Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.,

    Defendant.

_____/

### DEFENDANT'S MOTION TO EXCLUDE FROM CONSIDERATION OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF THE AFFIDAVIT OF L. A. GORNTO, JR.

Defendant, TYLER TECHNOLOGIES, INC. ("Tyler"), pursuant to Fed. R. Civ. P. 12(f) respectfully moves the Court to enter an order excluding from consideration or, in the alternative, striking the following portions of the AFFIDAVIT OF L. A. GORNTO, JR. (Docket No. 26) on the grounds that they consist of unsupported legal conclusions and are immaterial and impertinent:

    1.    Those portions of paragraph 16 stating ". . . Tyler's HTE common stock was purchased in a control share acquisition. As such, Tyler's HTE common stock was subject to redemption by HTE under Florida's control share acquisition statute.";

33

2.  That portion of paragraph 21 stating "On October 29, 2001, HTE effected the redemption of Tyler's HTE common stock pursuant to the authority granted under §607.0902(10) and §607.0721(4), Florida Statutes."; and

3.  That portion of the second sentence of paragraph 22 stating "(albeit incorrectly)" after the words "Relying upon Florida law, Tyler asserted . . .".

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

The Affidavit of L. A. Gornto, Jr. states, in paragraph 3, "This affidavit is intended to be used by or on behalf of HTE in connection with Tyler Technology, Inc.'s ("Tyler") Motion to Quash Service of Process and to Dismiss Complaint for Lack of Personal Jurisdiction and Venue . . ." The issues raised in that motion pertain to whether or not Tyler had sufficient contacts with the State of Florida to invoke a Florida Long-Arm Statute and to satisfy the Due Process requirements of the Fourteenth Amendment. The foregoing statements have nothing to do with those issues and, accordingly, are impertinent and immaterial. Likewise, those statements consist of unsupported legal conclusions which go to the heart of the ultimate questions that will have to be determined by the Court.[1] While Mr. Gornto does state that he is "Executive Vice President and General Counsel of HTE, Inc." he offers nothing further to suggest that he is qualified to render opinions in the areas of his legal conclusions, and he offers no basis for those conclusions.

---

[1] In Count I of the Amended Complaint, H.T.E. seeks a declaration that its purported redemption of Tyler's H.T.E. stock is valid. In its counterclaim, Tyler seeks a declaration, *inter alia*, that H.T.E.'s right of redemption expired or, in the alternative, that any right of redemption is limited to the stock owned by Tyler in excess of 20 % of the outstanding and issued stock of H.T.E.

Where an affidavit contains ultimate facts and legal conclusions, they are extraneous material and should be disregarded and only the portions of the affidavit containing facts within the personal knowledge of the affiant should be considered.[2] *See A. L. Pickens Company, Inc. v. Youngstown Steel & Tube Company*, 650 F. 2d 118, 121 (6th Cir. 1981) and *Larouche v. Webster*, 175 F.R.D. 452, 455 (S.D. N.Y. 1996).[3]

In the alternative, the portions of the affidavit of an attorney alleging legal opinions or conclusions should be stricken. *See Young v. Tennessee River Pulp Paper Company*, 640 F. Supp. 1162, 1165, FN2, (N.D. Miss. 1986), aff'd, 812 F. 2d 1403 (5th Cir. 1987).

## CONCLUSION

For the foregoing reasons, Tyler respectfully submits that the foregoing portions of the Affidavit of L. A. Gornto, Jr. are impertinent, immaterial and consist of legal conclusions and, under the applicable law, should be disregarded by the Court or, in the alternative, should be stricken and that an order to that effect should be entered by the Court.

---

[2] Motions to strike are disfavored (*See Vinita Broadcasting Co., Inc. v. Colby*, 320 F. Supp. 902, 904 (N.D. Okla. 1971)), so Tyler has sought the more favored relief of the court excluding or disregarding the extraneous material.

[3] While these decisions deal with affidavits under F. R. Civ. P. 56, decisions under that Rule are relevant to a jurisdictional challenge since they offer guidelines in considering evidence submitted outside the pleadings. *See Kamen v. American Telephone & Telegraph Co.*, 791 F. 2d 1006, 1011 (2nd Cir. 1996).

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I hereby certify that I have conferred with opposing counsel and that counsel have been unable to agree on the resolution of this motion.

Respectfully submitted,

_William B. Wilson_
William B. Wilson, Esquire
Florida Bar No. 153167
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Suite 2600
Post Office Box 1526
Orlando, FL 32802-1526
Phone: (407)425-8500
Fax: (407)244-5288
Attorneys for Defendant,
Tyler Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery this 8th day of January, 2002, to John W. Foster, Sr., Esquire, Baker & Hostetler LLP, 2300 Sun Trust Center, 200 South Orange Avenue, Post Office Box 112, Orlando, FL 32802-0112.

_William B. Wilson_
William B. Wilson, Esquire

ORL1 #698191 v1