UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:01-cv-1366-Orl-31DAB

H.T.E., INC.,

    Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.,

    Defendant.
_____/

## AMENDED COUNTERCLAIM

Defendant/Counterclaimant, TYLER TECHNOLOGIES, INC. ("Tyler"), sues Plaintiff/Counterdefendant, H.T.E., Inc., a Florida corporation ("H.T.E."), and alleges:

1. This is an action for declaratory and supplemental relief pursuant to 28 U.S.C. §2201 and Chapter 86 of the *Florida Statutes* and is a compulsory counterclaim since it arises out of the subject matter of the Amended Complaint filed in this action.

2. Tyler is a Delaware corporation with its sole office for the transaction of business located in Dallas, Texas.

3. H.T.E. is a Florida corporation with its principal place of business located in Seminole County, Florida.

4. On August 20, 1999, Tyler acquired ownership of 4,650,000 shares of H.T.E. common stock, and on or about December 21, 1999, Tyler acquired an additional 968,952 shares of H.T.E. common stock.

5. On or about August 23, 1999, Tyler delivered to H.T.E. an "Acquiring Person Statement" pursuant to §607.0902(6), *Fla. Stat.* (1999). A copy of this letter is attached hereto as Exhibit 1.

6. On November 16, 2000, at an annual shareholders meeting of H.T.E., the shareholders of H.T.E. failed to approve a resolution according Tyler with full voting rights of the control shares of common stock owned by it in H.T.E.

7. By letter dated October 29, 2001, H.T.E. advised Tyler that H.T.E. was redeeming the 5,618,952 shares of H.T.E. common stock owned by Tyler, at a price of $1.30 per share. A copy of this letter is attached as Exhibit 2.

8. Section §607.0902(10), *Fla. Stat.* (1999) provides,

> (a) If authorized in a corporation's articles of incorporation or by-laws before a control-share acquisition has occurred, control shares acquired in a control-share acquisition with respect to which no acquiring persons statement has been filed with the issuing public corporation may, at any time during the period ending 60 days after the last acquisition of control shares by the acquiring person, be subject to redemption by the corporation at the fair value thereof pursuant to the procedures adopted by the corporation.
>
> (b) Control shares acquired in a control share acquisition are not subject to redemption after an acquiring person statement has been filed unless the shares are not accorded full voting rights by the shareholders as provided in subsection (9).

9. Pursuant to §607.0902(10)(a) and (b), H.T.E. had a period of 60 days after Tyler's last acquisition of control shares to submit to shareholders the issue of whether or not to accord full voting rights to control shares acquired by Tyler and, if not, to redeem those control shares during that 60-day period. Since Tyler delivered an Acquiring Person Statement to H.T.E., H.T.E. was barred from redeeming the control shares prior to the shareholder vote in order not to make the possibility of according full voting rights to those control shares a moot question for shareholders. Since H.T.E. failed to or elected not to submit the voting issue to shareholders during the 60-day period following Tyler's last acquisition, H.T.E. forfeited any right to redeem the control shares owned by Tyler pursuant to §§607.0902(10)(a) and (b).

10. In the alternative, §§607.0902(10)(a) and (b) provide for a moratorium on the 60-day right of H.T.E. to redeem the Tyler control shares, with the moratorium being in effect from the date Tyler delivered its Acquiring Person Statement to H.T.E. until the date of a shareholder vote in which shareholders fail to accord full voting rights to the control shares owned by Tyler. On November 16, 2000, the H.T.E. shareholders voted upon and failed to adopt a resolution according full voting rights to the control shares owned by Tyler and the moratorium on H.T.E.'s right to redeem those control shares terminated. H.T.E. thereupon had a period of 60 days to redeem the Tyler-owned control shares. H.T.E. failed to attempt any redemption of any of its common stock owned by Tyler during that 60-day period.

3

11. Pursuant to §607.0902(1), *Fla. Stat.* (1999), "control shares" are the shares acquired by an individual or entity which, when added to all of the other shares owned by the person or entity, give the person or entity voting power of twenty (20) percent or more. In other words, "control shares" are those shares that are acquired and are in excess of 20% of the total issued and outstanding voting shares of the corporation.

12. It is the position of Tyler that any right of redemption in H.T.E. expired prior to October 29, 2001. It is H.T.E.'s position that its redemption of Tyler's control shares effective October 29, 2001 is valid.

13. It is Tyler's position that any right of redemption by H.T.E. is limited to the stock held by Tyler in excess of 20% of the issued outstanding voting stock of H.T.E. as of the date Tyler acquired those shares. H.T.E.'s position is that it is entitled to redeem all of the stock of H.T.E. owned by Tyler.

14. Tyler maintains that any ability of H.T.E. to limit the voting rights of Tyler are limited to the shares of stock held by Tyler in excess of the 20% of H.T.E.'s issued and outstanding shares of stock at the time Tyler acquired its stock. It is H.T.E.'s position that it can limit the voting rights of all of the stock held by Tyler.

15. Tyler maintains that to the extent that any of the H.T.E. shares of stock held by Tyler are deemed not to have voting rights, a purchaser or transferee of such shares who is unaffiliated with Tyler would have voting rights under such shares, provided such purchaser or transferee acquired such shares in a non-control share acquisition or otherwise complied with the provisions of §607.0902, *Fla. Stat.*

4

(2001). As indicated in a press release dated December 15, 1999, it is H.T.E.'s position that regardless of the circumstances surrounding the transfer or purchase of such shares of H.T.E. stock or the status of the transferee or purchaser, such shares of H.T.E. stock would not have voting rights under any circumstances.

16. Tyler maintains that the $1.30 per share proposed by H.T.E. in its purported redemption is significantly below "fair value" and that the application of a discount is not proper in determining the "fair value" of the H.T.E. stock it owns. H.T.E.'s position is to the contrary.

17. Tyler is in disagreement with H.T.E. with respect to its rights under §607.0902(10), *Fla. Stat.* (2001), under these facts.

18. There is a bonafide, actual, present and practical need for the declaration to resolve the disputes between the parties.

19. Tyler and H.T.E. are in need of a declaration as to their respective rights under §607.0902(10), *Fla. Stat.* (2001), under these facts.

WHEREFORE, Counterclaimant, Tyler, requests the Court enter judgment:

(a) declaring that any right of H.T.E. to redeem the H.T.E. common stock owned by Tyler expired prior to any exercise of that right by H.T.E. and that H.T.E. is time barred from attempting to redeem H.T.E. stock owned by Tyler;

(b) or, in the alternative, that any right of redemption by H.T.E. of the common stock owned by Tyler is limited to not more than the shares that Tyler owns in excess of 20% of H.T.E.'s issued and outstanding shares of common stock as of the time that Tyler acquired the shares of stock;

(c) that Tyler is entitled to full voting rights of all of the shares of H.T.E. common stock owned by it up to 20% of the issued and outstanding shares of common stock of H.T.E. as of the date Tyler acquired those shares;

(d) that any purchaser or transferee of the shares of H.T.E. common stock that had been held by Tyler (and in which Tyler was deemed not to have voting rights), but which purchaser or transferee is not affiliated with Tyler, would have voting rights in such shares, provided that such purchaser or transferee acquired such shares in a non-control share acquisition or otherwise complied with the provisions of §607.0902, *Fla. Stat.* (2001);

(e) determining the "fair value" of any shares of H.T.E. common stock owned by Tyler that H.T.E. is deemed to have a right to redeem; and

(f) providing for such further and supplemental relief as is necessary and just.

_____
William B. Wilson, Esquire
Florida Bar No. 153167
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Suite 2600
Post Office Box 1526
Orlando, FL 32802-1526
Phone: (407)425-8500
Fax: (407)244-5288
Attorneys for Defendant,
Tyler Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery this 15th day of January, 2002, to John W. Foster, Sr., Esquire, Baker & Hostetler LLP, 2300 Sun Trust Center, 200 South Orange Avenue, Post Office Box 112, Orlando, FL 32802-0112.

_____
William B. Wilson, Esquire

ORL1 #699474 v1

2800 W. Mockingbird Lane
Dallas, Texas 75235
Tel: 214/902-5086 Fax: 214/358-0943
www.tylercorporation.com

**Tyler Corporation**

Via Facsimile (407) 304-1075 and
Certified Mail Return Receipt Requested

August 23, 1999

H.T.E., Inc.
1000 Business Center Drive
Lake Mary, FL 32746

Attention:    Bernard B. Markey, Chairman of the Board of Directors

Dear Mr. Markey:

    You are hereby advised that Tyler Technologies, Inc., a Delaware corporation ("Tyler") acquired on August 20, 1999, and now owns, 4,650,000 shares of the common stock, $0.01 par value, of H.T.E., Inc., a Florida corporation ("HTE"). Tyler also has entered into a binding agreement to acquire an additional 968,952 shares of THE common stock. All of these shares of HTE common stock have been or are to be acquired from Jack L. Harward and Dennis J. Harward. Based on information contained in reports filed with the Securities and Exchange Commission by HTE, Tyler understands that the HTE common stock so acquired and to be acquired by it falls within the range of between one-fifth or more, but less than one-third, of all voting power of the shares of HTE common stock.

    This notice is delivered pursuant to Section 607.0902(6) of the Florida Business Corporation Act (the "Act") and constitutes an "acquiring person statement" as provided for therein.

Very truly yours,

TYLER TECHNOLOGIES, INC.

Lynn Moore, Jr.
General Counsel

**EXHIBIT 1**



Headquarters:
1000 Business Center Drive, Lake Mary, FL 32746 ◆ (407) 304-3235

Application Solutions for Government

October 29, 2001

Via Facsimile #(214) 547-4041, U.S. Mail
and Federal Express #7916 8870 2000

Tyler Technologies, Inc.
5949 Sherry Lane, Suite 1400
Dallas, TX 75225

Attn: John M. Yeaman, President

Re: Redemption of 5,618,952 Shares of Common Stock of H.T.E., Inc.

Dear Mr. Yeaman:

This letter serves as notice to Tyler Technologies, Inc. ("Tyler") that H.T.E., Inc. (the "Company") has on October 29, 2001, effective at 8:00 A.M. (Eastern time), exercised its right under Section 607.0902(10)(b), Florida Statutes, to redeem the 5,618,952 shares of Company common stock (the "Shares") acquired by Tyler in a control share acquisition under Section 607.0902, Florida Statutes. The redemption price the Company is paying for the Shares is $1.30 per share, for an aggregate redemption price of $7,304,637.60 for all of the Shares. On October 12, 2001, the Company's Board of Directors approved the redemption of the Shares. The redemption price represents a 17.5% discount from the average closing share price for the 10 trading days commencing on October 15, 2001 and ending on October 26, 2001, as reported on the NASDAQ National Market for the regular trading hours or session each day. In determining the fair value of the Shares for the redemption, as provided under Section 607.0902(10)(a), the Company relied on a report prepared for the Company by a national investment banking firm, which recommended a discount ranging from 10% to 25% should be deducted from the Company's public share price. The Company's Board of Directors approved a discount that was at the mid-point of this recommended discount range.

We have escrowed the aggregate redemption price ($7,304,637.60) with SunTrust Bank as escrow agent. Pursuant to the escrow agreement between SunTrust Bank and the Company, SunTrust Bank has an irrevocable obligation to pay to Tyler the aggregate redemption price upon its surrender of all of the Shares. Please return the certificates representing the Shares to SunTrust Bank, 225 E. Robinson Street, Suite 250, Orlando,

**EXHIBIT 2**

John M. Yeaman, President
Tyler Technologies, Inc.
Page – 2 –

---

FL 32801, Attention: Corporate Trust Division. Upon receipt of the certificates representing all of the Shares, SunTrust Bank will release the aggregate redemption price to Tyler. Please indicate to SunTrust Bank how Tyler wishes to receive the funds (i.e., by check or wire transfer), and if by wire transfer, please include in Tyler's transmittal letter to SunTrust Bank the appropriate wiring instructions.

In accordance with Section 607.0721(4), Florida Statutes, the Shares are no longer considered issued and outstanding shares of common stock of the Company, and all rights with respect thereto have ceased, except only the right of Tyler to receive the aggregate redemption price in the amount and manner described above. In that regard, the Company has informed its transfer agent to put a stop transfer order on the Shares.

Very truly yours,

H.T.E., Inc.

By: _____
Joseph M. Loughry, III
President & Chief Executive Officer