UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:01-CV-1366-ORL-31DAB

H.T.E., Inc., a Florida corporation,

    Plaintiff,

v.

TYLER TECHNOLOGIES, INC., a
Delaware corporation,

    Defendant

_____

### HTE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE FROM CONSIDERATION OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF THE AFFIDAVIT OF L. A. GORNTO, JR.

Plaintiff, H.T.E., Inc., ("HTE"), pursuant to Local Rule 3.01(b), files and serves this memorandum of law in opposition to "Defendant's Motion to Exclude from Consideration or, in the Alternative, to Strike Portions of the Affidavit of L. A. Gornto, Jr." (Docket No. 33).

### I.    STATEMENT OF THE CASE:

1. On or about December 21, 2001, HTE filed the Affidavit of L. A. Gornto, Jr. (Docket No. 26) in opposition to Tyler Technologies, Inc.'s ("Tyler") motion to quash service of process and to dismiss HTE's complaint for lack of personal jurisdiction and venue (Docket No. 4).

2. On January 8, 2002, Tyler filed its motion to exclude from consideration, or in the alternative, to strike portions of paragraphs 16, 21 and 22 of Mr. Gornto's affidavit (Docket No. 33), on the grounds that these portions of Mr. Gornto's affidavit are allegedly immaterial, irrelevant or otherwise consist of legal conclusions.

39

## II. MEMORANDUM OF LAW OPPOSING TYLER'S MOTION:

Paragraphs 16, 21 and 22 of Mr. Gornto's affidavit are relevant and material to issues raised by Tyler's motion to quash service of process and to dismiss HTE's complaint for lack of personal jurisdiction and venue (Docket No. 4). More specifically, these portions of Mr. Gornto's affidavit evidence, in pertinent part, the significant interest of, and connection with, Florida.

For instance, these paragraphs reflect, in pertinent part, that (i)Tyler expressly provided an Acquiring Persons Statement pursuant to Florida law (paragraph 16), (ii) HTE effected the redemption of Tyler's HTE common stock pursuant to the authority granted under Florida law (paragraph 21), and (iii) in reliance upon Florida law, Tyler made certain assertions in response to HTE's notice of redemption (paragraph 22).

From Mr. Gornto's perspective, Tyler's HTE common stock was purchased in a control share acquisition and was, thus, subject to redemption by HTE (paragraph 16), HTE did in fact effect the redemption of Tyler's HTE's common stock pursuant to Florida law (paragraph 21), and Tyler's assertions relative to its purported ownership of stock and right to vote are not correct. This court may consider these portions of Mr. Gornto's affidavit. Mancher v. Seminole Tribe of Florida, Inc., 708 So.2d 327, 328 (Fla. 4th DCA 1998) (court may consider affidavits when determining motion to dismiss based on lack of personal jurisdiction); Board of Public Instruction for County of Hernando, State of Florida, 119 F.2d 712 (5th Cir. 1941) (affidavit that stated plaintiffs had legal title to securities as trustees of an express trust created by a bondholder's agreement and were entitled to sue thereon was properly considered by the court in granting summary judgment.). See also Thomas v. Thomas, 589 So.2d 944 (Fla. 1st DCA 1991) (the proper standard of review for orders denying motions to strike and for rehearing is abuse of

discretion); and Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 381 So.2d 1164 (Fla. 5th DCA 1980) *approved* 413 So.2d 1 (Fla. 1982) (trial court had discretion to consider or refuse to consider affidavits).

Moreover, Mr. Gornto's affidavit related to Tyler's motion to quash service of process and to dismiss HTE's complaint for lack of personal jurisdiction and venue (Docket No. 4). This motion was rendered moot by Tyler's filing of an answer and defenses that did not raise lack of personal jurisdiction as a defense and by Tyler's filing of a counterclaim in this action (Docket No. 34). Accordingly, Tyler's motion to exclude or to strike portions of Mr. Gornto's affidavit is also now moot. Maler, Jr. v. Baptist Hosp. of Miami, Inc., 532 So.2d 79 (Fla. 3d DCA 1988) (trial court erred in refusing to consider affidavit where there was no prejudice).

### III. CONCLUSION:

For the reasons expressed above, HTE respectfully requests that this Honorable Court deny Tyler's motion to exclude from consideration, or in the alternative, to strike portions of Mr. Gornto's affidavit (Docket No. 33).

Dated this 23rd day of January, 2001.

        BAKER & HOSTETLER LLP
        2300 SunTrust Center
        200 South Orange Avenue
        Post Office Box 112
        Orlando, FL 32802-0112
        Attorneys for Plaintiff, H.T.E., Inc.

By: _____
        John W. Foster, Sr.
        Florida Bar No. 318620
        Jerry R. Linscott
        Florida Bar No. 148009
        Robert C. Yee
        Florida Bar No.0096784

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of HTE's Memorandum In Opposition To Defendant's Motion To Exclude From Consideration Or, In The Alternative, To Strike Portions Of The Affidavit Of L.A. Gornto, Jr. has been furnished by hand delivery this 23rd day of January, 2001, to William B. Wilson, Esquire, Holland & Knight LLP, 200 S. Orange Avenue, Suite 2600, Orlando, FL 32801.

_____
John W. Foster, Sr.

G:\Jwf0370\25944\00001\Pleadings\FEDERAL\Response To Exclude Or Strike Gornto Aff.Doc

4