UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:01-CV-1366-ORL-31DAB

H.T.E., Inc., a Florida corporation,

    Plaintiff,

v.

TYLER TECHNOLOGIES, INC., a
Delaware corporation,

    Defendant

## HTE'S ANSWER AND AFFIRMATIVE DEFENSES TO TYLER'S AMENDED COUNTERLCLAIM

Plaintiff, H.T.E., Inc., ("HTE"), and by and through its undersigned counsel, hereby files its answer and affirmative defenses to Defendant's amended counterclaim (Docket No. 38), and would further state as follows:

1. HTE admits that Tyler purports to assert a cause of action for declaratory and supplemental relief pursuant to 28 USC §2201 and Chapter 86 of the Florida Statutes. HTE is without knowledge of the remaining allegations contained in Paragraph 1.

2. HTE admits that Tyler is a Delaware corporation with one of its offices located in Dallas, Texas. HTE denies the remaining allegations contained in Paragraph 2.

3. Admitted.

4. HTE admits that pursuant to a stock purchase agreement dated August 17, 1999, Tyler acquired 4,650,000 shares of HTE common stock, plus an additional 968,952 shares of HTE common stock through the exercise of an option, for a total of 5,618,952 shares of HTE common stock. HTE denies the remaining allegations contained in Paragraph 4.

5. HTE admits that on or about August 23, 1999, Tyler delivered to HTE an "Acquiring Person Statement" under § 607.0902(6), Fla. Stat. and a copy of such statement is attached to the amended counterclaim as Exhibit "1." The document attached as Exhibit "1" to the amended counterclaim speaks for itself.

6. HTE admits that an annual shareholders meeting of HTE was held on November 16, 2000 and, at such meeting, the shareholders voted not to confer voting rights on the shares of HTE common stock owned by Tyler. The remaining allegations contained in Paragraph 6 are denied.

7. HTE admits that Exhibit "2" to the amended counterclaim is a letter from HTE to Tyler regarding its redemption of common stock of HTE held by Tyler. The document attached as Exhibit "2" to the amended counterclaim speaks for itself.

8. It is admitted that Paragraph 8 purports to quote § 607.0902(1), Fla. Stat. However, § 607.0902(1), Fla. Stat. speaks for itself.

9. Florida Statute §§ 607.0902(10)(a) and (b) speak for themselves. HTE admits that Tyler delivered an Acquiring Person Statement under § 607.0902(6), Fla. Stat. HTE denies the remaining allegations contained in Paragraph 9.

10. Florida Statute §§ 607.0902(10)(a) and (b) speak for themselves. HTE admits that on November 16, 2000, the HTE shareholders at the annual shareholders meeting voted not to confer voting rights on the shares of HTE common stock held by Tyler. HTE denies the remaining allegations contained in Paragraph 10.

11. Section 607.0902(1), Fla. Stat. speaks for itself. HTE otherwise denies the allegations contained in Paragraph 11.

12. HTE admits that it is HTE's position that its redemption of all of Tyler's shares of HTE stock is valid, and that Tyler takes the contrary position. HTE denies that Tyler's position is correct or proper.

13. HTE admits that it is HTE's position that it is entitled to redeem all of the stock of HTE owned by Tyler and that Tyler takes the contrary position. HTE denies that Tyler's position is correct or proper.

14. HTE admits that the shareholders voted not to confer voting rights on the stock of HTE held by Tyler and that Tyler takes the contrary position (i.e., that HTE can only limit the voting rights of HTE's stock held by Tyler that is in excess of 20 percent of HTE's issued and outstanding shares of stock at the time Tyler acquired its stock). HTE denies that Tyler's position is correct or proper.

15. HTE is without knowledge as to the allegations contained in paragraph 15 and therefore denies same.

16. HTE admits that $1.30 per share for the redemption of HTE stock held by Tyler is an appropriate redemption price and that Tyler disagrees with HTE's position. HTE denies that Tyler's position is correct or proper.

17. HTE admits that there is disagreement between HTE and Tyler relative to their respective rights under § 607.0902, Fla. Stat.

18. Admitted.

19. Admitted.

20. HTE denies each and every allegation set forth in Tyler's amended counterclaim not specifically admitted above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

HTE affirmatively reasserts and incorporates herein by reference the allegations set forth in Count II of HTE's first amended complaint against Tyler, as a set-off against the redemption price.

### SECOND AFFIRMATIVE DEFENSE

HTE affirmatively asserts that Tyler's claims and positions are barred by the doctrines of waiver and estoppel, in that *inter alia* Tyler issued an Acquiring Person Statement, Tyler failed to request a special meeting of HTE's shareholders, Tyler submitted a purported proxy for the 2000 annual meeting of shareholders on the proposal to confer voting rights on all of the shares of HTE common stock "acquired by Tyler Technologies, Inc. from Dennis Harward and Jack Harward in a control share acquisition", and Tyler attended the said 2000 annual meeting of shareholders.

WHEREFORE, having answered Tyler's amended counterclaim and having asserted the foregoing affirmative defenses, HTE demands strict proof of each allegation denied and respectfully requests that this Court enter judgment in favor in HTE and against Tyler, together with costs and such further relief as may be proper.

Dated this 24th day of January, 2002.

BAKER & HOSTETLER LLP
2300 SunTrust Center
200 South Orange Avenue
Post Office Box 112
Orlando, FL 32802-0112
Attorneys for Plaintiff, H.T.E., Inc.

By: _____
John W. Foster, Sr.
Florida Bar No. 318620
Robert C. Yee
Florida Bar No.0096784

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defenses has been furnished via hand delivery **WILLIAM B. WILSON, ESQ.**, Holland & Knight LLP, 200 S. Orange Avenue, Suite 2600, Post Office Box 1526, Orlando, Florida 32802-1526 this 24th day of January, 2002.

_____
John W. Foster, Sr.

G:\Jwf0370\25944\00001\Pleadings\FEDERAL\Answer To Amended Counterclaim.Doc