

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

H.T.E., INC., a Florida corporation,

              Plaintiff,

v.                             Case No.:  6:01-cv-1366-Orl-31DAB

TYLER TECHNOLOGIES, INC., a Delaware
corporation,

              Defendant.

---

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P.
26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | 03/01/02 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | Done |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | 05/01/02 |
| **Disclosure of Expert Reports**        Plaintiff: Defendant: [Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | 05/01/02 06/17/02 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | 08/02/02 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions**<br>[Court requires 4 months or more before trial term begins] | 09/02/02 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[10 days before Joint Final Pretrial Statement] | 09/16/02 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 6 weeks before Final Pretrial Conference] | 10/04/02 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | 11/15/02 |
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | 12/16/02 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | 01/06/03 |
| **Estimated Length of Trial**  [trial days] | 5 – 7 Days |
| **Jury / Non-Jury** | Jury* |
| **Mediation**<br><br>Deadline:<br>Mediator:<br>Address:<br><br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | 09/17/02<br>Larry Watson or Jay Cohen |

*In addition to Plaintiff's claim for damages, both parties are seeking declaratory judgments for which the Court may be asked to determine if a jury is to hear any of these issues.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes_____  No _X_ <br><br> Likely to Agree in Future _____ |

## I.   Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.

Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on
_January 31, 2002_ (date) at __9:30 am__ (time) at _Baker &amp; Hostetler_ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| John W. Foster | Plaintiff |
| William B. Wilson | Defendant |

## II.   Pre-Discovery Initial Disclosures of Core Information

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged _X_ agree to exchange (check one)

---

[1]A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

on            by            (check one)            03/01/02     (date).

Below is a description of information disclosed or scheduled for disclosure.

The information required to be disclosed under Fed.R.Civ.P.
26(a)(1)(A)-(D).

**III.    Agreed Discovery Plan for Plaintiffs and Defendants**

   **A.    Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party

movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate

Disclosure Statement using a mandatory form.  No party may seek discovery from any source

before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.

A motion, memorandum, response, or other paper — including emergency motion — is

subject to being denied or stricken unless the filing party has previously filed and served its

Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not

already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of

Interested Persons and Corporate Disclosure Statement, which remains current:

_____X_____   Yes

-9-

_____ No           Amended Certificate will be filed by _____

                      (party) on or before _____ (date).

**B.     Discovery Not Filed** —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule

3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03

(f). The parties further agree as follows:

```
To serve interrogatories, requests for production of documents and requests for
admissions on a computer disk in addition to a printed copy.
```

**C.     Limits on Discovery** —

Absent leave of Court, the parties may take no more than ten depositions per side (not per

party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of

Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.

Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each

deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by

stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

    1.    Depositions

```
Each side is limited to 15 depositions (including experts).
Each deposition is limited to 8 hours duration.
```

    2.    Interrogatories

```
Each side is entitled to served follow-up interrogatories
not to exceed 15 questions, including sub parts.
```

    3.    Document Requests

```
N/A
```

4.    Requests to Admit

          N/A

5.    Supplementation of Discovery

          N/A

**D.    Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

N/A

**E.    Disclosure of Expert Testimony —**

-12-

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

```
Each expert witness shall be made available for deposition on a date and at a
time and place mutually convenient to counsel within the period of 40 days from
the date of disclosure of the expert witness.
```

F.    **Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal

requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

```
The Parties agree to work in good faith to reach a stipulated confidentiality
agreement.
```

**G.      Other Matters Regarding Discovery —**

```
N/A
```

**IV.    Settlement and Alternative Dispute Resolution.**

    **A.     Settlement —**

        The parties agree that settlement is

_____ likely   \_\_x\_\_   unlikely        (check one)

        The parties request a settlement conference before a United States Magistrate Judge.

    yes          (no)          likely to request in future

    **B.     Arbitration —**

        Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically. Does this case fall within the scope of Local Rule 8.02(a)?

    yes          (no)

        For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

    yes          (no)          likely to agree in future

_____ Binding          _____ Non-Binding

        In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

    (yes)          no          likely to agree in future

-15-

**C.      Mediation —**

       Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.      Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

      N/A

Date: _February 4, 2002_

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| | |
|---|---|
| John W. Foster, Esquire | William B. Wilson, Esquire |
| Florida Bar No. 318620 | Florida Bar No. 153167 |
| Baker & Hostetler LLP | Holland & Knight LLP |
| 200 South Orange Avenue | 200 South Orange Avenue |
| ~~Suite 2300~~ | ~~Suite 2600~~ |
| Post Office Box 112 (32802) | Post Office Box 1526 (32802) |
| Orlando, Florida 32801 | Orlando, Florida 32801 |
| 407/649-4000 | 407/425-8500 |

-16-