UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

02 MAY -1 PM 3:49

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO.: 6:01-cv-1366-Orl-31DAB

H.T.E., INC.,

    Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.,

    Defendant.

_____/

## UNOPPOSED MOTION OF DEFENDANT/ COUNTERCLAIMANT, TYLER TECHNOLOGIES, INC., TO AMEND AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant/Counterclaimant, TYLER TECHNOLOGIES, INC. ("Tyler"), pursuant to the provisions of Fed. R. Civ. P. 15(a) respectfully moves the Court to enter an order permitting Tyler leave to file and serve the ANSWER AND AMENDED AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIM, copies of which are attached hereto as Exhibit A, in which it adds the sixth, seventh and eighth affirmative defenses asserting that §607.0902(10), *Fla. Stat.* (2001), is unenforceable because it violates the Commerce Clause of the United States Constitution or, in the alternative, that H.T.E.'s interpretation of §607.0902(10), *Fla. Stat.* (2001), as providing an unlimited right of redemption would violate the Commerce Clause of the United States Constitution, and that Tyler has a setoff for damages it has sustained, and in



which it amends its counterclaim for declaratory judgment to include the foregoing Constitutional points and to assert a claim for damages for injurious falsehood.

Counsel for Tyler has conferred with counsel to H.T.E., Inc. and is authorized to represent that H.T.E. does not oppose the granting of this motion.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND

Fed. R. Civ. P. 15(a) provides that after expiration of the period of twenty days from service of a pleading, a party may amend that pleading by leave of Court, which leave shall be freely given when justice so requires. Leave to amend should be given in the absence of any apparent reasons such as undue delay, bad faith, undue prejudice to an opposing party or the futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See International Ship Repair and Marine Service, Inc. v. St. Paul Fire and Marine Insurance Co.*, 944 F.Supp. 886, 896 (M.D. Fla. 1996). Tyler respectfully submits that its proposed amendments are made timely and in good faith and that allowing it to file them will not result in prejudice to the opposing party.

The proposed amendments merely allow Tyler to set forth more clearly the Constitutional issues which have been crystallized by H.T.E.'s position that under *Florida Statutes* §607.0902(10) it had an unlimited amount of time within which to redeem H.T.E. stock owned by Tyler. In addition, since the institution of this action, the market trading price of H.T.E. common stock (which H.T.E. has proposed to redeem from Tyler for $1.30 per share) has risen to be in excess of $6.60 per share. The false or misleading public pronouncements of H.T.E. in its

2

press releases that none of Tyler's H.T.E. stock has voting rights, that a third party purchaser would have no voting rights in it, and that all of it has been redeemed and Tyler has no ownership in it has eliminated any market and has totally precluded Tyler from being able to sell its H.T.E. stock.  Given the current market trading price of H.T.E. stock, but for H.T.E.'s dissemination of these incorrect statements, Tyler would be offering some of that stock for sale at a profit. The effective elimination of any market and any ability to sell its H.T.E. stock has caused significant special damage to Tyler.

In the Case Management Order entered on February 5, 2002 (Docket No. 46), the Court set a deadline of May 1, 2002 for the amendment of pleadings. Accordingly, it was contemplated that amendment of pleadings by May 1, 2002 would be timely and would not adversely affect the progress of the case or its status on the docket or the administration of justice.  The specific pleading amendments proposed by Tyler will have no adverse affect whatsoever on any of these matters.

Furthermore, the adverse party, H.T.E., does not oppose the granting of this motion, and no prejudice will result to H.T.E. by the granting of this motion.

Tyler respectfully submits that the Court should grant it leave to file and

serve the amended affirmative defenses and second amended counterclaim attached hereto as Exhibit A.

Respectfully submitted,

William B. Wilson, Esquire
Florida Bar No. 153167
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Suite 2600
Post Office Box 1526
Orlando, FL 32802-1526
Phone: (407)425-8500
Fax: (407)244-5288
Attorneys for Defendant,
Tyler Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery/mail this /s/ day of May, 2002 to John W. Foster, Sr., Esquire, Baker & Hostetler LLP, 2300 Sun Trust Center, 200 South Orange Avenue, Post Office Box 112, Orlando, FL 32802-0122.

William B. Wilson, Esquire

ORL1 #719074 v1