IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

02 MAY -1 PM 3: 24

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO.: 6:01-CV-1366-Orl-31DAB

H.T.E., Inc., a Florida corporation,

    Plaintiff,

v.

TYLER TECHNOLOGIES, INC.,
a Delaware corporation,

    Defendant.
_____/

### PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, H.T.E., Inc. ("HTE"), by and through its undersigned counsel and pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule 4.01 of the Rules of the United States District Court for the Middle District of Florida, hereby files this Unopposed Motion for Leave to File Second Amended Complaint and Memorandum of Law in Support and requests that this Court grant HTE leave to file a Second Amended Complaint. In responding to the Defendant, Tyler Technologies, Inc.'s ("Tyler"), discovery requests and in further analyzing this case, HTE has identified an additional claim against Tyler, to wit: tortious interference with HTE's business relations. **Tyler does not oppose the relief requested in this Motion.** For the grounds as more fully set forth in the Memorandum of Law, HTE respectfully requests this Court grant HTE leave to file the Second Amended Complaint which is attached hereto as Exhibit "A".



## **MEMORANDUM OF LAW**

This actions arises out of Tyler's control share acquisition of HTE's common stock from two Florida residents, Dennis and Jack Harward ("the Harwards") and HTE's redemption of the same, under Florida Law. Tyler contested HTE's redemption of Tyler's HTE stock and, on October 30, 2001, HTE filed an action seeking declaratory relief, styled *HTE, Inc. v. Tyler Technologies, Inc.*, in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, Case No. 01-CA-2432-16-W.

On November 20, 2001, Tyler removed the action to Federal Court. On December 21, 2001, HTE filed its First Amended Complaint for declaratory and supplemental relief, and for damages ("First Amended Complaint"). In the First Amended Complaint, HTE added a claim for tortious interference with a contract. Essentially, HTE alleged that Tyler's actions induced or caused the breach of HTE's severance agreement with the Harwards. On or about March 14, 2002, Tyler served interrogatories and requests for production of documents to HTE. In HTE's efforts to respond to Tyler's discovery requests and in further reviewing and analyzing this case, HTE identified an additional claim against Tyler, to wit: tortious interference with HTE's business relationships. More specifically, Tyler by and through its actions, also tortiously interfered with HTE's business relations with the Harwards. HTE seeks leave from this Court pursuant to Rule 15 of the Federal Rules of Civil Procedure to file a Second Amended Complaint which adds a claim for tortious interference with business relationships.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Amendment of

the pleading should be liberally granted. Burger King Corp. v. Weaver, 169 F.3d 1310 (11th Cir. 1999); Loggerhead Turtle v. County Council of Volusia County, Fla., 148 F.3d 1231 (11th Cir. 1998).

HTE requests that it be granted leave to amend the complaint in order to add a claim against Tyler for its tortious interference with HTE's business relationships. This Motion is filed in good faith and not for the purpose of undue delay. Moreover, none of the parties to this action will be unduly prejudiced by the relief requested herein. *See* Forbus v. Sears Roebuck & Co., 30 F.3d 1403 (11th Cir. 1994)(In absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted.); *see also* Taylor v. Florida State Fair Authority, 875 F.Supp. 812 (M.D.Fla. 1995). HTE will be prejudiced if the relief requested herein is not granted as it will be precluded from asserting a viable claim against Tyler that arises from the transactions which are the subject of this action.

Pursuant to Rule 3.01(g) of the United States District Court for the Middle District of Florida, counsel for HTE has in a good faith effort conferred with opposing counsel in an attempt to resolve this issue. Counsel for Tyler does not oppose this Motion or the filing of HTE"s Second Amended Complaint.

WHEREFORE, HTE, Inc. respectfully requests that this Court enter an Order (i) granting HTE leave to file the Second Amended Complaint attached hereto as Exhibit "A", and (ii) adjudicating that the attached Second Amended Complaint shall be deemed as filed as of the date of said Order.

Dated this 1st day of May, 2002.

        BAKER & HOSTETLER LLP
        2300 SunTrust Center
        200 South Orange Avenue
        Post Office Box 112
        Orlando, FL 32802-0112
        Attorneys for Plaintiff, H.T.E., Inc.

By: _____
    John W. Foster, Sr.
    Florida Bar No. 318620
    Robert C. Yee
    Florida Bar No. 0096784

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Unopposed Motion for Leave to File Second Amended Complaint and Memorandum of Law in Support has been furnished via hand delivery to: **WILLIAM B. WILSON, ESQ.**, Holland & Knight LLP, 200 S. Orange Avenue, Suite 2600, Post Office Box 1526, Orlando, Florida 32802-1526 this 1st day of May, 2002.

_____