

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:01-cv-1366-Orl-31DAB

H.T.E., INC.,

    Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.,

    Defendant.
_____/

## TYLER'S MOTION TO COMPEL DISCOVERY

Defendant, TYLER TECHNOLOGIES, INC. ("Tyler"), pursuant to the provisions of Fed. R. Civ. P. 37 and Local Rule 3.04, respectfully moves the Court to enter an Order compelling the Plaintiff, H.T.E., Inc. ("H.T.E."), to produce the portions containing any release language (or any releases) of the Settlement Agreement entered into among H.T.E. and Dennis J. Harward and/or Jack L. Harward in connection with the action styled "DENNIS J. HARWARD and JACK L. HARWARD, Plaintiffs, vs. H.T.E., INC., a Florida corporation, Defendant." pending in the Circuit Court of the Eighteenth Judicial Circuit Court, in and for Seminole County, Florida, and bearing Case Number 99-CA-1995-15-B (the "Prior Civil Action"), on the following grounds:

1. In this action, H.T.E. has brought a claim against Tyler for purported tortious interference with a severance agreement between H.T.E. and Dennis Harward and Jack L. Harward (the "Severance Agreement") claiming that Tyler caused the Harwards to breach the Severance Agreement.

2. In the Prior Civil Action H.T.E. asserted a counterclaim against the Harwards contending that the Harwards had breached the Severance Agreement. The Prior Civil Action was settled, and the parties entered into a written settlement agreement containing the terms of the settlement agreement and releases with respect to the claims (including the breach of Severance Agreement counterclaim brought by H.T.E. against the Harwards).

3. Portions of the Settlement Agreement containing any release language or any releases executed in connection with the settlement of the Prior Civil Action are highly relevant and are reasonably calculated to lead to the discovery of admissible evidence in the instant action for the following reasons:

    a. In the Prior Civil Action, it was H.T.E.'s contention that the Harward's had breached the Severance Agreement by virtue of their entering into a purchase and sale agreement with Tyler under which the Harwards sold their H.T.E. stock to Tyler;

    b. In this action, H.T.E. has alleged that Tyler tortiously interfered with the Severance Agreement causing the Harwards to breach the Severance Agreement by virtue of the purchase and sale agreement between Tyler and the Harwards;

c. The settlement of the Prior Civil Action includes a release of the Harwards by H.T.E. for claims and damages in connection with their alleged breach of the Severance Agreement, and, in all probability, that release includes language that makes it applicable to entities in privity with the Harwards, such as Tyler.

4. On March 14, 2002, Tyler served a Request for Production of Documents on H.T.E. and to which H.T.E. responded on April 19, 2002. In paragraph 48 of the Request, Tyler sought production of the settlement agreement in the Prior Civil Action. That request and H.T.E.'s response are as follows:

Request:

48. All documents containing or referring to the terms and conditions of the settlement between H.T.E. and Dennis Harward and/or Jack L. Harward of the action styled and pending in the Circuit Court of the Eighteenth Judicial Circuit, including, but not limited to the settlement agreement and/or any releases executed in connection with the settlement.

Response:

H.T.E. objects to this request on the ground that it requests documents that are confidential and not subject to disclosure unless and until a confidentiality agreement is entered. <u>H.T.E. anticipates that the parties will be able to agree upon and execute a confidentiality agreement, subject to which H.T.E. will produce the subject documents</u>. In the meantime, H.T.E. objects and moves for a protective order. Moreover, H.T.E. objects on the ground and to the extent that this request is overbroad. [emphasis supplied.]

5. On June 4, 2002, H.T.E. and Tyler entered into a Confidentiality Agreement.

3

6. On June 6, 2002, counsel for Tyler wrote to counsel for H.T.E. requesting production of all documents previously requested, but which had not been produced pending execution of a confidentiality agreement.

7. By letter dated June 14, 2002, counsel for H.T.E. stated that it would not be producing the Settlement Agreement on the grounds that it contained a confidentiality provision and that the Harwards had objected to its production. A copy of that letter is attached as Exhibit A.

8. H.T.E. has not produced documents requested in Paragraph 48 of the Request.

9. Counsel for Tyler has advised counsel for H.T.E. that Tyler is only interested in the portions of the Settlement Agreement containing any release language or any releases under which H.T.E. released Dennis Harward and/or Jack L. Harward in connection with the settlement and that other documents or portions of the agreement need not be produced at this time or can be redacted to preserve confidentiality. Furthermore, the documents would be produced subject to the Confidentiality Agreement.

10. There has been no objection to production of the portion of the Settlement Agreement containing release language (or any releases) on the grounds of relevance or privilege.

11. The need for Tyler to discover documents containing such a release, which would support an affirmative defense to H.T.E.'s claim against Tyler for

tortious interference with the Severance Agreement, far outweighs any interest of H.T.E. or any other party for confidentiality in connection with that information.

WHEREFORE, TYLER respectfully requests the Court to enter an Order compelling H.T.E. to produce, subject to the Confidentiality Agreement, the portions of the Settlement Agreement that contain any release language or any releases executed in connection with the settlement between H.T.E. and Dennis Harward and/or Jack L. Harward in the Prior Civil Action.

### **COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g) the undersigned counsel for the Defendant, TYLER TECHNOLOGIES, INC., certifies that he has conferred with counsel for the opposing party, H.T.E., Inc., in a good faith effort to resolve the issues raised by this motion, and that counsel had been unable to agree on the resolution of the motion.

Respectfully submitted,

William B. Wilson, Esquire
Florida Bar No. 153167
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Suite 2600
Post Office Box 1526
Orlando, FL 32802-1526
Phone: (407)425-8500
Fax: (407)244-5288
Attorneys for Defendant,
Tyler Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery/~~mail~~ this 28th day of June, 2002 to John W. Foster, Sr., Esquire, Baker & Hostetler LLP, 2300 Sun Trust Center, 200 South Orange Avenue, Post Office Box 112, Orlando, FL 32802-0122.

William B. Wilson, Esquire

ORL1 #726271 v1

6

# BAKER
## &
## HOSTETLER LLP
### COUNSELLORS AT LAW

200 SOUTH ORANGE AVENUE • SUNTRUST CENTER, SUITE 2300 • P.O. BOX 112 • ORLANDO, FLORIDA 32802-0112 • (407) 649-4000
FAX (407) 841-0168
WRITER'S DIRECT DIAL NUMBER    (407) 649-4030

June 14, 2002

Via Hand Delivery

William B. Wilson, Esquire
Holland & Knight LLP
200 S. Orange Avenue, Suite 2600
Orlando, Florida  32801

      Re:  HTE, Inc. v. Tyler Technologies, Inc.
      Subject:  Supplemental Disclosures

Dear Bill:

    Enclosed are documents being produced pursuant to the Confidentiality Agreement bearing bates stamp numbers H 1465-2082. Also enclosed are additional documents being produced either pursuant to your request, or supplementing our initial disclosure bearing bates numbers H 2083-2359.

    We have not included in this production the settlement agreement between HTE and the Harwards because it contains a confidentiality clause and the Harwards, through their attorney, Doug Brown, have objected to the disclosure of the agreement. We have placed it on a privilege log, which is enclosed.

    Now that we have made out expert designations and disclosures, there are no work product materials being withheld. Additionally, other than the basic privileged communication between HTE and its attorneys (i.e., my firm and, before me, the Greenburg firm), there are no privileged documents to withhold and, thus, nothing to add to the privilege log.

    Moreover, there are no documents being withheld on the grounds of relevance.

    Should you have any questions or comments, do not hesitate to call me.

                              Very truly yours,

                              John W. Foster, Sr.

Encs.

EXHIBIT A