UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:01-cv-1366-Orl-31DAB

H.T.E., INC.,

    Plaintiff,

vs.

TYLER TECHNOLOGIES, INC.,

    Defendant.

_____/

## TYLER'S MEMORANDUM OF LAW IN SUPPORT
## OF ITS MOTION TO COMPEL DISCOVERY

Defendant/Counterclaimant, TYLER TECHNOLOGIES, INC. ("Tyler"), has moved to compel production of release language contained in a settlement agreement in a prior civil action involving some of the same issues as those in connection with a claim being asserted by Plaintiff, H.T.E., Inc. ("H.T.E.") against Tyler in this action and that may be broad enough to release Tyler from that claim. Tyler's motion should be granted because the information sought is relevant and not privileged; because any claims of confidentiality have been waived or are outweighed by Tyler's need for discovery; and because, in any event, the documents would be produced pursuant to a confidentiality agreement.

I.    **Statement of the Case and Facts:**

In this declaratory judgment action concerning Florida's Control Share Acquisition Act, H.T.E. has asserted a claim against Tyler for purported tortious

interference that caused breaches of a severance agreement between H.T.E. and Dennis J. Harward and Jack L. Harward (the "Severance Agreement").[1]   These breaches of the Severance Agreement were the subject matter of a prior civil action brought in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, styled "DENNIS J. HARWARD and JACK L. HARWARD, Plaintiffs, vs. H.T.E., INC., a Florida corporation, Defendants." and bearing Case No. 99-CA-1995-15-B (the "Prior Civil Action").   In the Prior Civil Action, H.T.E. claimed that the Harwards breached the Severance Agreement as a result of the Harwards entering into a purchase and sale agreement with Tyler under which Tyler acquired shares of H.T.E. stock.   Accordingly, certain elements of liability and the amount of damages in the Prior Civil Action would be identical to some elements of liability and the damages in H.T.E.'s claims for tortious inference against Tyler in this action.[2]

The Prior Civil Action was settled between H.T.E. and the Harwards.[3] H.T.E. has acknowledged that there was a written settlement agreement between H.T.E. and the Harwards concerning the Prior Civil Action (the "Settlement Agreement),[4] which would include H.T.E.'s claim that the Harwards breached the Severance Agreement.   Such a settlement agreement would undoubtedly have contained releases between the parties.   This has not been denied by H.T.E.   It is

---

[1] According to the report of its damages expert, H.T.E. is seeking damages on this claim in the range of $19.9 to $28.8 million.

[2] In this action H.T.E. has filed an order (Docket No. 19) and depositions (Docket No. 20) from the Prior Civil Action and has made extensive references to them in connection with motions in this action, including H.T.E.'s Motion for Partial Summary Judgment.

[3] H.T.E.'s Memorandum of Law (Docket No. 18) at page 3.

[4] See Mr. Foster's letter to Mr. Wilson dated June 14, 2002, a copy of which is attached as Exhibit A.

likely that such release language would not only have pertained to the specific parties in the Prior Civil Action, but would have covered entities related to the parties, including those in privity with the parties.[5]  Tyler is in privity with the Harwards.  Consequently, the portions of the Settlement Agreement containing release language (or any releases) are highly relevant to H.T.E.'s claims of tortious interference in this action and an affirmative defense to those claims for Tyler.

On March 14, 2002, Tyler served a Request for Production of Documents on H.T.E. in this action.  In paragraph 48 of the Request, Tyler sought production of the Settlement Agreement or any release executed in connection with the settlement. On April 19, 2002, H.T.E. served its response to the request. Paragraph 48 of the request and H.T.E.'s response to it are as follows:

> Request:
>
> 48.   All documents containing or referring to the terms and conditions of the settlement between H.T.E. and Dennis Harward and/or Jack L. Harward of the action styled and pending in the Circuit Court of the Eighteenth Judicial Circuit, including, but not limited to the settlement agreement and/or any releases executed in connection with the settlement.
>
> Response:
>
> H.T.E. objects to this request on the ground that it requests documents that are confidential and not subject to disclosure unless and until a confidentiality agreement is entered.  H.T.E. anticipates that the parties will be able to agree upon and execute a confidentiality agreement, subject to which H.T.E. will produce the subject documents.  In the meantime, H.T.E. objects and moves for a protective order.  Moreover, H.T.E. objects on the ground and to the extent that this request is overbroad. [Emphasis supplied.]

---

[5] In connection with the Settlement Agreement the Harwards were represented by Douglas Brown of the firm of Rumberger, Kirk & Caldwell.  H.T.E. was represented by John Foster.

On June 4, 2002, H.T.E. and Tyler entered into a confidentiality agreement, a copy of which is attached hereto as Exhibit B (the "Confidentiality Agreement").  By letter dated June 6, 2002, counsel for Tyler wrote to counsel for H.T.E. requesting production of documents that were withheld on the basis of confidential information, including paragraph 48 of the request.  A copy of this letter is attached as Exhibit C.

Contrary to H.T.E.'s prior response indicating that upon execution of a confidentiality agreement the "subject documents" would be produced, by letter dated June 14, 2002, counsel for H.T.E. stated that, "We have not included in this production the settlement agreement between H.T.E. and the Harwards because it contains a confidentiality clause and the Harwards, through their attorney, Doug Brown, have objected to disclosure of the agreement."[6]  A copy of this letter is attached as Exhibit A.[7]

Tyler has moved to compel production of those portions of the Settlement Agreement containing any release language (or any releases).

II.     **<u>Tyler's Motion to Compel Should be Granted.</u>**

Tyler's motion should be granted because the information sought is highly relevant to issues in this action and is reasonably calculated to lead to the discovery

---

[6] The Harwards now consider themselves to be adverse to Tyler because of a dispute in connection with their transaction with Tyler.

[7] H.T.E.'s motion for protective order and objection to production of the Settlement Agreement on grounds of "confidentiality" were asserted on a temporary basis until a confidentiality agreement could be reached.  That motion and objection became moot once the parties entered into their Confidentiality Agreement.  Likewise, H.T.E.'s overbreath objection is moot given H.T.E.'s agreement to produce the "subject documents" under the Confidentiality Agreement.  Indeed,

of admissible evidence in this action because any claims of confidentiality have been waived or are outweighed by Tyler's need for discovery of that information and because the production would be subject to the Confidentiality Agreement entered into between H.T.E. and Tyler.

A.    The scope of discovery is broad and allows discovery of confidential settlement agreements that are relevant.

The scope of discovery under the Federal Rules of Civil Procedure is very broad.   A party can obtain discovery regarding any matter that is not privileged and that is relevant to the claim or defense of any party.   Relevant information does not have to be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.   Fed. R. Civ. P. 26(b)(1).   With respect to production of the subject Settlement Agreement, there is no claim of privilege.   The only basis for withholding production of the document was the confidential nature of the Settlement Agreement, and that objection was made subject to the parties entering into a confidentiality agreement.   H.T.E. agreed to produce the "subject documents" once the parties entered into the Confidentiality Agreement.   Subsequently, H.T.E. withheld production on the ground that the Harwards, a non-party to the instant case, were objecting to its production on the basis of a confidentiality provision contained in the Settlement Agreement.

overbreath is not mentioned in Mr. Foster's letter of June 14, 2002. Finally, as to overbreath Tyler has agreed to restrict production to the release language.

Upon the determination that a confidential settlement agreement is relevant[8] and no privilege has been asserted with respect to it, the only remaining inquiry is whether the information is probably admissible (or likely to lead to admissible evidence). In *Young v. State Farm Mutual Automobile Insurance Company*, 169 F.R.D. 72 (S.D.W.V. 1996), plaintiff sought production of a settlement agreement that contained a confidentiality provision. In granting the Plaintiff's motion to compel production of the agreement, the court stated:

> Having determined that the discovery requests are relevant and not privileged, and that the discovery material is probably admissible (or likely to lead to admissible evidence), the court notes that the applicable cases support disclosure. *Bottaro*, 96 F.R.D. at 160; *Morse/Diesel, Inc.*, 122 F.R.D. at 451; *Vardon Golf Co.*, 156 F.R.D. at 650-51; *McCullough*, supra, 1995 W.L. 699265 at *2. The weight of authority and Rule 26(b) itself impose upon the requesting party a greater burden to establish the relevancy and to gain discovery, of otherwise inadmissible, nonprivileged confidential settlement documents. But if the requesting party shows that the "information appears reasonably calculated to lead to discovery of admissible evidence," then it is probably discoverable. It is appropriate to protect confidential settlement agreements, but not if such protection prevents necessary discovery.

*Id.* at 79.

Here, not only are the portions of the Settlement Agreement containing release language relevant from a discovery standpoint, but they are likely to be admissible

---

[8] There appears to be a split of authority as to the standard of relevance required to obtain disclosure of a confidential settlement agreement, with some courts using the traditional "reasonably calculated to lead to the discovery of admissible evidence" standard, while others require the heighten standard of a particularized showing of relevance. *See Young v. State Farm Mutual Automobile Ins. Co.*, 169 F.R.D. 72 (S.D.WV 1996). Under either standard the release language in the Settlement Agreement is relevant to the instant action and Tyler's defense to H.T.E.'s tortious interference claims.

into evidence.  In short, parties cannot contract privately for confidentiality of a settlement agreement, and foreclose nonparties from obtaining, in the course of litigation, materials that are relevant to their efforts to vindicate a legal position. *Grumman Aerospace Corporation v. Titanium Metals Corporation of America,* 91 F.R.D. 84, 87-88 (E.D.N.Y., 1981). *See also Fidelity Federal Savings & Loan Assn. v. Felicetti,* 148 F.D.R. 532, 534 (E.D. Pa. 1993); and *Smith v. TIB Bank of The Keys,* 687 So.2d 895, 896-897 (Fla. 3rd DCA 1997).

      B.    <u>The Information Sought is Relevant and Non-privileged.</u>

      There is no question that the Settlement Agreement between H.T.E. and the Harwards, as it pertains to the scope of the release given by H.T.E. is relevant.  Indeed, H.T.E. asserted no objection to production of the document on the grounds of relevance.  If, as would be typical, H.T.E. released the Harwards and "any agents, employees, servants, heirs, executors, administrators, predecessors, successors, assigns and all other persons or entities  in privity therewith . . .", the release could cover Tyler, which is in privity with the Harwards by virtue of the agreement for purchase and sale of the Harwards' H.T.E. stock to Tyler, the very agreement which H.T.E. claimed was a basis of the Harwards' claim of breach of the Severance Agreement.  Furthermore, because the agreement between Tyler and the Harwards was a basis of H.T.E.'s claim of breach, the parties in the Prior Civil Action would have contemplated a potential tortious interference claim against Tyler, so it would not be surprising if the release covered such a claim.  Assuming the foregoing to be the case, the Settlement Agreement (or at least that portion

containing the release) would be admissible into evidence in this action on Tyler's affirmative defense of release.[9]

        C.    <u>H.T.E. has Waived any Objections on the Basis of Privilege or Confidentiality.</u>

In its reply to paragraph 48 and in the Foster letter of June 14, 2002, H.T.E. raised no objection on the basis of privilege. Accordingly, it has waived any objections on that ground. While it asserted a confidentiality objection, that objection was made pending a Confidentiality Agreement and H.T.E. stated that once a confidentiality agreement had been reached, it would produce the documents. Once the Confidentiality Agreement was entered into between the parties, H.T.E.'s objection became moot since it had agreed to produce the "subject documents" at that point.[10]

        D.    <u>Claims of Confidentiality Outweighed by Tyler's Need for Discovery.</u>

It is hard to imagine how the Harwards could have a legitimate concern about the disclosure of the release language, particularly in view of the fact that the disclosure would be subject to the Confidentiality Agreement between Tyler and H.T.E. Assuming *arguendo* that there was a legitimate concern, clearly it

---

[9] To the extent a party argued that the release would not be admissible in evidence because of Fed. R. Evid. 408, that Rule only applies to admissibility of evidence and does not protect evidence from discovery. In addition, that Rule pertains to offers, and once a settlement agreement has been reached, the purpose of the rule (*i.e.*, to protect against discouraging compromise offers) is no longer present. *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland*, 122 F.R.D. 447, 449-450 (S.D.N.Y. 1988). Finally, that Rule is restricted to proving the liability or validity of the claim being asserted against the parties to the compromise – not Tyler.

[10] To the extent that H.T.E. raises the objection of overbreath, it was waived by the agreement to produce the documents once the parties entered into the Confidentiality Agreement. In any event, Tyler has agreed to restrict its initial request for production to only those portions of the Settlement Agreement dealing with the release.

would be outweighed by Tyler's need to discover whether it has been previously released from any claim arising out of the Harwards' breach of the contract. This is particularly true since H.T.E. seeks damages in excess of $20 million against Tyler under the tortious inference claim. Accordingly, the portions of the Settlement Agreement containing release language or any release should be produced.[11]

III.   **Conclusion.**

For the foregoing reasons, Tyler's motion to compel should be granted, and H.T.E. should be ordered to produce the portions of the Settlement Agreement containing release language or any releases in connection with the settlement.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery this 28th day of June, 2002, to **John W. Foster, Sr., Esquire,** Baker & Hostetler LLP, 2300 Sun Trust Center, 200 South Orange Avenue, Post Office Box 112, Orlando, FL 32802-0112.

William B. Wilson, Esquire
Florida Bar No. 153167
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Suite 2600
Post Office Box 1526
Orlando, FL 32802-1526
Phone: (407)425-8500
Fax: (407)244-5288
Attorneys for Defendant,
Tyler Technologies, Inc.

---

[11] The alternative of obtaining the equivalent information through interrogatories or depositions would not be effective because claims of confidentiality would still be asserted and because Tyler would be at the mercy of its adversaries for their recollection and interpretation of the release language. Furthermore, such an approach is not practical in a jurisdiction where depositions are limited in number and duration.

# BAKER
### &
# HOSTETLER LLP
## COUNSELLORS AT LAW

200 SOUTH ORANGE AVENUE   •   SUNTRUST CENTER, SUITE 2300   •   P.O. BOX 112   •   ORLANDO, FLORIDA 32802-0112   •   (407) 649-4000
FAX (407) 841-0168
WRITER'S DIRECT DIAL NUMBER   (407) 649-4030

June 14, 2002

Via Hand Delivery

William B. Wilson, Esquire
Holland & Knight LLP
200 S. Orange Avenue, Suite 2600
Orlando, Florida 32801

   Re: HTE, Inc. v. Tyler Technologies, Inc.
   Subject:  Supplemental Disclosures

Dear Bill:

  Enclosed are documents being produced pursuant to the Confidentiality Agreement bearing bates stamp numbers H 1465-2082.  Also enclosed are additional documents being produced either pursuant to your request, or supplementing our initial disclosure bearing bates numbers H 2083-2359.

  We have not included in this production the settlement agreement between HTE and the Harwards because it contains a confidentiality clause and the Harwards, through their attorney, Doug Brown, have objected to the disclosure of the agreement.  We have placed it on a privilege log, which is enclosed.

  Now that we have made out expert designations and disclosures, there are no work product materials being withheld.  Additionally, other than the basic privileged communication between HTE and its attorneys (i.e., my firm and, before me, the Greenburg firm), there are no privileged documents to withhold and, thus, nothing to add to the privilege log.

  Moreover, there are no documents being withheld on the grounds of relevance.

  Should you have any questions or comments, do not hesitate to call me.

     Very truly yours,

     John W. Foster, Sr.

Encs.

CINCINNATI   •   CLEVELAND   •   COLUMBUS   •   COSTA MESA   •   DENVER   •   HOUSTON   •   LOS ANGELES   •   NEW YORK   •   ORLANDO   •   WASHINGTON
www.bakerlaw.com

EXHIBIT A

# CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is entered into by and between H.T.E., Inc. ("HTE") and Tyler Technologies, Inc.("Tyler"), this 4th day of June, 2002.

## WITNESSETH

WHEREAS, HTE and Tyler are parties in that certain lawsuit in the United States District Court, Middle District of Florida, Orlando Division, Case No. 6:01-CV-1366-ORL-31DAB (hereinafter called the "Lawsuit");

WHEREAS, the parties are involved in discovery in the Lawsuit and wish to enter into this Agreement regarding the designation of materials as "confidential";

WHEREAS, the parties understand and acknowledge that the Court in the Lawsuit shall enforce this Agreement pursuant to Local Rule 4.15 and the Court's Case Management and Scheduling Order issued February 5, 2002 in the Lawsuit;

WHEREAS, the parties understand and agree that, pursuant to the Court's Case Management and Scheduling Order, "No party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."

NOW, THEREFORE, in consideration of the mutual covenants contained herein, the parties stipulate and agree as follows:

1. **Recitals.** The above recitals are true and correct, and form a part of this Agreement.

# EXHIBIT B

2. **Designation of Confidential Documents**.   Each party may designate a document as a "Confidential Document" by placing a legend on the document stating "CONFIDENTIAL-SUBJECT TO CONFIDENTIALITY AGREEMENT IN CASE NO. 6:01-CV-1366-ORL-31DAB, ORLANDO DIVISION, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA," to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c)(7).  for purposes of this Agreement, the term "document" means all written, recorded, graphic or computer maintained material whether produced or created by another party or person, whether produced pursuant to Federal Rule of Civil Procedure 26, 34 or 35, subpoenas, by agreement, or otherwise.

Interrogatory answers, responses to Request for Admissions, depositions, transcripts and exhibits, pleadings, motions, affidavits and briefs that summarize or contain material entitled to protection may be accorded status as a confidential document by a party by placing the aforementioned legend on the document or portion of document to be deemed confidential.   Such document shall be prepared in a manner that the confidential portion of the document is bound separately from that not entitled to protection.

3. **Declassification**. A party may challenge the designation of documents as "Confidential Documents" by serving on the other party a notice challenging the designation and identifying the documents being challenged.  In the event that a party challenges the designation of documents as "Confidential Documents", it shall be the responsibility and burden of the party having designated the documents as "Confidential Documents" to promptly file a motion for protective order as to the documents.  In the

2

event the party having designated the documents as "Confidential Documents" fails to file a motion for protective order within 10 days of service of a notice challenging the designation, then that party shall be deemed to have waived the designation as to the documents identified.

4. **Non-Disclosure of Confidential Documents**. Except with the prior written consent of the party or other person originally designating a document or portion of a document to be confidential, as set forth above, no document or portion of a document designated as confidential may be disclosed to any person except as provided in paragraph 5 below.

5. **Permissible Disclosure of Confidential Documents**.

a. Except by order of Court or with the written consent of the party or person designating a document or portion of a document as confidential, no document or portion of a document designated by a party or person as confidential as provided for in paragraph 2 above shall be disclosed to any person other than (1) counsel for the parties in this action who are actively engaged in this litigation; (2) shareholders, partners, associates and employees of the counsel described in sub-subparagraph (1) above to the extent reasonably necessary to perform support services for that counsel ; (3) persons noticed for deposition or designated as trial witnesses to the extent reasonably necessary in preparing them to testify; (4) Court officials involved in this litigation (including court reporters); and (5) outside consultants or experts employed by counsel described in sub-paragraph (1) above to provide assistance to said counsel in this action.

b. In addition to the persons described in subparagraph (a) above, each party to the litigation may designate up to five individuals to be provided access to

confidential documents designated confidential as provided in paragraph 2 above. Those individuals must be personnel employed by the party and must have prior knowledge of the facts relating to this action as employees of that party.

      c. Before disclosure of any documents designated confidential as provided in paragraph 2 above is made to any person described in subparagraphs (a) or (b) above, such person shall sign a notarized acknowledgment in the form attached hereto as Exhibit A. The party obtaining this statement shall retain the original statement during the course of the litigation.

      6. **Use of Confidential Documents**. Persons obtaining access to documents designated confidential as provided for in paragraph 2 above shall use the information contained in them only for preparation and trial of this litigation (including appeals and retrials) and shall not use the information for any other purpose whatsoever.

      7. **Confidential Information and Depositions**.

      a. A deponent may, during a deposition, be shown and examined about documents designated confidential as provided for in paragraph 2 above if the deponent has prior knowledge of the confidential information contained in the document or if there has been compliance with the provisions of paragraph 5(c). A deponent who is not a party or representative of a party shall be furnished with a copy of this Agreement before being examined about, or asked to produce, potentially confidential documents.

      b. Within fifteen days after receiving a transcript of a deposition, a party or deponent may designate portions of the transcript and/or exhibits attached to the transcript as confidential documents by underlining the portion of the pages that are confidential and placing the legend set forth in paragraph 1 above on the pages or

exhibits claimed to be confidential.  Copies of the pages of the transcript or exhibits so designated shall be served on all counsel of record.  Until the expiration of the fifteen day period, the entire deposition transcript and its attached exhibits will be deemed confidential documents and subject to protection against discovery under this Agreement. If a timely designation of pages of the transcript and/or exhibits to the deposition as confidential is made, the confidential portions of the transcript and exhibits, if filed, shall be filed under seal separate from the portions and exhibits so marked; however, no person shall file said portions of the transcript and exhibits under seal without first having obtained an order granting leave to file the same under seal on a showing of particularized need.  If a party fails to designate pages of a transcript of a deposition and/or exhibits attached to the transcript as confidential within the fifteen day period, that party waives it right to designate portions of the transcripts and/or exhibits as confidential; provided, however, that a party shall not be required to redesignate as confidential any documents which have previously been marked with the legend described in paragraph 1 above.

8.  **Use of Confidential Information at Trial**.  Subject to the Federal Rules of Evidence, documents designated confidential as provided for in paragraph  2 above may be offered into evidence at hearing or trial, provided that the proponent of the evidence gives notice to all counsel of record at least five days in advance of the trial or hearing. Any party may apply to the Court for an order that the evidence be received in camera, under seal or otherwise under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as

confidential information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

9. **Filing Confidential Documents**. If filed, documents designated confidential as provided for in paragraph 2 above shall be filed under seal and shall remain sealed while in the office of the Clerk of this Court so long as they retain their status as confidential documents; however, no person shall file said documents under seal without first having obtained an order granting leave to file the same under seal on a showing of particularized need.

10. **Subpoena by other Courts or Agencies.** If another court or administrative agency subpoenas or orders production of any confidential document, such party shall, within twenty days of receipt of the subpoena or order of production, provide written notice of such subpoena or order to the party or person having designated the document as confidential.

11. **Trade Secrets or Confidential Information Withheld**. In the event that any document or testimony contains or involves information which any party believes to be a trade secret or confidential material which should not be disclosed to any of the parties or their respective attorneys, experts, consultants or employees, said party may withhold the subject document or information. In the event that a party withholds any such document or information, then the withholding party shall identify each such document on a privilege log in accordance with Federal Rules of Civil Procedure 26(b)(5).

12. **Non-Termination**. The provisions of this Agreement shall not terminate at the conclusion of this Lawsuit. Within 60 days after the final conclusion of all aspects of this Lawsuit (including all post-trial motions and appeals) the party having designated

documents as confidential may request in writing the return or destruction of the confidential documents (other than exhibits or records filed under seal with the Clerk of the Court).   If return is requested, the documents designated as confidential shall be prepared for return by the party holding them and shall be delivered to the party or person having designated the document as confidential.   The cost of preparation and delivery of the documents designated as confidential shall be borne by the party requesting return of them.   If the party or person having designated the documents as confidential requests that they be destroyed, the documents shall be destroyed within thirty days of receipt of a written request for destruction of the documents.   Counsel of record for the party returning or destroying the documents shall, within thirty days of the return or destruction of the documents, serve written notice on counsel of record for the party requesting the return or destruction of the documents designated as confidential that all of the documents requested to be returned or destroyed have been returned or destroyed.

13. **Responsibility of Attorneys**.   Counsel of record for parties are responsible for employing reasonable measures to control, consistent with this Agreement, duplication of, access to and distribution of copies of documents designated as confidential.

14. **Non-Waiver**.  By jointly stipulating and entering into this Agreement, neither party shall be deemed to have waived any objection they may have to the admissibility into evidence of any documents.


**Baker & Hostetler LLP**
200 S. Orange Avenue, #2300
Orlando, FL  32801

By: _____
    John W. Foster, Sr.
    as Attorneys for H.T.E., Inc.

**Holland & Knight**
200 South Orange Avenue, #2600
Orlando, FL  32801

By: _____
    William Wilson
    as Attorneys for Tyler
    Technologies, Inc.

6/4/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CASE NO.: 6:01-cv-1366-Orl-31DAB**

H.T.E., Inc., a Florida corporation,

     Plaintiff,

v.

TYLER TECHNOLOGIES, INC.,
a Delaware corporation,

     Defendant.

_____/

**AFFIDAVIT OF ACKNOWLEDGMENT AND AGREEMENT
TO ABIDE BY CONFIDENTIALITY AGREEMENT**

STATE OF _____

                SS

COUNTY OF _____

1.    My   name   is   _____.   I   live   at _____.  I am employed as _____ by _____.

2.    I am aware that a Confidentiality Agreement ("Agreement") has been entered into by the parties in that certain federal lawsuit styled H.T.E., Inc. v. Tyler Technologies, Inc., in the United States District Court for the Middle District of Florida, Orlando Division, Case No. Case No. 6:01-CV-1366-ORL-31DAB and a copy of that Agreement has been given to me.

9

3.     I promise to comply with the terms of that Agreement, and I promise that documents and transcripts designated as confidential under the terms of that Agreement will be used by me only in connection with this civil action.

4.     I promise that I will not disclose or discuss confidential documents or transcripts or the information designated confidential and contained in them with any person or entity other than counsel of record for the parties in this action or other persons which counsel of record specifically advise me in writing are entitled to receive such confidential information under the terms of the Agreement.

5.     I understand that any use of the information obtained by me from any material labeled "Confidential Information" or summaries thereof, in any manner contrary to the provisions of the Agreement may subject me to sanctions of the Court for contempt.


_____
Affiant

STATE OF _____

                   SS

COUNTY OF _____

       The foregoing instrument was acknowledged before me this ____ day of _____, 200_, by _____ who is/are personally known to me or has/have produced _____ as identification and who did take an oath.

Notary Stamp

                        _____

                        Signature of Person Taking
                        Acknowledgment
                        Print Name: _____
                        Title:  Notary Public
                        Serial No. (if any)_____
                        Commission expires:

G:\Jwf0370\25944\00001\Confidentiality Agreement Jwf.Doc.Doc

Law Offices

# HOLLAND & KNIGHT LLP

200 South Orange Avenue, Suite 2600
P.O. Box 1526 (ZIP 32802-1526)
Orlando, Florida 32801

407-425-8500
FAX 407-244-5288
http://www.hklaw.com

Ann      Northern Virginia
Atlan.      Orlando
Bethesda      Portland
Boston      Providence
Bradenton      San Antonio
Chicago      San Francisco
Fort Lauderdale      Seattle
Jacksonville      St. Petersburg
Lakeland      Tallahassee
Los Angeles      Tampa
Melbourne      Washington, D.C.
Miami      West Palm Beach
New York

International Offices:      São Paulo
Caracas*      Tel Aviv*
Helsinki      Tokyo
Mexico City
Rio de Janeiro      *Representative Offices

June 6, 2002

**WILLIAM B. WILSON**
407-244-1115

Internet Address:
bwilson@hklaw.com

*HAND DELIVERY*

John W. Foster, Sr., Esquire
Baker & Hostetler LLP
2300 Sun Trust Center
200 South Orange Avenue,
Orlando, FL 32802-0112

     Re:   H.T.E., Inc. v. Tyler Technologies, Inc.

Dear John:

     In H.T.E.'s response to Defendant's First Request for Production of Documents, you indicated that, pending the signing of a confidentiality agreement, H.T.E. was withholding production of certain documents that were proprietary and/or confidential and/or trade secret in connection with paragraphs 5, 8, 24, 29, 36, 37, 42, 48 and 50 of the request.

     At the time of service of H.T.E.'s response to the request on April 19, 2002, you furnished me with a draft of a proposed Confidentiality Agreement. I made some minor changes in that proposed agreement and promptly returned it to you. On June 4, 2002, the revised proposed Confidentiality Agreement was delivered to me, and I signed it and returned a copy of it to you that day. The delays in obtaining the Confidentiality Agreement have caused a delay in my receipt of those documents you have withheld on the basis of the "confidential" privilege. I would like to obtain those documents at the earliest possible time in the hopes that these delays will not delay the reports of Tyler's expert witnesses.

     In addition to the foregoing, you have objected to production of documents falling within the attorney/client and work product privileges. I would



EXHIBIT C

John W. Foster, Sr., Esquire
June 6, 2002
Page 2

appreciate it if you would furnish me with a "privilege log" of all documents that are being withheld on the basis of those or any other privileges.

Finally, I note that some of the responses to the request state "the relevant, non-privileged documents responsive to this request have produced . . ." while others simply says "the documents responsive to this request are being produced . . ."  The initial phrasing raises the question of whether documents that would be responsive to the particular request have not been produced on the grounds that someone determined they were "not relevant".  Because of this confusion, please confirm to me that, with the exception of those documents described in the privilege log, all documents responsive to all of the requests have been produced.  In the alternative, please include in the privilege log those documents that have been withheld on the basis of "relevance".

If you have any questions concerning this, please give me a call.

Thank you.

Sincerely,

William B. Wilson

WBW/bm
cc:    H. Lynn Moore

PS:    As you have previously mentioned, we need to discuss scheduling depositions.  I want to take the depositions of L. A. Gornto, Jr., Bernard Markey, Joseph Loughry, Edward A. Moses, O. F. Romas, Donald S. Blair, Barry Harris, Alan R. Bromburg, Dennis Harward, Jack Harward, Ron Goodrow and James T. Vickers.  Please give me a call so we can discuss this.

**WBW**

ORL1 #716175 v4