

FILED

UNITED STATES DISTRICT COURT  JUL 15 PM 4: 23
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION             DISTRICT COURT
                             DISTRICT OF FLORIDA
                             ORLANDO, FLORIDA

| | |
|---|---|
| H.T.E., Inc., a Florida corporation, | CASE NO. 6:01-CV-1366-ORL-31DAB |
| Plaintiff, | |
| v. | |
| TYLER TECHNOLOGIES, INC., a Delaware corporation, | |
| Defendant       / | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

Plaintiff, H.T.E., Inc. ("HTE"), pursuant to Local Rule 3.01(b), files this memorandum of law in opposition to Tyler Technologies, Inc.'s ("Tyler") motion to compel discovery dated June 28, 2002. (Docket No. 72). For the grounds asserted herein, this Court should deny Tyler's motion to compel discovery.

## I. INTRODUCTION

HTE brought this action against Tyler seeking (i) a declaratory judgment under Florida's Control Share Acquisition Act, §726.0906, Florida Statutes (2002) and (ii) damages for Tyler's tortious interference with HTE's business and contractual relationships with Jack L. Harward and Dennis L. Harward (collectively, the "Harwards"). Tyler has filed a counterclaim against HTE. During discovery in this case, Tyler has requested a copy of a confidential settlement agreement ("Settlement Agreement") entered into between HTE and the Harwards in a separate lawsuit to which Tyler was not a party.

More specifically, in 1999, HTE and the Harwards were engaged in a dispute over a breach of a severance agreement ("Severance Agreement") between HTE and the Harwards. Tyler was not a party to that Severance Agreement. These breaches of the Severance Agreement were the subject of a prior civil action brought in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, case number 99-CA-1995-16-B (the ("Harwards/HTE Suit"). In the Harwards/HTE Suit, HTE asserted that the Harwards breached the Severance Agreement by acquiring more than 5% of the outstanding stock of Tyler, a competitor of HTE. Therefore, HTE argued that it was excused from any further performance under the Severance Agreement and entitled to damages. The Harwards asserted that HTE's position constituted a breach or anticipatory breach of the Settlement Agreement.

HTE and the Harwards settled the Harwards/HTE Suit and entered into the Settlement Agreement which contained releases of the claims between HTE and the Harwards. Aff'd of Loughry, ¶ 4 and Aff'd of Brown, ¶ 4.[1] Tyler is not a party to the Settlement Agreement, is not covered within the scope of its terms or provisions, including the release provision, and was not intended to be released from any liability to HTE. Aff'd of Loughry, ¶ 6-7 and Aff'd of Brown, ¶ 7-9. As a condition of entering the Settlement Agreement, both HTE and the Harwards agreed that the Settlement Agreement would be confidential and that the terms of the Settlement Agreement would not be voluntarily disclosed to third parties. Aff'd of Loughry, ¶ 5 and Aff'd of Brown, ¶ 6.

---

[1] HTE has filed contemporaneously with this memorandum of law the affidavits of Joseph Loughry, President and Chief Executive Officer of HTE, and Douglas B. Brown, Esq., attorney for the Harwards in the Harward/HTE Suit who assisted in the drafting of the Settlement Agreement. These affidavits shall be referred to in this memorandum of law as Aff'd of Loughry, ¶ ___ and Aff'd of Brown, ¶ ___ respectively.

On March 14, 2002, Tyler served a request for production of documents (the "Request") on HTE. On April 19, 2002, HTE served its response to the Request. Paragraph 48 of the Request is the subject of Tyler's motion to compel. Paragraph 48 of the Request and HTE's response to it are as follows:

> Request:
>
> 48. All documents containing or referring to the terms and conditions of the settlement between HTE and Dennis Harward and/or Jack L. Harward of the action styled and pending in the Circuit Court of the Eighteenth Judicial Circuit including, but not limited to the settlement agreement and/or any releases executed in connection with the settlement.
>
> Response:
>
> HTE objects to this request on the ground that it requests documents that are confidential and not subject to disclosure unless and until a confidentiality agreement is entered. HTE anticipates that the parties will be able to agree upon and execute a confidentiality agreement, subject to which HTE will produce the subject documents. In the meantime, HTE objects and moves for a protective order. Moreover, HTE objects on the ground and to the extent that this request is overbroad.

The confidentiality agreement referred to in HTE's response was entered on June 4, 2002. On June 6, 2002, counsel for Tyler sent a letter to counsel for HTE requesting production of all documents previously requested, but not produced pending execution of a confidentiality agreement. Subsequently, HTE produced several documents pursuant to the confidentiality agreement. The Harwards, however, have refused to consent to HTE's disclosure of the Settlement Agreement (obviously because Tyler is not a party to the Settlement Agreement and has no right to see it). Aff'd of Brown, ¶ 10. Therefore, in a letter dated June 14, 2002, counsel for HTE explained that it could not produce the Settlement Agreement because it contained a confidentiality provision and the Harwards objected to its production.

Tyler then filed its motion to compel requesting that this Court enter an order compelling HTE to produce the portions of the Settlement Agreement containing any release language.

## II. ARGUMENT

Tyler's motion to compel should be denied because the Settlement Agreement is confidential and not subject to disclosure. Furthermore, the release contained in the Settlement Agreement is not relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Tyler's assertion that HTE has waived any objection to producing the Settlement Agreement is meritless.

### A. The Settlement Agreement Is Confidential And Not Subject To Disclosure

The Settlement Agreement contains a confidentiality clause and the Harwards have objected to the disclosure of the agreement. Since the Settlement Agreement is confidential, Tyler must show that the requested information is (1) relevant and (2) so necessary to its case so as to outweigh the harm from disclosure of the confidential information. Centillion Data Systems, Inc. v. Ameritech Corporation, 193 F.R.D. 550, 552 (S.D. Ind. 1999). The burden of proof is on Tyler to show that the Settlement Agreement is admissible or would lead to the discovery of admissible evidence. Id. and In the Matter of RDM Sports Group, Inc., 227 B. R. 415, 434 (N.D. Ga. 2002).

In this case, Tyler's request is solely based on the unfounded assertion that the release may somehow apply to them. However, Tyler is simply wrong. Indeed, four fundamental facts are indisputable on this issue. First, Tyler was not a party to either the Harwards/HTE Suit or the Settlement Agreement and is not covered within the scope of its terms or provisions, including the release provision. Second, Tyler paid no consideration for the settlement. Third, neither HTE nor the Harwards intended that Tyler be released under the release provisions of the

Settlement Agreement. And, fourth, the Harwards (and HTE) object to disclosure of the Settlement Agreement to third party, Tyler. Accordingly, it is clear that Tyler cannot make any particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of the Settlement Agreement. See Bottaro v. Hatton Associates, 96 F.R.D. 158, 160 (E.D.N.Y. 1982).

### 1. The Settlement Agreement and Release are Irrelevant

While admissibility and discoverability are not equivalent, it is clear that the object of the inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue. In the Matter of RDM, 277 B.R. at 433. Tyler claims that the release contained in the Settlement Agreement **may** release Tyler from any liability to HTE in this case. However, this bald and conclusory assertion is contrary to the facts. Indeed, if the Harwards and HTE contemplated that Tyler was to be released from any liability under the Settlement Agreement, then the Harwards would not have objected to the disclosure of the release contained in the Settlement Agreement. This is clearly not the situation at hand.

The Harwards have specifically refused to consent to the disclosure of the Settlement Agreement. Aff'd of Brown, ¶ 10. This is obviously because Tyler was not a party to either the Harward/HTE Suit or the Settlement Agreement, Tyler paid no consideration for the settlement, Tyler was not covered within the scope of the terms and provisions of the Settlement Agreement, including the release provisions, and, significantly, it was not contemplated or intended that Tyler be released. Aff'd of Loughry, ¶ 6-7 and Aff'd of Brown, ¶ 7-9. See, Sasser v. First Joint Stock Land Bank of Montgomery, Ala., 99 F.2d 744 (11th Cir. 1938)(No privity where appellant was not a party to the prior suit and had no interest therein, other than that of being a material

witness.) Therefore, Tyler is not entitled to disclosure of the Settlement Agreement or any of its terms as it is irrelevant to the issues in this case.

This case is similar to Doe v. Methacton School Dist., 164 F.R.D. 175 (E.D. Pa. 1995), where the plaintiff and her family entered into a settlement/release with two defendants to a litigation. The release included a strict confidentiality provision that precluded the signatories from disclosing the release or its terms to anyone, including the remaining parties without Court approval. Id. The remaining defendant sought discovery of the settlement agreement. Id. On the basis of Federal Rule of Civil Procedure 26 (b)(1), the court reasoned that the person requesting confidential information must have some heightened showing of relevance. Id. Discovery is permitted only if the movant "lays foundation by adducing from other sources evidence indicating that the settlement may be collusive." Id.; *see also*, Thornton v. Syracuse Savings Bank, 961 F.2d 1042 (2d Cir. 1992). The court ultimately found that the defendant had not shown the relevance of the release by making a broad assertion that the release could lead to admissible evidence and saying that it was "clearly" relevant to the issue of damages. Id.

Here, Tyler's similar broad and conclusory (and wrong) assertion that the Settlement Agreement could lead to admissible evidence does not meet this heightened standard. Tyler was not even a co-party with the Harwards in the Harwards/HTE Suit and therefore would have even less of a basis than the defendants in Methacton for the disclosure of a confidential settlement agreement.

Tyler has not asserted a proper basis for why the documents are relevant or reasonably calculated to lead to the discovery of admissible evidence. HTE is not required to produce the contents of the Settlement Agreement since it is the burden of the party seeking disclosure of confidential information to prove these elements. *See*, Centillion, 193 F.R.D. at 552; *see also*,

Serina v. Albertson's, Inc., 128 F.R.D. 290, 293-94 (M.D.Fla. 1989)(Court denied a motion to compel seeking information relating to settlement).

### 2. The Prejudicial Effect Of Disclosing The Release Outweighs Any Harm To Tyler By Its Nondisclosure

Once the recipient of a discovery request shows that confidential information is sought, the burden is on the requester to show that the requested information is sufficiently relevant and necessary to its case to outweigh the harm from disclosure of the confidential information. Id. The confidentiality of settlement agreements is a primary inducement to parties to settle cases. Id. Therefore, courts require a strong countervailing interest to breach that confidentiality. Id. The court in Centillion found that the defendant did not establish a strong countervailing interest and therefore the court did not compel the production of the settlement agreement. Id.

Settlement agreements, such as the one made by the Harwards and HTE, are encouraged by the maintenance of the confidential nature of such agreements. Id. Furthermore, HTE and the Harwards specifically agreed to keep the Settlement Agreement confidential. Aff'd of Loughry, ¶ 5 and Aff'd of Brown, ¶ 6; see, Id. (where the parties specifically agreed to confidentiality, the effectiveness of contracts is an interest the court will protect). The Harwards have also specifically denied HTE consent to disclose the Settlement Agreement and release language contained therein. Aff'd of Brown, ¶ 10.

Tyler has not shown that these interests are outweighed by its interest in disclosure of the release. In fact, since the Settlement Agreement in the Harwards/HTE Suit was not intended to and plainly does not release Tyler from any liability, there is no countervailing interest that can be asserted by Tyler. See, Butta-Brinkman v. FCA International, LTD., 164 F.R.D. 475 (N.D. Ill 1995) (holding that employer was not required to turn over confidential settlement agreements

reached in other cases involving sexual harassment.). Therefore, HTE's need to keep the Settlement Agreement confidential outweighs any alleged need for the discovery by Tyler.

### B. HTE Has Not Waived Any Objections

Tyler asserts that HTE waived any objection to the disclosure of the Settlement Agreement. However, HTE never agreed to produce the release or Settlement Agreement. In fact, in its response HTE objected that the request was over broad, i.e. that the request encompassed documents that were relevant and others that were irrelevant. *See*, Badalamenti v. Dunham's, Inc., 896 F.2d 1359, 1362 (Fed.Cir. 1990)(a party served with a document request has four options . . . (2) respond to the document request **by objecting** . . .)(emphasis added). Moreover, Fed.R.Civ.P. 26(b) sets forth the scope of discovery and states as follows:

> Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
> (1) In General. Parties may obtain discovery regarding any matter, not privileged, **that is relevant** to the claim or defense of any party . . .

Rule 26, Fed.R.Civ.P. (emphasis added).[2]

Tyler has broadly requested all documents that refer to the terms and conditions of the settlement between the Harwards and HTE. As discussed above, the Settlement Agreement and release contained therein are not relevant to the issues in this case. However, it is possible that certain information produced to Tyler by HTE may contain references to the fact that a settlement occurred between the Harwards and HTE; however, to the extent that Tyler wants

---

[2] Even if HTE had not properly objected to the request in its response, any objection as to relevance would not be waived since the request for the Settlement Agreement was not within the permissible scope of discovery. *See*, Insurance Co. of North America v. Noya, 398 So.2d 836, 838 (Fla. 5th DCA 1981) (Failure to file timely objections in a written response does not bar a party from asserting a privilege or exemption for matters outside the scope of permissible discovery.)

8

production or disclosure of the Settlement Agreement or its terms, then the request is overbroad since the release contained in the Settlement Agreement and the Settlement Agreement itself are irrelevant to the issues in this case. *See*, Walker v. Prudential Property and Casualty Insur. Co., 286 F.3d 1270, 1280 (11th Cir. 2002)(Court affirmed trial court's denial of plaintiff's motion to compel confidential settlement agreements because the agreements were not relevant to plaintiff's claims.)

Moreover, Tyler's suggestion that HTE can somehow unilaterally waive the confidentiality of the Settlement Agreement is baseless.

### III. CONCLUSION

For the foregoing reasons, Tyler's motion to compel should be denied.

Dated this 15th day of July, 2002.

> BAKER & HOSTETLER LLP
> 2300 SunTrust Center
> 200 South Orange Avenue
> Post Office Box 112
> Orlando, FL  32802-0112
> Attorneys for Plaintiff, HTE, Inc.
>
> By: _____
> John W. Foster, Sr.
> Florida Bar No. 318620
> Robert C. Yee
> Florida Bar No. 0096784

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY has been furnished via hand delivery to **WILLIAM B. WILSON, ESQ.**, Holland & Knight LLP, 200 S. Orange Avenue, Suite 2600, Post Office Box 1526, Orlando, Florida 32802-1526 this 15th day of July, 2002.

Robert C. Yee