FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUL 15 PM 4: 23

DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

H.T.E., Inc., a Florida corporation,        CASE NO. 6:01-CV-1366-ORL-31DAB

    Plaintiff,

v.

TYLER TECHNOLOGIES, INC., a
Delaware corporation,

    Defendant

_____

## AFFIDAVIT OF DOUGLAS B. BROWN

STATE OF FLORIDA

COUNTY OF ORANGE

    BEFORE ME, the undersigned authority, personally appeared DOUGLAS B. BROWN, who being duly sworn deposes and says:

    1.    I am over the age of eighteen, and I have personal knowledge of the facts contained herein.

    2.    I am an attorney with the law firm of Rumberger, Kirk & Caldwell, P.A. and am licensed to practice law in the state of Florida. I work in Rumberger, Kirk & Caldwell, P.A.'s office located in Orlando, Florida.

3. I represented Jack L. Harward and Dennis L. Harward (collectively, the "Harwards") in a civil action brought against H.T.E., Inc. ("HTE") in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Case No. 99-CA-1995-15, ("Harward/HTE Suit"). This action concerned the alleged breach of a severance agreement between the Harwards and HTE.

4. On February 15, 2001, HTE and the Harwards settled the Harward/HTE Suit and entered into a confidential settlement agreement ("Settlement Agreement").

5. As counsel for the Harwards, I participated in drafting the Settlement Agreement and I am familiar with its terms and intent.

6. As one of the terms of the settlement, both HTE and the Harwards agreed that the Settlement Agreement would be confidential, and that the Settlement Agreement and its terms would not be voluntarily disclosed to third parties.

7. Tyler Technologies, Inc. ("Tyler") was not a party to the Harward/HTE Suit.

8. Moreover, Tyler was not a party to the Settlement Agreement and is not covered within the scope of its terms or provisions, including the release provision.

9. Tyler paid no consideration for the settlement and it was not contemplated or intended that Tyler would be released under the release provision of the Settlement Agreement from any claims, actions or causes of action possessed by the parties, including HTE, against Tyler.

10. Upon request of counsel for HTE, I asked the Harwards if they would consent to the disclosure of the Settlement Agreement to Tyler in the instant case. The Harwards will not consent to the disclosure of the Settlement Agreement to Tyler because Tyler is not a party to the said agreement.

*Douglas B. Brown*
DOUGLAS B. BROWN

STATE OF FLORIDA
COUNTY OF ORANGE

SWORN TO AND SUBSCRIBED before me this 15th day of July, 2002, by Doug Brown, who is personally known to me or has produced _____ as identification.

(Notary Signature)

(NOTARY SEAL)

LORA C. TROWELL
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD077272
EXPIRES 02/25/2006
BONDED THRU 1-888-NOTARY1

Lora Trowell
(Notary Name Printed)
NOTARY PUBLIC
Commission No. DD077272

A:\Affidavit of Douglas Brown.doc