

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**H.T.E., INC.**, a Florida corporation,

        Plaintiff,

-vs-                        Case No.: 6:01-cv-1366-Orl-31DAB

**TYLER TECHNOLOGIES, INC.**, a
Delaware corporation,

        Defendant.

___

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **TYLER'S MOTION TO COMPEL DISCOVERY (Doc. No. 72)** |
| **FILED:** | **June 28, 2002** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

Defendant Tyler Technologies, Inc. (herein "Tyler") move to compel the release language contained in a Settlement Agreement between Plaintiff H.T.E., Inc. (herein "HTE") and Dennis J. Harward and/or Jack L. Harward (herein collectively "Harward") reached in a prior state court action. As Tyler has shown that the release language is discoverable, the motion is **GRANTED**.

According to their papers, HTE is suing Tyler, claiming, *inter alia,* that Tyler tortiously interfered with HTE's business and contractual relationship with Harward. Tyler is alleged to have caused Harward to breach a Severance Agreement it had with HTE.

In a prior action in state court in which Tyler was not a party, HTE contended that Harward breached the Severance Agreement (one of the subjects of the litigation here) by entering into a purchase and sale agreement with Tyler.[1] HTE and Harward entered into a written Settlement Agreement in the state court action, which presumably contained language of release with respect to the claims, including HTE's claim that Harward breached the Severance Agreement. Tyler now seeks to discover the exact language of that release. HTE objects, citing confidentiality and relevancy concerns.

HTE asserts that the Settlement Agreement is confidential according to its terms and is therefore not subject to disclosure. This assertion, however, is inadequate. While the Settlement Agreement may by its terms bind the parties with respect to *voluntary* disclosure, the mere assertion by private parties that a document is "confidential" does not convey an automatic immunity to a properly served discovery request or subpoena. *See, generally, Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979) (recognizing no absolute privilege for trade secret or other confidential information). As Tyler has sought the document via a Request for Production as part of ongoing litigation and has agreed to make the production subject to the Confidentiality Agreement in *this* case, HTE cannot assert an absolute immunity based solely on the designation of the document as "confidential."

The parties cite (and the Court has itself found) numerous cases from other courts dealing with the standards applicable to the discoverability of a settlement agreement. *See, e.g., Young v. State Farm Mut. Auto. Ins. Co.*, 169 F.R.D. 72, 79 (S.D.W.Va.1996) (settlement agreement discoverable);

---

[1] In the state court suit, HTE contended that Harward breached the Severance Agreement by acquiring more than 5% of the outstanding stock of Tyler, a competitor of HTE.

-2-

*Doe v. Methacton Sch. Dist.*, 164 F.R.D. 175, 176 (E.D.Pa.1995) (recognizing that agreement may be discoverable but declining to allow discovery because not relevant); *Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650-51 (N.D.Ill.1994) (same); *Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 563-64 (D.N.J.1994) (same); *Fidelity Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D.Pa.1993) (settlement agreement discoverable); *Morse/Diesel Inc. v. Trinity Indus.*, 142 F.R.D. 80, 85 (S.D.N.Y.1992) (court must determine whether settlement agreement is reasonably calculated to lead to the discovery of admissible evidence); *Bennett v. La Pere*, 112 F.R.D. 136 (D.R.I.1986) (holding terms of settlement agreement relevant and thus discoverable); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364 (N.D.Ill. 2001) (discovery of settlement agreement permitted as relevant to issue of overlapping claims).

Within this circuit, a request to produce a settlement agreement is analyzed pursuant to Rule 26(b)(1), Fed. R. Civ. P., allowing discovery that is relevant to the claim or defense of any party. *See Walker v. Prudential Property and Cas. Ins. Co.*, 286 F. 3d 1270, 1279-1280 (11th Cir. 2002) (upholding district court's denial of access to settlement agreements of other cases absent a nexus between alleged discrimination and the information sought); *Serina v. Albertson's, Inc.*, 128 F.R.D. 290, 293 (M.D.Fla.1989) (discovery denied absent showing of relevancy). Thus, the language sought by Tyler is discoverable, if relevant.

Tyler argues that the language is relevant to its defense in that Tyler is in privity with Harward, and the release language may be broad enough to cover Tyler, as well. Not surprisingly, HTE argues that Tyler is not covered within the scope of the Settlement Agreement and it was not contemplated that Tyler be released. As is clear, HTE's argument goes to the purported *effect* of the release, and not the relevancy, for discovery purposes. The issue is not what a particular document

may or may not ultimately *prove*,[2] but whether there is a sufficient nexus between the claims or defenses asserted and the information sought. It should be obvious that the settlement of breach of contract claim may bear a significant relation to a claim against another party for interfering with that contract, whether the parties to the settlement intended such an effect or not. Certainly Tyler is not required to accept without question the characterization of the agreement made by its signatories. It is also noteworthy that neither HTE nor Harward has identified any substantive prejudice from disclosure. They cite only their desire for confidentiality itself, a matter entitled to little weight given that the Severance Agreement continues to be the subject of active litigation.

HTE is **ORDERED** to provide the requested documents within 11 days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida this _22d_ day of July, 2002.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2]Interpretation of a settlement agreement, to the extent it is governed by Florida contract law, is a question of law for the court. *Somerset Pharmaceuticals, Inc. v. Kimball*, 49 F. Supp. 2d 1335 (M. D. Fla. 1999).

F I L E   C O P Y

Date Printed: 07/22/2002

Notice sent to:

    \_\_\_  John W. Foster Sr., Esq.
         Baker & Hostetler, LLP
         200 S. Orange Ave., Suite 2300
         P.O. Box 112
         Orlando, FL  32802-0112

    \_\_\_  Jerry Ray Linscott, Esq.
         Baker & Hostetler, LLP
         200 S. Orange Ave., Suite 2300
         P.O. Box 112
         Orlando, FL  32802-0112

    \_\_\_  William B. Wilson, Esq.
         Holland & Knight, LLP
         200 S. Orange Ave., Suite 2600
         P.O. Box 1526
         Orlando, FL  32802-1526

✓ rw 7-22-02