

FILED

02 JUL 23 PM 3: 32

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CASE NO. 6:01-CV-1366-ORL-31DAB**

H.T.E., Inc., a Florida corporation,

    **Plaintiff,**

v.

**TYLER TECHNOLOGIES, INC., a
Delaware corporation,**

    **Defendant**

---

### HTE'S MEMORANDUM IN OPPOSITION TO TYLER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM

Plaintiff, H.T.E., Inc., ("HTE"), by and through its undersigned attorney, hereby files its memorandum in opposition to Defendant, Tyler Technologies, Inc.'s ("Tyler"), motion for leave to file a supplemental memorandum of law regarding HTE's pending motion for partial summary judgment. (Docket No. 80).   Tyler's motion should be denied, because the argument that Tyler wishes to make is at best a red herring and Tyler's desired supplemental memorandum would be a needless filing.

### DISCUSSION

In opposing HTE's motion for partial summary judgment, Tyler asserted that, by according a target company such as HTE with an unlimited time to redeem the acquiring person's stock, § 607.0902(10)(b) would make it "virtually impossible for Tyler [the acquiring person] to sell its shares." <u>See</u> Tyler's memorandum of law in opposition to HTE's motion for partial summary judgment  (Docket No. 53) at p. 13.

84

At the oral argument held by this Court on June 20, 2002 (the "MSJ Hearing"), Tyler repeated its assertion that the existence of unlimited redemption rights and the non-voting status of Tyler's HTE stock precluded Tyler from selling said stock. MSJ Transcript at 31 l. 17 - 33 l. 23.

For purposes of the pending motion for partial summary judgment, the question is whether the redemption and voting provisions of § 607.0902 somehow prohibit an acquiring person, such as Tyler, from selling its acquired shares. The answer to this question is, "No". And, provided the acquiring person's sale of acquired shares to a third-party does not itself constitute a control share acquisition, then that buyer would receive the shares free of redemption rights and cloaked with voting rights.

The question for the pending motion for partial summary judgment has nothing whatsoever to do with Rule 144 of the Securities Act. Obviously, if Rule 144 applies, or if, for that matter, practical factors (e.g., the large nature of the acquired block of stock) impose inherent limitations on an acquiring person's sale of stock, then the acquiring person must take the same into consideration when determining when and at what quantities it is appropriate and proper to sell its stock. This is precisely why the undersigned emphasized at the MSJ Hearing that an acquiring person may sell its stock to third parties when the acquiring person deems it to be appropriate and proper and in whatever amounts the acquiring person deems to be proper and appropriate. See MSJ Transcript at 8, 9, 15, 49 and 52.

Although Rule 144 is not an issue with which the Court must wrestle within the context of HTE's right to redeem under § 602.0902(10)(b), the issue of whether Rule 144 applies or does not apply to Tyler may later become relevant for purposes of determining the "fair value" or redemption price. More specifically, in that Tyler's HTE shares are non-voting, an issue may

exist as to whether or not Rule 144 applies to Tyler.  For instance, in its 10-K for the fiscal year ended December 31, 2000, Tyler classified its HTE shares as "available-for-sale" and recorded the same "at fair value as determined by quoted market prices."  Aff'd of L.A. Gornto, Jr., Ex. N at 19-20 of 81 (Docket No. 26).  In connection with classifying its HTE shares as "available-for-sale", Tyler stated:

> In making this determination, [Tyler] management concluded it has both the intent and the ability to hold the investment for a period of time sufficient to allow for the anticipated recovery in fair value.

Id. [1]

Moreover, regardless of whether Rule 144 applies or not, Tyler's HTE stock  (which at 32.3% undoubtedly constitutes a large block of stock) may, from a practical standpoint, otherwise face an illiquid market, signifying that Tyler, as with any owner of a large block of thinly-traded stock, would have to "make its own analysis of the market conditions, its own analysis of its financial condition, and decide when it's appropriate, at what intervals, at what times, and what quantities it wants to sell its stock to third parties."   MSJ Transcript at 8.

While an illiquid market may impact the "fair value" or redemption price to be paid for the redemption (e.g., Does a marketability discount for illiquid securities apply to establish the "fair value"?), it is not an issue with which the Court must wrestle in construing a target company's redemption rights per se.  Suffice it to say that a target company's redemption rights and the non-voting status of the acquired shares do not restrict the acquiring person's right to sell the acquired shares "when the acquiring company deems it to be appropriate and proper in whatever amounts they deem proper and appropriate." MSJ Transcript at 49.

---

[1] Significantly, Tyler's prior statements, as set forth in the above-referenced 10-K as well as certain of Tyler's other public filings, are not consistent with the argument set forth in Tyler's instant motion for leave to file a supplemental memorandum.

## CONCLUSION

Tyler's argument constitutes a red herring and its desired supplemental memorandum would be a needless and unnecessary filing.  Accordingly, HTE respectfully requests that this Honorable Court deny Tyler's motion for leave to file a supplemental memorandum.

Dated this 23rd day of July, 2002.

Respectfully submitted,

BAKER & HOSTETLER LLP
2300 SunTrust Center
200 South Orange Avenue
Post Office Box 112
Orlando, FL  32802-0112
Telephone:  (407) 649-4000
Telecopier:  (407) 841-0168

By: _____
John W. Foster, Sr.
Florida Bar No. 318620
Jerry R. Linscott
Florida Bar No. 148009

Attorneys for Plaintiff, H.T.E., Inc.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's memorandum in opposition to Tyler's motion for leave to file a brief supplemental memorandum of law to prevent misimpression of law regarding HTE's pending motion for partial summary judgment has been furnished via hand delivery to: **WILLIAM B. WILSON, ESQ.**, Holland & Knight LLP, 200 S. Orange Avenue, Suite 2600, Post Office Box 1526, Orlando, Florida 32802-1526 this _23rd_ day of July, 2002.

John W. Foster

\\ORBDC1\Ordata\Jwf0370\25944\00001\Pleadings\FEDERAL\Memo Opposing Tyler's M-File Supp Memo.Doc