

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

H.T.E., Inc., a Florida corporation,

    Plaintiff,

CASE NO.: 6:01-cv-1366-Orl-31DAB

vs.

TYLER TECHNOLOGIES, INC., a
Delaware corporation,

    Defendant.

_____/

### PLAINTIFF, H.T.E., INC.'S MOTION FOR RECONSIDERATION OF THE MAGISTRATE'S ORDER OF JULY 22, 2002 GRANTING DEFENDANT, TYLER TECHNOLOGIES, INC.'S MOTION TO COMPEL DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, H.T.E., INC. ("H.T.E."), by and through its undersigned counsel, pursuant to 28 U.S.C. § 636(b)(1)(A), hereby moves this Court for reconsideration of the Magistrate's Order of July 22, 2002 (the "Order"), a copy of which is attached hereto as Exhibit "A", and requests that this Court enter an order denying TYLER TECHNOLOGIES, INC.'s ("Tyler") Motion to Compel Discovery filed June 28, 2002. For the reasons more fully set forth in the Memorandum of Law, H.T.E. respectfully requests that this Court deny Tyler's motion to compel the disclosure of a confidential settlement agreement.

## Memorandum of Law

On June 28, 2002, Tyler filed a Motion to Compel Discovery in which it sought to compel the production of any release or release language contained in a confidential settlement agreement ("Settlement Agreement")[1] between Jack L. Harward and Dennis L. Harward (collectively, the "Harwards") on the one hand and H.T.E. on the other. H.T.E. filed a Memorandum of Law in Opposition to Tyler's Motion to Compel and filed supporting affidavits from Douglas B. Brown, counsel for the Harwards and Joseph Loughry, President and CEO of H.T.E.. The facts surrounding the issue relating to this matter are fully set forth in H.T.E.'s Memorandum of Law and are hereby incorporated by reference. The Order granting Tyler's Motion to Compel required that H.T.E. produce the subject documents within eleven days of the date of the Order.

Tyler has failed to establish the relevance of the release and, despite H.T.E.'s explanation and factually supportive affidavits as to the release's lack of relevance, the Order compels disclosure of an irrelevant document. The law not only requires relevance to support the disclosure of confidential settlement agreements, see Walker v. Prudential Property and Casualty Ins. Co., 286 F.3d 1270, 1280 (11th Cir. 2002), but also requires that the requesting party make a showing of relevance, see Centillion Data Systems, Inc. v. Ameritech Corp., 193 F.R.D. 550, 552 (S.D. Ind. 1999). Tyler made no such showing and H.T.E. offered evidence demonstrating that the release is not relevant to H.T.E.'s tortious interference claim against it. Accordingly, the Order's finding that the confidential release was relevant to the issues in this case was clearly erroneous and contrary to law.

---

[1] The Settlement Agreement contains a confidentiality and non-disclosure provision which requires the parties to take good faith efforts to prevent its disclosure to third parties such as Tyler.

2

I. **Release Is Not Relevant**

Despite Tyler's bare allegation of relevance and H.T.E.'s legal explanation, with evidentiary support, of irrelevance, the Order concluded that relevance was obvious and granted Tyler's Motion to Compel. The Order granting discovery is clearly erroneous and contrary to law because Tyler, like the plaintiff in Serina v. Albertson's, Inc., 128 F.R.D. 290, 293 (M.D. Fla. 1989), "failed to meet its burden of making out a factual basis for its claim of relevance of the settlement information sought."

H.T.E. filed supporting affidavits clearly showing that the confidential settlement agreement, and any release contained therein, are wholly irrelevant to H.T.E.'s tort claim against Tyler. Four indisputable facts were clearly shown. First, "Tyler was not a party to either the Harwards/H.T.E. Suit or the Settlement Agreement and is not covered within the scope of its terms or provisions, including the release provision." H.T.E.'s Memo at p. 4. Second, Tyler paid no consideration for the settlement. Id. Third, "neither H.T.E. nor the Harwards intended that Tyler be released under the release provisions of the Settlement Agreement." Id. at pp. 4-5. And fourth, the Harwards object to the disclosure of the Settlement Agreement to Tyler. Id., at p. 5.

The Harwards' specific refusal to consent to the disclosure of the Settlement Agreement attests not only to its confidentiality, but also to its inapplicability to Tyler. See H.T.E.'s Memo at p.5 (referencing the attached affidavit of the Harwards' counsel, Douglas B. Brown). Tyler has offered absolutely no countervailing evidence to support any finding of relevance, which must exist as a matter of law in order to allow discovery of confidential settlement agreements. See, e.g., Walker v. Prudential Property and Casualty Ins. Co., 286 F.3d 1270, 1280 (11th Cir. 2002)(denying discovery of confidential settlement agreements that were not relevant to the

3

requesting party's claims); see also Centillion Data Systems, Inc. v. Ameritech Corp., 193 F.R.D. 550, 552 (S.D. Ind. 1999)(requiring the requesting party to demonstrate relevance). Tyler's conclusory and speculative allegation that it is sufficiently in privity with the Harwards is contrary to the indisputable facts as set forth in the affidavits filed by H.T.E. Clearly, Tyler would not have been bound by any judgment rendered in the H.T.E./Harward lawsuit and, thus, not claim to be covered by the H.T.E./Harward release (particularly where both H.T.E. and the Harwards agree that Tyler is not covered within the scope of the release).

**II.     Release Is Confidential And Should Not Be Disclosed**

The Order is also further contrary to law and clearly erroneous because it authorizes the discovery of confidential settlement agreements where relevance has not been sufficiently shown. Confidential documents are subject to protection from disclosure where good cause is shown pursuant to Federal Rule of Civil Procedure 26(c)(7). In discussing that standard, the Tenth Circuit observed: "If proof of relevancy or need is not established, discovery should be denied." Centurion Industries, Inc. v. Warren Steurer & Associates, 665 F.2d 323, 325 (10th Cir. 1981). As explained in H.T.E.'s memo and above, Tyler failed to establish relevance or need in order to support its request for confidential information. Furthermore, the U.S. District Court for the Middle District of Florida recognized that other courts require, in the context of confidential settlement agreements, a particularized showing of relevance. See Serina v. Albertson's, Inc., 128 F.R.D. 290, 293 (M.D. Fla. 1989). Again, Tyler failed to show any relevance, much less particularized relevance.

This case is similar to the case in Doe v. Methacton School District, 164 F.R.D. 175 (E.D. Pa. 1995). In Doe, the release included a strict confidentiality provision which precluded the signatories from disclosing the release or its terms to anyone. Id. The court found that a

4

person requesting confidential information must have some heightened showing of relevance. Id. The defendant's broad assertion that the release could lead to admissible evidence was insufficient. Id. Similarly, Tyler's argument that there may be some privity between itself and the Harwards is insufficient to show that the release is relevant in this case. This is particularly true in light of the fact that both parties to the Settlement Agreement have indicated that Tyler was not to be released under the Settlement Agreement and that in fact Tyler is not named in the release. Accordingly, there is no factual basis to support Tyler's Motion to Compel or the Order granting it.

WHEREFORE, Plaintiff, H.T.E., Inc., respectfully requests that this Court reconsider the Order (of July 22, 2002) and deny Tyler's Motion to Compel.

DATED this 2nd day of August, 2002.

> BAKER & HOSTETLER LLP
> 2300 Sun Trust Center
> 200 South Orange Avenue
> Post Office Box 112
> Orlando, Florida 32802-0112
> Telephone: (407) 649-4000
> Telecopier: (407) 841-0168
>
> Attorneys for Plaintiff, H.T.E., Inc.
>
> By: _____
> John W. Foster, Sr.
> Florida Bar No. 318620
> Robert C. Yee
> Florida Bar No.0096784

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Reconsideration has been furnished via hand delivery to **WILLIAM B. WILSON, ESQ.**, Holland & Knight LLP, 200 S. Orange Avenue, Suite 2600, Post Office Box 1526, Orlando, Florida 32802-1526 this 2nd day of August, 2002.

_____
Robert C. Yee

rcy4926\25944-Hte\00002\Pleadings\Motion for Reconsideration



FILED

02 JUL 22 PM 2: 35

CLERK, U.S. ...
MIDDLE DIST... ... FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

H.T.E., INC., a Florida corporation,

Plaintiff,

-vs-

Case No.: 6:01-cv-1366-Orl-31DAB

TYLER TECHNOLOGIES, INC., a
Delaware corporation,

Defendant.

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **TYLER'S MOTION TO COMPEL DISCOVERY (Doc. No. 72)** |
| **FILED:** | **June 28, 2002** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant Tyler Technologies, Inc. (herein "Tyler") move to compel the release language contained in a Settlement Agreement between Plaintiff H.T.E., Inc. (herein "HTE") and Dennis J. Harward and/or Jack L. Harward (herein collectively "Harward") reached in a prior state court action. As Tyler has shown that the release language is discoverable, the motion is **GRANTED**.

According to their papers, HTE is suing Tyler, claiming, *inter alia,* that Tyler tortiously interfered with HTE's business and contractual relationship with Harward. Tyler is alleged to have caused Harward to breach a Severance Agreement it had with HTE.



EXHIBIT "A"

In a prior action in state court in which Tyler was not a party, HTE contended that Harward breached the Severance Agreement (one of the subjects of the litigation here) by entering into a purchase and sale agreement with Tyler.[1] HTE and Harward entered into a written Settlement Agreement in the state court action, which presumably contained language of release with respect to the claims, including HTE's claim that Harward breached the Severance Agreement. Tyler now seeks to discover the exact language of that release. HTE objects, citing confidentiality and relevancy concerns.

HTE asserts that the Settlement Agreement is confidential according to its terms and is therefore not subject to disclosure. This assertion, however, is inadequate. While the Settlement Agreement may by its terms bind the parties with respect to *voluntary* disclosure, the mere assertion by private parties that a document is "confidential" does not convey an automatic immunity to a properly served discovery request or subpoena. *See, generally, Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979) (recognizing no absolute privilege for trade secret or other confidential information). As Tyler has sought the document via a Request for Production as part of ongoing litigation and has agreed to make the production subject to the Confidentiality Agreement in *this* case, HTE cannot assert an absolute immunity based solely on the designation of the document as "confidential."

The parties cite (and the Court has itself found) numerous cases from other courts dealing with the standards applicable to the discoverability of a settlement agreement. *See, e.g., Young v. State Farm Mut. Auto. Ins. Co.*, 169 F.R.D. 72, 79 (S.D.W.Va.1996) (settlement agreement discoverable);

---

[1] In the state court suit, HTE contended that Harward breached the Severance Agreement by acquiring more than 5% of the outstanding stock of Tyler, a competitor of HTE.

*Doe v. Methacton Sch. Dist.*, 164 F.R.D. 175, 176 (E.D.Pa.1995) (recognizing that agreement may be discoverable but declining to allow discovery because not relevant); *Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650-51 (N.D.Ill.1994) (same); *Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 563-64 (D.N.J.1994) (same); *Fidelity Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D.Pa.1993) (settlement agreement discoverable); *Morse/Diesel Inc. v. Trinity Indus.*, 142 F.R.D. 80, 85 (S.D.N.Y.1992) (court must determine whether settlement agreement is reasonably calculated to lead to the discovery of admissible evidence); *Bennett v. La Pere*, 112 F.R.D. 136 (D.R.I.1986) (holding terms of settlement agreement relevant and thus discoverable); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364 (N.D.Ill. 2001) (discovery of settlement agreement permitted as relevant to issue of overlapping claims).

Within this circuit, a request to produce a settlement agreement is analyzed pursuant to Rule 26(b)(1), Fed. R. Civ. P., allowing discovery that is relevant to the claim or defense of any party. *See Walker v. Prudential Property and Cas. Ins. Co.*, 286 F. 3d 1270, 1279-1280 (11th Cir. 2002) (upholding district court's denial of access to settlement agreements of other cases absent a nexus between alleged discrimination and the information sought); *Serina v. Albertson's, Inc.*, 128 F.R.D. 290, 293 (M.D.Fla.1989) (discovery denied absent showing of relevancy). Thus, the language sought by Tyler is discoverable, if relevant.

Tyler argues that the language is relevant to its defense in that Tyler is in privity with Harward, and the release language may be broad enough to cover Tyler, as well. Not surprisingly, HTE argues that Tyler is not covered within the scope of the Settlement Agreement and it was not contemplated that Tyler be released. As is clear, HTE's argument goes to the purported *effect* of the release, and not the relevancy, for discovery purposes. The issue is not what a particular document

-3-

may or may not ultimately *prove*,[2] but whether there is a sufficient nexus between the claims or defenses asserted and the information sought. It should be obvious that the settlement of breach of contract claim may bear a significant relation to a claim against another party for interfering with that contract, whether the parties to the settlement intended such an effect or not. Certainly Tyler is not required to accept without question the characterization of the agreement made by its signatories. It is also noteworthy that neither HTE nor Harward has identified any substantive prejudice from disclosure. They cite only their desire for confidentiality itself, a matter entitled to little weight given that the Severance Agreement continues to be the subject of active litigation.

HTE is **ORDERED** to provide the requested documents within 11 days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida this 22d day of July, 2002.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] Interpretation of a settlement agreement, to the extent it is governed by Florida contract law, is a question of law for the court. *Somerset Pharmaceuticals, Inc. v. Kimball,* 49 F. Supp. 2d 1335 (M. D. Fla. 1999).

-4-