UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

H.T.E., INC.,

    Plaintiff,

vs.                                                      CASE NO.: 6:01-cv-1366-Orl-31DAB

TYLER TECHNOLOGIES, INC.,

    Defendant.
_____/

### TYLER'S OPPOSITION TO H.T.E.'S MOTION FOR RECONSIDERATION OF MAGISTRATE'S ORDER OF JULY 22, 2002

Defendant, TYLER TECHNOLOGIES, INC. ("Tyler"), pursuant to Local Rule 3.01(b), hereby opposes the Motion for Reconsideration filed by Plaintiff, H.T.E., Inc. ("H.T.E."). H.T.E.'s motion seeks this Court's review of a July 22, 2002 discovery order rendered by Magistrate Judge David A. Baker compelling H.T.E. to produce a portion of an allegedly confidential document. H.T.E.'s motion must be denied. H.T.E. has not demonstrated, as is its burden, that the discovery order is "clearly erroneous." To the contrary, as set forth below, Magistrate Judge Baker's discovery order is proper, carefully limited in scope, and in accord with applicable law. Indeed, H.T.E.'s confidentiality objection is unfounded given the clear relevance of the information, the protection already afforded by the confidentiality

agreement between the parties, and H.T.E.'s failure to allege any prejudice resulting from disclosure.

## BACKGROUND

In this action, H.T.E. has asserted a claim against Tyler for purported tortious interference that caused breaches of a severance agreement between H.T.E. and Dennis J. Harward and Jack L. Harward (the "Harwards").[1] In a prior civil action, H.T.E. also asserted claims against the Harwards for the breach of the same severance agreement.[2] The breach alleged by H.T.E. is based upon a purchase and sale agreement, entered into between the Harwards and Tyler, for the sale of H.T.E. stock. Thus, certain elements of liability and the elements of damages claimed in the prior civil action are identical to those involved in this action.

The prior civil action was settled between H.T.E. and the Harwards by a written settlement agreement (the "Settlement Agreement").[3] Importantly, that Settlement Agreement may contain a general release that applies to Tyler. That is, the release in the Settlement Agreement may extend to parties in privity with the Harwards, which would include Tyler by virtue of the above-referenced purchase

---

[1] A more detailed description of the factual background is set forth in Tyler's Motion to Compel Discovery (Docket No. 72) and Tyler's Memorandum of Law in Support of its Motion to Compel Discovery. (Docket No. 73). The facts and additional argument set forth in these pleadings is incorporated herein by reference.

[2] The prior civil action was brought in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, Case No. 99-CA-1995-15-B.

[3] H.T.E.s Memorandum of Law (Docket No. 18) at page 3.

and sale agreement. Tyler has asserted an affirmative defense based upon the Settlement Agreement reached by H.T.E. and the Harwards.[4]

On March 14, 2002, to support its anticipated affirmative defense, Tyler sought the production of any releases entered into between H.T.E. and the Harwards. On April 19, 2002, H.T.E. objected to the request on grounds of confidentiality and overbreadth, but further stated "H.T.E. anticipates that the parties will be able to agree upon and execute a confidentiality agreement, subject to which H.T.E. will produce the subject documents."

To resolve H.T.E.'s confidentiality objection, on June 4, 2002, Tyler and H.T.E. entered into a confidentiality agreement. Nonetheless, contrary to H.T.E.'s prior response indicating that it would produce the subject documents upon the execution of a confidentiality agreement, H.T.E. refused to produce any portion of the Settlement Agreement on the basis that it contains a confidentiality provision and that the Harwards (not H.T.E.) "objected to disclosure of the agreement." Tyler moved to compel the production of any release language contained in the Settlement

---

[4] Tyler's Ninth Affirmative Defense to H.T.E.'s tortious interference claims states as follows: "In connection with prior litigation in state court between H.T.E. and Jack Harward and Dennis Harward concerning alleged breaches of a severance agreement, the parties entered into a settlement agreement which included a general release, in which general release H.T.E., Inc. waived and released, among others, Tyler, from the claims H.T.E. now attempts to assert against Tyler for tortious interference with a contract or an advantageous business relationship (Counts II and III)." Tyler felt obligated to raise this defense prior to production of the Settlement Agreement because of the deadline for pleading amendments.

Agreement and filed a memorandum of law in support. (Docket No. 73). H.T.E. filed a memorandum of law in opposition. (Docket No. 75).

On July 22, 2002, Magistrate Judge Baker rendered an order granting Tyler's motion to compel. (Docket No. 81). Magistrate Judge Baker's well-considered order reflects that he took the following steps in making his ruling:

First, Magistrate Judge Baker observed that Tyler's motion to compel seeks only the release language contained in the Settlement Agreement (Order at 2). In other words, Tyler seeks only that portion of the Settlement Agreement that contains release language so that Tyler can support its affirmative defense (Order at 3-4).

Second, Magistrate Judge Baker recited the well-established legal principle that a party's mere assertion that a document is confidential does not confer automatic immunity from discovery (Order at 2) (citing *Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979)). Rather, he noted that the correct legal test for discoverability is whether a confidential document is "relevant" (Order at 3).

Third, Magistrate Judge Baker concluded that H.T.E.'s argument in opposition merely disputed the legal effect of the release language between H.T.E. and the Harwards, rather than its relevance to Tyler's affirmative defenses (Order at 3-4). In this regard, Magistrate Judge Baker concluded that neither Tyler nor the Court was obliged to blindly accept H.T.E.'s characterization of the Settlement Agreement, but that its legal effect was a question of law for the Court (Order at 4)

4

(citing *Somerset Pharmaceuticals, Inc. v. Kimball*, 49 F. Supp. 2d 1335 (M.D. Fla. 1999)).

Fourth, Magistrate Judge Baker concluded that H.T.E. failed to identify any substantive prejudice that would result from the disclosure of the release language (Order at 4). Indeed, he noted that the parties had agreed that any disclosure would be subject to the confidentiality agreement between the parties (Order at 2).

Finally, Magistrate Judge Baker ruled that the release language is relevant to Tyler's affirmative defense: "It should be obvious that the settlement of a breach of contract claim may bear a significant relation to a claim against another party for interfering with that contract, whether the parties to the settlement intended such effect or not" (Order at 4).

On August 2, 2002, H.T.E. filed the instant motion for reconsideration pursuant to 28 U.S.C. § 636(b)(1). (Docket No. 86). The motion for reconsideration does not raise any new arguments or new principles of law. At bottom, H.T.E. repeats its contention that Tyler did not establish relevance because neither H.T.E. nor the Harwards intended for it to apply to Tyler. Notably, again, H.T.E. fails to allege that it will suffer any prejudice from the disclosure of the general release language nor does H.T.E. explain why the confidentiality agreement between the parties is insufficient to protect H.T.E.'s interests, if any.

## ARGUMENT

A. <u>Standard of Review</u>

A district court may reverse a non-dispositive ruling of a magistrate judge only where it is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). *See also Ray v. Cutter Lab. Div. of Miles, Inc.*, 746 F. Supp. 86 (M.D. Fla. 1990) (enforcing magistrate's ruling to compel production of documents); *Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co., Inc.*, 153 F.R.D. 686 (M.D. Fla. 1994) (enforcing magistrate's order denying protective order and requiring production of confidential contracts with third parties). A ruling is clearly erroneous only when, after reviewing the entire record, "the reviewing court is left with the definite and firm conviction that a mistake has been made." *United States v. Holmes*, 195 F. Supp. 2d 1330, 1332 (M.D. Fla. 2002). This standard of review is "highly deferential." *Doe v. Marsh*, 899 F. Supp. 933, 934 (N.D.N.Y. 1995). Further, "magistrate judges are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if the discretion has been abused." *Id.*

B. <u>The Release Language is Highly Relevant and Discoverable</u>

H.T.E.'s Motion for Reconsideration fails to identify any error, much less a clear error, in Magistrate Judge Baker's order. H.T.E. does not contend, for instance, that Magistrate Judge Baker applied the wrong legal standard. Indeed, in setting forth the appropriate legal standard, Magistrate Judge Baker's discovery order cites to many of the same cases cited in the Motion for Reconsideration,

including the Eleventh Circuit's decision in *Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1280 (11th Cir. 2002) (describing test for discoverability of a confidential settlement agreement as one of relevance). Rather, H.T.E. merely disputes Magistrate Judge Baker's determination that the release language in the Settlement Agreement is relevant to Tyler's affirmative defense. Such a determination, however, is subject to the broad discretion exercised by magistrate judges over discovery issues. *Doe*, 899 F. Supp. at 934. H.T.E. can hardly claim that Magistrate Judge Baker abused his discretion given the limited nature of the required disclosure and H.T.E.'s failure to allege any prejudice as a result of disclosure.

Further, Magistrate Judge Baker's determination that the general release language used in the Settlement Agreement is relevant to Tyler's affirmative defense is supported by common-sense and settled law. Settlement agreements are discoverable when relevant to the issues raised in a lawsuit. *See e.g., In re Frank A. Smith Sales, Inc.*, 32 S.W.3d 871, 874 (Tex. App. 2000) (holding settlement agreement discoverable to "one satisfaction" defense); *Fidelity Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D. Pa. 1993) (settlement agreement discoverable); *Bennett v. La Pere*, 112 F.R.D. 136 (D.R.I. 1986) (same). Plainly, in this case, the Settlement Agreement's general release language will determine whether Tyler can support an affirmative defense based on that Settlement

Agreement. As such, this language is not merely relevant to Tyler's affirmative defense, but the very basis for that defense.

It is well-settled that a discovery request is considered relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action." *Leighr v. Beverly Enterprises-Kansas Inc.*, 164 F.R.D. 550, 552 (D. Kan 1996); *see also* Fed.R.Civ.P. 26(b)(1) ("[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."); *Union Carbide Corp. v. State of Indiana*, 161 F.R.D. 359, 365 (S.D. Ind. 1993) ("Information requested must be relevant only to the subject matter of a suit rather than to the technical issues presented by the pleadings . . . and may be relevant to any issue that is, or may be, in the case") (emphasis added). This broad standard is equally applicable to the discovery of allegedly confidential settlement agreements. *See Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1280 (11th Cir. 2002) (citing to standard set forth in Rule 26(b)(1) in determining whether a confidential settlement agreement was relevant to issues in litigation).[5]

Magistrate Judge Baker properly applied the correct legal standard, described above, to determine whether the release language is discoverable. By

---

[5] There appears to be a split of authority as to the standard of relevance required to obtain the disclosure of a confidential settlement agreement, with some courts requiring a heightened standard of a particularized showing. *See e.g., Young v. State Farm Mut. Auto. Ins. Co.*, 169 F.R.D. 72, 79 (S.D.W.V. 1996). The Eleventh Circuit, however, in *Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270 (March 26, 2002), addresses the discoverability of an allegedly confidential settlement agreement by citing only to Rule 26(b)(1)'s relevancy standard, i.e., without any indication that a heightened standard of relevancy is appropriate.

contrast, H.T.E.'s contention that the legal effect of the general release language (or the parties' intent) does not support Tyler's defense is both self-serving and beside the point.[6] Magistrate Judge Baker's order will permit Tyler (and the Court) to make an independent determination as to whether the affirmative defense is viable. As Magistrate Judge Baker correctly noted, the question at this point is not whether Tyler will ultimately be able to prove its defense, but whether the discovery sought is relevant (Order at 3-4). Magistrate Judge Baker's determination in this regard was correct and, for this reason alone, H.T.E.'s motion should be denied.

    C.    <u>H.T.E. Is Sufficiently Protected by the Confidentiality Agreement Between the Parties</u>

H.T.E. objected to Tyler's discovery request solely on the grounds of overbreadth and the lack of a confidentiality agreement between the parties. Given that the parties subsequently entered into a confidentiality agreement, and the limited nature of the disclosure, H.T.E. can have no remaining objections to the discovery request, i.e., it waived its confidentiality objection.

Even assuming that H.T.E. has not waived its objection, it is well-settled law that the appropriate remedy to protect confidential information is a protective order limiting disclosure and not an outright denial of discovery. *See Kaiser Aluminum &*

---

[6] The legal effect of the Settlement Agreement, of course, is determined by the four-corners of the document. *See In re Gardinier v. Gardinier, Inc.*, 831 F.2d 974, 976 (11th Cir. 1987) (citing well-settled principle of contract construction that, in the absence of an ambiguity, the signatories' intent is determined by the language used in the contract).

*Chem. Corp. v. Phosphate Eng'g & Constr. Co., Inc.*, 153 F.R.D. 686, 688 (M.D. Fla. 1994) (affirming trial court's entry of a protective order to protect confidentiality of defendant's contracts with third parties); *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 204 (M.D. Fla. 1990) (holding that appropriate relief for the discovery of sensitive information is the entry of a protective order limiting disclosure); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 196 (D. Kan. 1996) (holding that confidentiality of information may occasion a protective order but does not necessarily bar discovery); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 416 (M.D.N.C. 1991) (entering protective order that limited, but did not foreclose, the disclosure of internal business strategy documents to competitors noting "When the material sought involves matters which go to the heart of the case, it is likely that some type of disclosure must be expected.").[7]

H.T.E., of course, has already achieved this protection by virtue of the confidentiality agreement entered into between the parties. To be entitled to any additional relief, H.T.E. must show that the disclosure of the general release language will, notwithstanding the confidentiality agreement, result in "a clearly defined and very serious injury." *See Traveler's Ins. Co. v. Allied-Signal Inc. Master Pension Trust*, 145 F.R.D. 17, 18 (D. Conn. 1992) (explaining that clear proof

---

[7] *See also, One Bancorp Sec. Litig. v. Cooperman*, 134 F.R.D. 4, 10 (D. Me. 1991)(overruling objection to producing confidential customer information because the parties had entered into a confidentiality stipulation); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 309 (S.D.N.Y 1992) ("The fact that discovery might result in the disclosure of sensitive information is not a basis for denying such discovery... If the defendants desire, they may submit a protective order on consent....").

of a specific injury is a prerequisite to relief under Rule 26(c)(7) to protect allegedly "confidential" information from disclosure). H.T.E. plainly fails to meet this burden. Indeed, as Magistrate Judge Baker noted, H.T.E. does not even allege that it will suffer prejudice as a result of disclosure.

WHEREFORE, TYLER respectfully requests that this Court deny H.T.E.'s Motion for Reconsideration and affirm the July 22, 2002 discovery order rendered by Magistrate Judge David A. Baker.

Respectfully submitted,

*/s/ Michael D. Starks for*

William B. Wilson, Esquire
Florida Bar No. 153167
Michael D. Starks, Esquire
Florida Bar No. 0086584
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Suite 2600
Post Office Box 1526
Orlando, FL 32802-1526
Phone: (407)425-8500
Fax: (407)244-5288
Attorneys for Defendant,
Tyler Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery this 8th day of August, 2002, to John W. Foster, Sr., Esquire, Baker & Hostetler LLP, 2300 Sun Trust Center, 200 South Orange Avenue, Post Office Box 112, Orlando, FL 32802-0122.

Michael D. Starks, Esquire

ORL1 #735519 v1