

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

H.T.E., INC.,

    Plaintiff,

vs.                              CASE NO.: 6:01-cv-1366-Orl-31DAB

TYLER TECHNOLOGIES, INC.,

    Defendant.
_____/

## TYLER'S OPPOSITION TO SECOND MOTION FOR RECONSIDERATION OF MAGISTRATE'S ORDER OF JULY 22, 2002

Defendant, TYLER TECHNOLOGIES, INC. ("Tyler"), pursuant to Local Rule 3.01(b), hereby opposes the *Motion for United States District Judge's Reconsideration of the Magistrate's Order of August 8, 2002, and the Magistrate's Order of July 22, 2002* ("Second Motion to Reconsider") filed by Plaintiff, H.T.E., INC. ("H.T.E."). The motion ostensibly seeks review of two orders rendered by United States Magistrate Judge David A. Baker ("Judge Baker"): a July 22, 2002 Discovery Order and an August 8, 2002 Order Denying Reconsideration. The motion must be denied. First, the motion is untimely and improper. Second, H.T.E. again fails to demonstrate, as is its burden, that Judge Baker's Discovery Order is "clearly erroneous." To the contrary, as set forth below, Judge Baker's Discovery Order is proper, carefully limited in scope, and in accord with applicable law. Third, H.T.E.'s confidentiality objection is meritless given the clear relevance of the

...
...

information and the protection already afforded by the confidentiality agreement between the parties. Finally, despite numerous opportunities, H.T.E. has never alleged, or even suggested, that any prejudice will result from disclosure.

## STATEMENT OF THE CASE AND FACTUAL BACKGROUND

### Clarification of the Second Motion to Reconsider

A clarification of the improper procedure by which H.T.E. filed its Second Motion to Reconsider is warranted. The underlying Discovery Order was rendered on July 22, 2002, and it directed H.T.E. to produce within eleven days the release language of a settlement agreement between H.T.E. and a third party with whom Tyler is in privity (the "Settlement Agreement").[1] On August 2, 2002, H.T.E. filed its *Motion For Reconsideration of the Magistrate's Order of July 22, 2002* (the "First Motion to Reconsider"). While that motion cites to 28 U.S.C. § 636(b)(1), H.T.E. has never filed any "objections" as required by the statute and Federal Rule of Civil Procedure 72(a).[2] This failure, combined with the motion's lack of clarity, made it appear that H.T.E. was seeking Judge Baker's reconsideration of his prior Discovery Order. As such, Judge Baker's Order Denying Reconsideration was proper and should be affirmed.

If, on the other hand, H.T.E.'s First Motion to Reconsider did adequately seek review by the presiding district court judge (despite H.T.E.'s failure to file

---

[1] Docket No. 81.

[2] This not a technicality. Rule 72(a) requires a party to "serve and file objections" which assign errors to the magistrate's order. Such objections should focus on the specific points objected to and, not, as H.T.E. has done in both its motions, merely engage in reargument.

2

objections), then this Court should withdraw Judge Baker's Order Denying Reconsideration and review the Initial Motion for Reconsideration (Docket Nos. 86 and 87) and Tyler's opposition to that initial motion (Docket No. 90). In no event, however, should this Court consider the Second Motion to Reconsider as a valid challenge to the Discovery Order rendered on July 22, 2002. H.T.E.'s attempt to get a second bite at the apple is improper for at least two reasons. First, the Second Motion to Reconsider is time-barred; H.T.E. has waived its right to assert any of the matters set forth in the motion.[3] Second, in violation of this Court's local rules which prohibit the filing of reply briefs, H.T.E.'s Second Motion for Reconsideration is, at bottom, a reply brief to Tyler's opposition memo.[4] In short, H.T.E. takes advantage of the confusion that it created in order to file an untimely and improper Second Motion for Reconsideration.

A better course of action, which would have spared both parties and this Court a good deal of effort and confusion, would have been for H.T.E. to have notified this Court (by filing a notice, a short motion, or even by a phone call) that the intent of its First Motion to Reconsider was to seek review from the presiding

---

[3] Judge Baker's discovery order directed H.T.E. to respond within eleven days of rendition (Discovery Order at 4), but H.T.E.'s Second Motion to Reconsider was not filed until twenty-eight days later. Even if the applicable time period had not been modified by the discovery order, H.T.E.'s motion would still be untimely under the statute. 28 U.S.C. § 636(b)(1) ("Within ten days after being served with a copy, any party may serve and file written objections . . ."). Absent a timely objection, a party has no right to challenge a magistrate judge's pre-trial, discovery order. *See* Section "A." To avoid this time-bar, H.T.E. disingenuously contends that it has discovered "new facts." This is simply untrue.

[4] H.T.E.'s tactic is self-defeatingly obvious. Under the guise of challenging the Order Denying Reconsideration, H.T.E.'s Second Motion to Reconsider is almost entirely devoted to re-challenging the July 22, 2002 discovery order. H.T.E. has needlessly wasted time and resources.

3

district court judge. Instead, H.T.E. has needlessly wasted time and resources -- which is particularly egregious given that H.T.E. has never alleged that any prejudice will result from the disclosure of the few sentences of contract language which it has been compelled to produce.[5] Indeed, H.T.E.'s entire purpose seems to be delay.

## Factual Background

In this action, H.T.E. has asserted a claim against Tyler for purported tortious interference that caused breaches of a severance agreement between H.T.E. and Dennis J. Harward and Jack L. Harward (the "Harwards").[6] In a prior civil action, H.T.E. also asserted claims against the Harwards for the breach of the same severance agreement.[7] The breach alleged by H.T.E. is based upon a purchase and sale agreement, entered into between the Harwards and Tyler, for the sale of H.T.E. stock. Thus, certain elements of liability and the elements of damages claimed in the prior civil action are identical to those involved in this action.

The prior civil action was settled between H.T.E. and the Harwards by a written settlement agreement (i.e., the "Settlement Agreement").[8] Importantly,

---

[5] The Second Motion to Reconsider alleges only, in the most general terms, that settlement agreements resolving litigation should be kept confidential (Second Motion to Reconsider at 12).

[6] A more detailed description of the factual background is set forth in Tyler's Motion to Compel Discovery (Docket No. 72) and Tyler's Memorandum of Law in Support of its Motion to Compel Discovery (Docket No. 73). The facts and additional argument set forth in these pleadings are incorporated herein by reference.

[7] The prior civil action was brought in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, Case No. 99-CA-1995-15-B.

[8] H.T.E.'s Memorandum of Law (Docket No. 18) at page 3.

4

that Settlement Agreement contains a general release that may apply to Tyler. That is, the release in the Settlement Agreement may extend to parties in privity with the Harwards, which would include Tyler by virtue of the above-referenced purchase and sale agreement.[9] Tyler has asserted an affirmative defense based upon the Settlement Agreement reached by H.T.E. and the Harwards.[10]

On March 14, 2002, to support its anticipated affirmative defense, Tyler sought the production of any releases entered into between H.T.E. and the Harwards. On April 19, 2002, H.T.E. objected to the request on grounds of confidentiality and overbreadth, but further stated "H.T.E. anticipates that the parties will be able to agree upon and execute a confidentiality agreement, subject to which H.T.E. will produce the subject documents."

To resolve H.T.E.'s confidentiality objection, on June 4, 2002, Tyler and H.T.E. entered into a confidentiality agreement. Nonetheless, contrary to H.T.E.'s prior response indicating that it would produce the subject documents upon the execution of a confidentiality agreement, H.T.E. refused to produce any portion of the Settlement Agreement on the basis that it contains a confidentiality provision

---

[9] Joseph Loughry, President and CEO of H.T.E., has confirmed that the Settlement Agreement contains a release provision. Affidavit of Joseph Loughry, at ¶ 7 (Docket No. 78).

[10] Tyler's Ninth Affirmative Defense to H.T.E.'s tortious interference claims states as follows: "In connection with prior litigation in state court between H.T.E. and Jack Harward and Dennis Harward concerning alleged breaches of a severance agreement, the parties entered into a settlement agreement which included a general release, in which general release H.T.E., Inc. waived and released, among others, Tyler, from the claims H.T.E. now attempts to assert against Tyler for tortious interference with a contract or an advantageous business relationship (Counts II and III)." Tyler felt obligated to raise this defense prior to production of the Settlement Agreement because of the deadline for pleading amendments.

and that the Harwards (not H.T.E.) "objected to disclosure of the agreement." Tyler moved to compel the production of any release language contained in the Settlement Agreement and filed a memorandum of law in support (Docket Nos. 72 and 73). H.T.E. filed a memorandum of law in opposition (Docket No. 75).

On July 22, 2002, Judge Baker rendered the Discovery Order granting Tyler's motion to compel (Docket No. 81). Judge Baker's well-considered order reflects that he took the following steps in making his ruling:

First, Judge Baker observed that Tyler's motion to compel seeks only the release language contained in the Settlement Agreement (Discovery Order at 2). In other words, Tyler seeks only that portion of the Settlement Agreement that contains release language so that Tyler can support its affirmative defense (Discovery Order at 3-4).

Second, Judge Baker recited the well-established legal principle that a party's mere assertion that a document is confidential does not confer automatic immunity from discovery (Discovery Order at 2) (citing *Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979)). Rather, he noted that the correct legal test for discoverability is whether a confidential document is "relevant" (Discovery Order at 3).

Third, Judge Baker concluded that H.T.E.'s argument in opposition merely disputed the legal effect of the release language between H.T.E. and the Harwards, rather than its relevance to Tyler's affirmative defenses (Discovery Order at 3-4).

6

In this regard, Judge Baker concluded that neither Tyler nor the Court was obliged to blindly accept H.T.E.'s characterization of the Settlement Agreement, but that its legal effect was a question of law for the Court (Discovery Order at 4) (citing *Somerset Pharmaceuticals, Inc. v. Kimball*, 49 F. Supp. 2d 1335 (M.D. Fla. 1999)).

Fourth, Judge Baker concluded that H.T.E. failed to identify any substantive prejudice that would result from the disclosure of the release language (Discovery Order at 4). Indeed, he noted that the parties had agreed that any disclosure would be subject to the confidentiality agreement between the parties (Discovery Order at 2).

Finally, Judge Baker ruled that the release language is relevant to Tyler's affirmative defense: "It should be obvious that the settlement of a breach of contract claim may bear a significant relation to a claim against another party for interfering with that contract, whether the parties to the settlement intended such effect or not" (Discovery Order at 4).

## ARGUMENT

### A. The Second Motion to Reconsider is Time-Barred and Improper.

Under Rule 72(a) a party may seek review of an order rendered by a Magistrate Judge as follows:

> *Within 10 days* after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.

Fed.R.Civ.P. 72(a) (emphasis added).[11] With respect to pre-trial discovery orders, a party's failure to timely serve objections to a magistrate judge's order renders that order final. That is, in the absence of timely objections, a party waives any right to challenge the magistrate's order and the order becomes final without further judicial action. *See Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981).

H.T.E.'s Second Motion to Reconsider was served twenty-eight days after the rendition of Judge Baker's Discovery Order. Therefore, the Second Motion to Reconsider is untimely and should not be considered. H.T.E. has, in essence, simply filed a reply brief to Tyler's opposition to the First Motion for Reconsideration in violation of this Court's local rules. M.D. Local Rule 3.01(b).

To avoid the time-bar, H.T.E. contends that it has discovered "new facts." In its First Motion to Reconsider, H.T.E. argued that Tyler cannot be in privity with the Harwards because it "would not have been bound by any judgment rendered in the H.T.E./Harward lawsuit . . ." (First Motion to Reconsider at 4). In its Second Motion to Reconsider, H.T.E. falsely asserts that it has discovered "new facts" to support this old, red-herring argument (Second Motion to Reconsider at 10-11). The alleged "new facts" refer to an August 6, 2002 deposition at which H.T.E.'s counsel attempted to elicit, over objection, a legal opinion from a Tyler witness as to

---

[11] *See also* 28 U.S.C. § 636(b)(1) ("*Within ten days* after being served with a copy, any party may serve and file *written objections* to such proposed findings and recommendations as provided by rules of court.").

8

whether Tyler is bound by the non-final order. The testimony establishes only the self-evident "fact" that Tyler was not a party to the prior litigation -- hardly a new fact. Further, even if the deposition testimony did somehow elicit a "new fact" (which is dubious given that it is based on improper questions seeking a legal opinion) the so-called "new fact" is so tenuous that this Court should exercise its discretion not to consider it. *See Hynes v. Squillace*, 143 F.3d 653 (2d Cir. 1998) (describing broad scope of court's discretion under Section 28 U.S.C. § 636(b)(1)).

Moreover, as Judge Baker found, H.T.E.'s argument is wholly without merit. A release clause in a settlement agreement that resolves pending litigation can, and most frequently does, apply to parties other than the signatories. *See, e.g., Weatherford v. Ryder Truck Rental & Leasing Inc.*, 344 So. 2d 937 (Fla. 3d DCA 1977) (granting summary judgment to defendant police officer based on general release language between plaintiff and insurer). The scope of the release is determined by its language, applying ordinary contract construction principles. *See Sheen v. Lyon*, 485 So. 2d 422 (Fla. 1986) (applying clear and unambiguous language of release). This question is separate and unrelated to issues of *res judicata* or estoppel by judgment. Indeed, H.T.E. ignores that release agreements are commonly used outside of formal judicial proceedings; thus, H.T.E's argument is a non-starter. *See Banfield v. Louis*, 589 So. 2d 441 (Fla. 4th DCA 1991) (holding that summary judgment was precluded by dispute as to whether the defendant was

an "agent" of the promoters of an athletic contest for which the participants, including the plaintiff, signed a general release prior to competition).

In sum, H.T.E. fails to present any basis for this Court's consideration of its untimely and improper Second Motion for Reconsideration (how many bites at the apple should H.T.E. be permitted to get?). In any event, Judge Baker's characterization of the Second Motion to Reconsider is apt:

> Here, Plaintiff sets forth no new facts or law warranting reconsideration of the Court's Order compelling discovery, but merely reasserts Plaintiff's conclusory opinion that because it *says* the settlement agreement is irrelevant, then, by golly, it is.

(Discovery Order at 2) (Emphasis in the original). Indeed, H.T.E.'s entire argument for withholding discovery rests on the absurd notion that H.T.E. alone is entitled to interpret the release language of the Settlement Agreement to determine its legal effect (an argument that ignores the distinction between discoverable evidence and admissibility). Judge Baker correctly rejected this *ipse dixit* argument both in his Discovery Order and in his Order Denying Reconsideration. At bottom, notwithstanding how this Court treats the Second Motion to Reconsider, this Court should deny H.T.E.'s request for relief and affirm the July 22, 2002 Discovery Order.

## B. A "Clearly Erroneous" Standard of Review Applies.

In the event this Court determines that H.T.E. adequately sought review by the presiding district court judge, and regardless of whether the First or the Second

10

Motion to Reconsider is reviewed, both parties agree that a "clearly erroneous" standard of review is applicable. That is, a district court may reverse a non-dispositive ruling of a magistrate judge only where it is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). *See also Ray v. Cutter Lab. Div. of Miles, Inc.*, 746 F. Supp. 86 (M.D. Fla. 1990) (enforcing magistrate's ruling to compel production of documents); *Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co., Inc.*, 153 F.R.D. 686 (M.D. Fla. 1994) (enforcing magistrate's order denying protective order and requiring production of confidential contracts with third parties). A ruling is clearly erroneous only when, after reviewing the entire record, "the reviewing court is left with the definite and firm conviction that a mistake has been made." *United States v. Holmes*, 195 F. Supp. 2d 1330, 1332 (M.D. Fla. 2002). This standard of review is "highly deferential." *Doe v. Marsh*, 899 F. Supp. 933, 934 (N.D.N.Y. 1995). Further, "magistrate judges are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if the discretion has been abused." *Id.*

## C. The Release Language is Highly Relevant and Discoverable.

H.T.E. fails to identify any error, much less a clear error, in Judge Baker's order. H.T.E. does not contend, for instance, that Judge Baker applied the wrong legal standard. Indeed, in setting forth the appropriate legal standard, Judge Baker's discovery order cites to many of the same cases cited in H.T.E.'s First Motion to Reconsider, including the Eleventh Circuit's decision in *Walker v.*

11

*Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1280 (11th Cir. 2002) (describing test for discoverability of a confidential settlement agreement as one of relevance). Rather, H.T.E. merely disputes Judge Baker's determination that the release language in the Settlement Agreement is relevant to Tyler's affirmative defense. Such a determination, however, is subject to the broad discretion exercised by magistrate judges over discovery issues. *Doe*, 899 F. Supp. at 934. H.T.E. can hardly claim that Judge Baker abused his discretion given the limited nature of the required disclosure and H.T.E.'s failure to allege any prejudice as a result of disclosure.

Further, Judge Baker's determination that the general release language used in the Settlement Agreement is relevant to Tyler's affirmative defense is supported by common-sense and settled law. Settlement agreements are discoverable when relevant to the issues raised in a lawsuit. *See e.g., In re Frank A. Smith Sales, Inc.*, 32 S.W.3d 871, 874 (Tex. App. 2000) (holding settlement agreement discoverable to "one satisfaction" defense); *Fidelity Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D. Pa. 1993) (settlement agreement discoverable); *Bennett v. La Pere*, 112 F.R.D. 136 (D.R.I. 1986) (same). Plainly, in this case, the Settlement Agreement's general release language will determine whether Tyler can support an affirmative defense based on that Settlement Agreement. As such, this language is not merely relevant to Tyler's affirmative defense, but the very basis for that defense.

It is well-settled that a discovery request is considered relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action." *Leighr v. Beverly Enterprises-Kansas Inc.*, 164 F.R.D. 550, 552 (D. Kan 1996); *see also* Fed.R.Civ.P. 26(b)(1) ("[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."); *Union Carbide Corp. v. State of Indiana*, 161 F.R.D. 359, 365 (S.D. Ind. 1993) ("Information requested must be relevant only to the subject matter of a suit rather than to the technical issues presented by the pleadings . . . and may be relevant to any issue that is, or may be, in the case") (emphasis added). This broad standard is equally applicable to the discovery of allegedly confidential settlement agreements. *See Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1280 (11th Cir. 2002) (citing to standard set forth in Rule 26(b)(1) in determining whether a confidential settlement agreement was relevant to issues in litigation).[12]

Judge Baker properly applied the correct legal standard, described above, to determine whether the release language is discoverable. By contrast, H.T.E.'s contention that the legal effect of the general release language (or the parties' intent) does not support Tyler's defense is both self-serving and beside the point.[13]

---

[12] There appears to be a split of authority as to the standard of relevance required to obtain the disclosure of a confidential settlement agreement, with some courts requiring a heightened standard of a particularized showing. *See e.g., Young v. State Farm Mut. Auto. Ins. Co.*, 169 F.R.D. 72, 79 (S.D.W.V. 1996). The Eleventh Circuit, however, in *Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270 (March 26, 2002), addresses the discoverability of an allegedly confidential settlement agreement by citing only to Rule 26(b)(1)'s relevancy standard, i.e., without any indication that a heightened standard of relevancy is appropriate.

[13] The legal effect of the Settlement Agreement, of course, is determined by the four-corners of the document. *See In re Gardinier v. Gardinier, Inc.*, 831 F.2d 974, 976 (11th Cir. 1987) (citing well-

Judge Baker's Discovery Order will permit Tyler (and the Court) to make an independent determination as to whether the affirmative defense is viable. As Judge Baker correctly noted, the question at this point is not whether Tyler will ultimately be able to prove its defense, but whether the discovery sought is relevant (Order at 3-4). Judge Baker's determination in this regard was correct and, for this reason alone, H.T.E.'s motion should be denied.

### D. H.T.E. Is Sufficiently Protected by the Confidentiality Agreement Between the Parties.

H.T.E. objected to Tyler's discovery request solely on the grounds of overbreadth and the lack of a confidentiality agreement between the parties. Given that the parties subsequently entered into a confidentiality agreement, and the limited nature of the disclosure, H.T.E. can have no remaining objections to the discovery request, i.e., it waived its confidentiality objection.

Even assuming that H.T.E. has not waived its objection, it is well-settled law that the appropriate remedy to protect confidential information is a protective order limiting disclosure and not an outright denial of discovery. *See Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co., Inc.*, 153 F.R.D. 686, 688 (M.D. Fla. 1994) (affirming trial court's entry of a protective order to protect confidentiality of defendant's contracts with third parties); *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 204 (M.D. Fla. 1990) (holding that appropriate relief for the

---

settled principle of contract construction that, in the absence of an ambiguity, the signatories' intent is determined by the language used in the contract).

14

discovery of sensitive information is the entry of a protective order limiting disclosure); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 196 (D. Kan. 1996) (holding that confidentiality of information may occasion a protective order but does not necessarily bar discovery); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 416 (M.D.N.C. 1991) (entering protective order that limited, but did not foreclose, the disclosure of internal business strategy documents to competitors noting, "When the material sought involves matters which go to the heart of the case, it is likely that some type of disclosure must be expected.").[14]

H.T.E., of course, has already achieved this protection by virtue of the confidentiality agreement entered into between the parties. To be entitled to any additional relief, H.T.E. must show that the disclosure of the general release language will, notwithstanding the confidentiality agreement, result in "a clearly defined and very serious injury." *See Traveler's Ins. Co. v. Allied-Signal Inc. Master Pension Trust*, 145 F.R.D. 17, 18 (D. Conn. 1992) (explaining that clear proof of a specific injury is a prerequisite to relief under Rule 26(c)(7) to protect allegedly "confidential" information from disclosure). H.T.E. plainly fails to meet this burden. Indeed, as Judge Baker noted, H.T.E. does not even allege that any prejudice will result from such disclosure.

---

[14] *See also, One Bancorp Sec. Litig. v. Cooperman*, 134 F.R.D. 4, 10 (D. Me. 1991)(overruling objection to producing confidential customer information because the parties had entered into a confidentiality stipulation); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 309 (S.D.N.Y 1992) ("The fact that discovery might result in the disclosure of sensitive information is not a basis for denying such discovery... If the defendants desire, they may submit a protective order on consent....").

15

## CONCLUSION

For the foregoing reasons, TYLER respectfully requests that this Court deny the reconsideration sought by H.T.E., and affirm the July 22, 2002 Discovery Order rendered by Magistrate Judge David A. Baker.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery this 30th day of August, 2002, to John W. Foster, Sr., Esquire, Baker & Hostetler LLP, 2300 Sun Trust Center, 200 South Orange Avenue, Post Office Box 112, Orlando, FL 32802-0122.

William B. Wilson, Esquire
Florida Bar No. 153167
HOLLAND & KNIGHT LLP
200 S. Orange Avenue, Suite 2600
Post Office Box 1526
Orlando, FL 32802-11526
(407) 425-8500
Attorneys for Defendant,
Tyler Technologies, Inc.

TPA1 #1243716 v1