UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:01-CV-1366-ORL-31DAB

H.T.E., Inc., a Florida corporation,

     Plaintiff,

v.

TYLER TECHNOLOGIES, INC., a
Delaware corporation,

     Defendant

---

## JOINT STIPULATION FOR DISMISSAL OF TORT CLAIMS WITH PREJUDICE

Plaintiff, H.T.E., Inc. ("HTE"), and Defendant, Tyler Technologies, Inc. ("Tyler"), by and through their undersigned attorneys, hereby stipulate and agree as follows:

1.  HTE and Tyler have fully settled their respective tort claims against each other as are contained in Counts II and III of the SECOND AMENDED COMPLAINT and in Count II of the SECOND AMENDED COUNTERCLAIM.

2.  Counts II and III of the SECOND AMENDED COMPLAINT and Count II of the SECOND AMENDED COUNTERCLAIM are hereby dropped or dismissed with prejudice.

3.  The declaratory judgment claims of the parties contained in Count I of the SECOND AMENDED COMPLAINT and Count I of the SECOND AMENDED COUNTERCLAIM shall remain pending for the sole purpose of obtaining a declaratory judgment on the issues of (1) whether or not Tyler is entitled to full voting rights of all of the H.T.E. common stock owned by

it up to 20% of the issued and outstanding stock of H.T.E. as of the date Tyler acquired those shares; and (2) whether or not any purchaser or transferee of shares of H.T.E. common stock that had been held by Tyler (and in which Tyler was deemed not to have voting rights), but which purchaser or transferee is not affiliated with Tyler, would have voting rights in such shares, provided that such purchaser or transferee acquired such shares in a non-control share acquisition or otherwise complied with the provisions of Sec. 607.0902, *Fla. Stat. (2001)*.

4. Each party shall bear its own attorneys' fees and costs incurred to date in or as a result of this action.

5. The Court may enter an order in the form attached hereto as Exhibit "1".

Dated this 25th day of September, 2002.

John W. Foster, Sr.
Fla. Bar No.: 318620
Baker & Hostetler LLP
2300 SunTrust Center
200 S. Orange Avenue
PO Box 112
Orlando, FL 32802-0112
Telephone: (407) 649-4000
Fax (407) 841-0168
Attorneys for HTE, Inc.

William B. Wilson
Fla. Bar No.: 153167
Holland & Knight LLP
2600 SunTrust Center
200 S. Orange Avenue
PO Box 1526
Orlando, FL 32802
Telephone: (407) 244-1130
Fax (407) 244-5288
Attorneys for Tyler Technologies, Inc.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:01-CV-1366-ORL-31DAB


H.T.E., Inc., a Florida corporation,

     Plaintiff,

v.

TYLER TECHNOLOGIES, INC., a
Delaware corporation,

     Defendant

_____

## ORDER OF DISMISSAL OF TORT CLAIMS WITH PREJUDICE

THIS MATTER came on for consideration upon the parties' joint stipulation for

dismissal of tort claims with prejudice, and this Court having considered the stipulation and

being otherwise apprised in its premises, it is

ORDERED and ADJUDGED as follows:

1.     Counts II and III of the SECOND AMENDED COMPLAINT and Count II of

the SECOND AMENDED COUNTERCLAIM are dismissed with prejudice.

2.     The declaratory judgment actions contained in Count I of the SECOND

AMENDED COMPLAINT and Count I of the SECOND AMENDED COUNTERCLAIM shall

remain pending for the sole purpose of obtaining a declaratory judgment on the issues of (1)

whether or not Tyler is entitled to full voting rights of all of the H.T.E. common stock owned by

it up to 20% of the issued and outstanding stock of H.T.E. as of the date Tyler acquired those

shares; and (2) whether or not any purchaser or transferee of shares of H.T.E. common stock that had been held by Tyler (and in which Tyler was deemed not to have voting rights), but which purchaser or transferee is not affiliated with Tyler, would have voting rights in such shares, provided that such purchaser or transferee acquired such shares in a non-control share acquisition or otherwise complied with the provisions of Sec. 607.0902, *Fla. Stat. (2001)..*

3.      Each party shall bear its own attorneys' fees and costs incurred to date in or as a result of this action.

DONE and ORDERED in Chambers, Orlando,  Florida, this ____ day of _____, 2002.

_____
Gregory A. Presnell
United States District Judge


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing order was furnished via U.S. mail, postage prepaid, to **William B. Wilson, Esq.**, Holland & Knight, LLP, 200 South Orange Avenue, Suite 2600, Orlando, FL  32802 and **John W. Foster, Sr., Esq.**, Baker & Hostetler LLP, PO Box 112, Orlando, FL 32802-0112, this ____ day of _____, 2002.


_____
Judicial Assistant


G:\Jwf0370\25944\00001\Pleadings\FEDERAL\Stip And Order Of Dismissal With Prejudice.Doc.Doc


**EXHIBIT "1"**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:01-CV-1366-ORL-31DAB

**H.T.E., Inc., a Florida corporation,**

      **Plaintiff,**

v.

**TYLER TECHNOLOGIES, INC., a
Delaware corporation,**

      **Defendant**

_____

## ORDER OF DISMISSAL OF TORT CLAIMS WITH PREJUDICE

THIS MATTER came on for consideration upon the parties' joint stipulation for dismissal of tort claims with prejudice, and this Court having considered the stipulation and being otherwise apprised in its premises, it is

ORDERED and ADJUDGED as follows:

1.     Counts II and III of the SECOND AMENDED COMPLAINT and Count II of the SECOND AMENDED COUNTERCLAIM are dismissed with prejudice.

2.     The declaratory judgment actions contained in Count I of the SECOND AMENDED COMPLAINT and Count I of the SECOND AMENDED COUNTERCLAIM shall remain pending for the sole purpose of obtaining a declaratory judgment on the issues of (1) whether or not Tyler is entitled to full voting rights of all of the H.T.E. common stock owned by it up to 20% of the issued and outstanding stock of H.T.E. as of the date Tyler acquired those

shares; and (2) whether or not any purchaser or transferee of shares of H.T.E. common stock that had been held by Tyler (and in which Tyler was deemed not to have voting rights), but which purchaser or transferee is not affiliated with Tyler, would have voting rights in such shares, provided that such purchaser or transferee acquired such shares in a non-control share acquisition or otherwise complied with the provisions of Sec. 607.0902, *Fla. Stat. (2001)*..

3.      Each party shall bear its own attorneys' fees and costs incurred to date in or as a result of this action.

DONE and ORDERED in Chambers, Orlando, Florida, this ____ day of _____, 2002.

_____
Gregory A. Presnell
United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing order was furnished via U.S. mail, postage prepaid, to **William B. Wilson, Esq.**, Holland & Knight, LLP, 200 South Orange Avenue, Suite 2600, Orlando, FL 32802 and **John W. Foster, Sr., Esq.**, Baker & Hostetler LLP, PO Box 112, Orlando, FL 32802-0112, this _____ day of _____, 2002.

_____
Judicial Assistant

G:\Jwf0370\25944\00001\Pleadings\FEDERAL\Stip And Order Of Dismissal With Prejudice.Doc.Doc